inclusive of all of its
        co-conspirators,
        individually and in their
        official capacities, etc.,
ANDY WISE, A.K.A.,
        STEVEN ANDREW WISE, both
        individually and in his
        official capacities as an
        agent for WREG-TV, Inc.,
        The New York Times,
        et al., etc.,
THE NEW YORK TIMES, A.K.A.
        THE NEW YORK TIMES COMPANY,
        and WWW.NYT.COM,
        corporately, inclusive
        of all of its
        corporate officers and
        corporate executives,
        individually and in their
        official capacities, and
        inclusive of all of its
        co-conspirators,
        individually and in their
        official capacities, etc.,
ET AL.,

                    Defendants.



**05 - 11581 RCL**
Referred to MJ RBCollize

---

## COMPLAINT

---

        Comes now the Plaintiff, PHILLIP LACEFIELD, pro se, before

this Honorable Court, and sues defendants named above, and would state

and show for cause of action the following:

### STATEMENT OF THE CASE

        The defendants, through commission of the predicate acts of

R.I.C.O. (Racketeer Influenced and Corrupt Organizations) named infra,

constituting a pattern of racketeering activity, directly or

indirectly invest in, or maintain interest in, or participate in, an

enterprise (enterprises), the activities of which affect interstate

commerce, and that the Plaintiff was and is, in fact, injured in his

business and/or property by reason of such conduct, and that the

Plaintiff was and still is deprived of his United States of America

Constitutional Rights by reason of such R.I.C.O. conduct and

                    2

racketeering activity of the part of each of the defendants.

## PARTIES

1.  The Plaintiff PHILLIP LACEFIELD is a resident of Forrest City, Arkansas, is a citizen of the United States, and has an address of P.O. Box 3000, Forrest City, AR 72336-3000.

2.  The defendant LEASECOMM has its corporate offices located in Woburn, Middlesex County, Massachusetts, with a business address of 10-M Commerce Way, Woburn, MA 01801, and its corporate officers, corporate executives, and co-conspirators, which do or may include, but are not limited to the following, are: Thomas M. Palmer, Carol Salvo, and Richard LeTour, et al., are residents of, inter alia, the Woburn, Massachusetts area, the Chicago, Illinois area, the Memphis, Tennessee area, and the New York, New York area, and are citizens of the United States.

3.  The defendant CIT GROUP has its corporate offices located in or around, inter alia, Chicago, Illinois, with a business address of Chicago, Illinois, and its corporate officers, corporate executives, and co-conspirators, which do or may include, but are not limited to the following, are: Jason Glaum, et al., are residents of, inter alia, the Chicago, Illinois area, the Woburn, Massachusetts area, the Memphis, Tennessee area, and the New York, New York area, and are citizens of the United States.

4.  The defendant WREG-TV, INC. has its corporate offices located in Memphis, Shelby County, Tennessee, with a business address of 803 Channel 3 Drive, Memphis, TN 38103, and it corporate officers, corporate executives, and co-conspirators are residents of, inter alia, the Memphis, Tennessee area, the Woburn, Massachusetts area, the Chicago, Illinois area, and the New York, New York area, and are citizens of the United States.

5.  The defendant WORLDNOW has its corporate offices located

3

in, inter alia, New York, New York, with a business address of 747 Third Avenue, 17th Floor, New York, NY 10017, and it corporate officers, corporate executives, and co-conspirators, which do or may include, but are not limited to the following, are:  Gary Gannaway, Robert W. Mischel, George Fearon, Craig Smith, Allison Bodenmann, Sandhi Kozsuch, Todd Randak, Omar Karim, Melissa Hatter, Alan Tessler, Manavi Menon, and Ion Puspurica, et al., are residents of, inter alia, the New York, New York area, the Woburn, Massachusetts area, the Chicago, Illinois area, and the Memphis, Tennessee area, and are citizens of the United States.

6.  The defendant THE NEW YORK TIMES is has its corporate offices located in New York, New York, with a business address of 229 West 43rd Street, New York, NY 10036, and its corporate officers, corporate executives, and co-conspirators, which do or may include, but are not limited to the following, are:  Adam Liptak, and Andy Wise, et al., are residents of, inter alia, the New York, New York area, the Woburn, Massachusetts area, the Chicago, Illinois area, and the Memphis, Tennessee area, and are citizens of the United States.

7.  The defendant ANDY WISE is a resident of Cordova (Memphis), Shelby County, Tennessee, with a resident address of 8933 River Sound Drive, Cordova, TN 38108, and is a citizen of the United States, and his co-conspirators, which do or may include, but are not limited to the following, are:  Adam Liptak, Thomas Eldred, Tom New, Michelle Gors, Bob Orr, Terrell Lee Harris, Tracy Lynn Berry, Lawrence Joseph Laurenzi, Stephen Barry Shankman, Pamela Blair Hamrin, Doris Anne Randle-Holt, Joseph C. Murphy, Jr., Camille R. McMullen, Chris Cotton, Jeff Jenson, Brian A. Burns, John M. Rankin, III, Jerry Tate, Pam McKelvy, April Thompson, Mrs. Green, Green Games, Lynn Dudley, Cathy Sanborn, Larry Collins, Collins & Associates, C.P.A.'s, John Simpson, Ellen Summlears-Jones, Tim Campbell, Darlene J. Cowan,

4

Theresa D. Johnson, Ayana Mayes, Rosita C. Miller Pettis, Anthony
Flowers, Robert Thomas, Kerwin Lockett, Gina Kilgore, Gwynne Campbell,
Judy Fowler, Richard Floyd, Franklin Campbell, Raymond A. Benbow,
Tarrika Cleaves, Latasha Wilson, Beverly Austin, Jackie Pennil,
Claudia A. Betts, Mark S. Dodson, Valerie Pugh, Murray Fullner,
Marilyn E. Sellers, Tom Pruszynski, Marvin M. Cranford,
Jerry E. Mitchell, Eugene G. Douglass, Big Planet Mall, Sydnee Fox,
and Donald E. Walter, et al., are residents of, inter alia, the
Memphis, Tennessee area, the Woburn, Massachusetts area, the Chicago,
Illinois area, the New York, New York area, and the New Orleans,
Louisiana area, and are also citizens of the United States.

### JURISDICTION

8.   Jurisdiction and venue are proper in this Court, and
Jurisdiction of this Court is invoked pursuant to:

18 U.S.C. § 1962(c), 18 U.S.C. § 1962(d), R.I.C.O.;

18 U.S.C. § 1964(a), 18 U.S.C. § 1964(c), R.I.C.O.;

18 U.S.C. § 1961 et seq., R.I.C.O.;

42 U.S.C. § 1983, Civil Action for Deprivation of
Constitutional Rights;

42 U.S.C. § 1983, Bivens Action;

18 U.S.C. § 1951 et seq., Hobbs Act, Extortion, Robbery, etc.;

18 U.S.C. § 1001 et seq., Perjury, False Statements, Fraud on
the Court;

18 U.S.C. § 1341 et seq., Mail Fraud;

18 U.S.C. § 1343, Wire Fraud;

18 U.S.C. § 1331, the General Federal Question Statute;

28 U.S.C. § 2201, 28 U.S.C. § 2202, the Federal Declaratory
and Injunctive Relief Statutes, to Declare the Rights of
Parties;

5

28 U.S.C. § 1367(a), the Pendent Jurisdiction Statute;

28 U.S.C. § 1343, Civil Rights Statute;

18 U.S.C. § 3332(a), the Special Grand Jury Statute that

Mandates Presentation of Plaintiff's Evidence to a Special

Grand Jury;

28 U.S.C. § 2403(b), Constitutional Question Statute;

42 U.S.C. § 1985(2), Obstructing Justice, Intimidating Party,

Witness, or Juror;

28 U.S.C. § 1651, the All Writs Act; 5 U.S.C. § 702 et seq;

F.R.Cr.P.6(a); F.R.Civ.P.15(a); Et al., etc.

## FACTS

9.  Inter alia, defendants conspired to commit the predicate

R.I.C.O. acts, supra and infra, in violation of of the R.I.C.O.

Statutes, particularly 18 U.S.C. Section 1962(d), which states:

> It shall be unlawful for any person to conspire to violate
> any of the provisions of subsection (a), (b), or (c) of
> this section.

10.  From on or about the years 2001 through 2005, defendants,

inter alia, conspired to commit, and in fact, did commit hundreds of

predicate R.I.C.O. acts, which include, but are not limited to the

following: Wire Fraud, Mail Fraud, False Statements, Fraud on the

Court(s), Obstruction of Justice, Witness Tampering, Bank Fraud,

Money Laundering, and Extortion, all in violation of, inter alia, the

R.I.C.O. Statutes, i.e., 18 U.S.C. Section 1961 et seq., particularly

18 U.S.C. Section 1962(c), which states:

> It shall be unlawful for any person employed by or associated
> with any enterprise engaged in, or the activities of which
> affect, interstate or foreign commerce, to conduct or
> participate, directly or indirectly, in the conduct of such
> enterprise's affairs through a pattern of racketeering
> activity or collection of unlawful debt.

11.  Inter alia, these R.I.C.O. acts were committed in Court,

through the mails, through the use of the United States wires, e.g.,

internet broadcasts, television broadcasts, fax (facsimile)
transmissions, etc., in violation of, inter alia, the MAIL FRAUD
(Frauds and Swindles) and WIRE FRAUD (Fraud by Wire, Radio, or
Television) Statutes, 18 U.S.C. Sections 1341 and 1343, both predicate
felony acts of R.I.C.O., 18 U.S.C. Section 1961 et seq.

12. The R.I.C.O. acts, supra and infra, violations of
18 U.S.C. Secion 1962(c), were committed by defendants in or around
Woburn, Middlesex County, Massachusetts--within the jurisdictiion of
this Court--, as well as, inter alia, Memphis, Shelby County,
Tennessee, Chicago, Illinois, and New York, New York.

13. Inter alia, defendants' intent was to damage the
Plaintiff, inter alia, in his business and/or property, which they
succeeded in doing, invoking Federal R.I.C.O. Statute
18 U.S.C. 1964(c), which states:

> Any person injured in his business or property by reason of a
> violation of Section 1962 of this chapter may sue therefor in
> any appropriate United States district court and shall
> recover threefold the damages he sustains and the cost of the
> suit, including a reasonable attorney's fee.

14. Inter alia, Plaintiff was damaged by the defendants'
R.I.C.O. activity in that Plaintiff suffered the consequences of a
bogus judgment, which was fraudulently procured by the defendants--
through their pattern of racketeering activity, supra and infra--
against him, in the amount of over $300,000.00.

15. This fraudulently-procured judgment has, of course,
negatively affected, i.e., damaged, inter alia, Plaintiff's credit
history and credit rating, thereby causing Plaintiff's business and
property to be injured, invoking Federal R.I.C.O. Statute 18 U.S.C.
Section 1964(c), quoted supra.

16. Defendants all had knowledge of and/or participated in
the R.I.C.O. conspiracy, supra and infra, and are therefore all
co-conspirators in this R.I.C.O. conspiracy.

PAGES 8-13 OMITTED.

17. Defendants, et al., all had knowledge of and/or participated in the predicate R.I.C.O. acts, supra and infra, and are therefore, inter alia, co-participants in these R.I.C.O. enterprises and this R.I.C.O. activity, supra and infra.

18. Defendants ANDY WISE, ET AL., had a leadership/organizer role in the R.I.C.O. conspiracy and in the commission of the R.I.C.O. activity, supra and infra.

19. Defendants, et al., within the time period supra, published false and misleading statements via the internet, e.g., over the WREG-TV, Inc. website, i.e., over www.wreg.com, in furtherance of the R.I.C.O. conspiracy and commission of the predicate R.I.C.O. acts, supra and infra.

20. Defendant WREG-TV, INC., A.K.A. WREG-CHANNEL 3, the Memphis, Tennessee television and internet broadcasting station that defendant ANDY WISE is employed with, had knowledge of the false statements being published by defendants ANDY WISE, ET AL., and officially approved, permitted, allowed, and, in fact, encouraged defendants ANDY WISE, ET AL., to publish the false and misleading statements, supra and infra, over their website, i.e., www.wreg.com, in furtherance of the R.I.C.O. conpiracy and the R.I.C.O. activity, supra and infra.

21. Defendant THE NEW YORK TIMES, A.K.A. THE NEW YORK TIMES COMPANY, the owner, operator, manager, etc. of the defendant television and internet broadcasting station WREG-TV, INC., had knowledge of the false and misleading statements being published by defendants ANDY WISE and WREG-TV, INC., ET AL., and, in fact, also officially approved, permitted, allowed, and encouraged these false

14

and misleading statements, supra and infra, in furtherance of the
R.I.C.O. conspiracy and R.I.C.O. activity, supra and infra.

22. Defendant WORLDNOW, the web hosting company for defendant
WREG-TV, INC.'S website, i.e., www.wreg.com, over which these false
and misleading statements were published via the internet, in
violation of, inter alia, 18 U.S.C. Section 1343, WIRE FRAUD, had
knowledge of these internet-broadcasted false and misleading
statements, supra and infra, i.e., WORLDNOW had knowledge of the
R.I.C.O. conspiracy, and participated in the R.I.C.O. activity, supra
and infra.

23. Defendants LEASECOMM, ET AL., had a leadership/organizer
role in the R.I.C.O. conspiracy, supra and infra, and participated in
the R.I.C.O. activity, supra and infra, particularly in the
presentation of false and misleading statements to the Courts, Mail
Fraud and/or Wire Fraud, Obstruction of Justice, and/or Witness
Tampering, etc., in furtherance of the R.I.C.O. conspiracy, supra and
infra, and in violation of the R.I.C.O. Statutes, 18 U.S.C. Sections
1961 et seq., thereby injuring the Plaintiff in his business and
property by conspiring to commit and actually committing the
predicate R.I.C.O. acts, supra and infra, to, inter alia, procure a
counterfeit, confederate, bogus, and therefore unconstitutional
judgment against the Plaintiff in the amount of over $300,000.00.

24. Plaintiff has, inter alia, been damaged by the illegally-
and unconstitutionally-procured bogus judgment supra, an illegal and
unconstitional bogus judgment procured against the Plaintiff by the
defendants and co-conspirators, et al., through their R.I.C.O.
conspiracy to commit and through the actual commission of the

15

multiple predicate felony R.I.C.O. acts, supra and infra.

25. The R.I.C.O. activity, supra and infra, is continuing to be committed by the defendants and co-conspirators, et al.--even up to the date of this filing--, and therefore also poses a real threat of continuity.

26. All of the defendants and co-conspirators, et al., are jointly and severally liable to the Plaintiff, et al., for all of the damages suffered by the Plaintiff, et al., supra and infra, due to the R.I.C.O. conspiracy and R.I.C.O. activity, supra and infra.

27. The predicate R.I.C.O. acts of the defendants and co-conspirators, et al., form a pattern of racketeering activity.

28. R.I.C.O. enterprises exist in the instant case because the predicate R.I.C.O. acts, supra and infra, are related and there is a threat that these predicate felony R.I.C.O. acts will continue.

29. Threre are or may be other co-conspirators and/or defendants in this R.I.C.O. conspiracy, supra and infra, which will or may be named at a later time, pursuant to full and complete discovery.

30-44. Omitted.

45. As a direct result of the defendants' R.I.C.O. activity, supra and infra, Plaintiff's guaranteed Constitutional Due Process Rights have been denied him. A state denies a defendant due process rights when it knowingly uses perjured testimony or allows untrue testimony to go uncorrected. Creel v. Johnson, 162 F.3d 385, 391 (5th Cir. 1998)(citations omitted).

46. Persons have the rights to be free from capricious

16

prosecution, i.e., those prosecutions procured through false and misleading information and is actionable under section 1983. Mastroianni v. Bowers, 160 F.3d 671, 682-683 (11th Cir. 1998).

47. In Rozier v. Ford Motor Co., 573 F.2d 1332 (5th Cir. 1978), the court summarized the doctrine of fraud on the Court as follows:

> Generally speaking, only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated will constitute fraud on the court.

Id., at 1338 (citations omitted).

48. A prosecutor must be disinterested. Clearwater-Thompson v. Michael A. Grassmueck, 160 F.3d 1236 (9th Cir. 1998).

49. All of the injuries suffered by the Plaintiff, supra, were proximately caused by the defendants. I.e., there is a direct relationship between the injuries suffered by the Plaintiff and the injurious RICO conduct of the defendants, which was intentional and deliberate, with forethought, and with the intent of causing, inter alia, intentional infliction of emotional distress on the Plaintiff and Plaintiff's family.

50. Predicate RICO acts constituted the defendants' RICO conduct, pursuant to 18 U.S.C. § 1961 et seq., RICO.

51. Plaintiff was directly injured by the RICO conduct of the defendants. I.e., Plaintiff was not a third party victim.

52. Plaintiff was a direct VICTIM of the defendants' RICO conduct.

17

53. Only the RICO conduct of the defendants proximately caused the resulting injuries suffered by the Plaintiff.

54. The injuries suffered by the Plaintiff, supra, were caused by reason of the violations of 18 U.S.C. § 1961 et seq., RICO.

55. The Courts, et al., supra, reasonably relied on the false, untrue and/or misleading information presented to them supra to be accurate and truthful, but it was not accurate nor truthful, thereby causing Plaintiff Lacefield to be injured, inter alia, in his business and/or property, supra and infra.

56. This reliance, supra, suffices to show proximate causation.

57. Even if this reliance were not present, the Plaintiff's business and person were targeted by the fraudulent statements of the defendants, supra, for the Court, et al., to rely on. See Proctor and Gamble Co. v. Amway Corp., 242 F.3d 539 (5th Cir. 2001).

58. The timeline supra firmly establishes the defendants' pattern of racketeering activity, supra and infra.

59. Plaintiff is pursuing this legal action with diligence.

60. Offices of public officials can be R.I.C.O. enterprises. See United States v. McDade, 827 F.Supp. 1153, 1181 (E.D.Pa. 1993)(Clerk of Courts).

61. The R.I.C.O. statute of limitations is four (4) years. Agency Holding Corp. v. Malley-Duff, 107 S.Ct. 2759 (1987).

18

62.   The R.I.C.O. elements in the instant action are:

    a.   The conduct, the predicate acts of RICO,

    b.   by an (association-in-fact) enterprise,

    c.   through a pattern

    d.   of racketeering activity,

    e.   which causes injury to plaintiff's business
or property.  For the above five (5) elements of R.I.C.O.,
see Grimmett v. Brown, 75 F.3d 506, 510 (9th Cir. 1996).

63.   [A] district court has no authority to depart from
the requirements of the Federal Rules of Criminal Procedure.
United States v. McVeigh, 931 F.Supp. 753, 755 (D.Colo. 1996)
quoting Carlisle v. United States, 116 S.Ct. 1460, 1461 (1996).

64.   RICO encompasses both legitimate and illegitimate
enterprises.  See United States v. Turkette, 452 U.S. 576
(1981).  So, even though the defendants presumedly run
legitimate enterprises, they are still qualified as RICO
defendants.

65.   There is a person/enterprise distinction concerning
the defendants, i.e., there is a distinction between the RICO
"persons" and the RICO "enterprise(s)."  See River City Markets,
Inc. v. Fleming Foods West, Inc., 960 F.2d 1458 (9th Cir. 1992).

66.   With regard to the person/enterprise distinction,
the defendants can associate with a group of which he is a
member while the member and the group remain distinct.  See
Riverwoods Chappaqua Corp. v. Marine Midland Bank, N.A.,
30 F.3d 339 (3rd Cir. 1995).

67.   Although a RICO enterprise need not be economically

19

motivated, in the instant claim, the defendants, et al., were economically motivated. See National Organization for Women, Inc. v. Scheidler, 510 U.S. 249 (1993).

68. The defendant persons named, individually and in their official capacities, participate(d) in the operation and/or management of the enterprise(s) itself, thereby making themselves liable under 18 U.S.C. § 1964(c) of the RICO statutes. See Reves v. Ernst & Young, 507 U.S. 70 (1993).

69. The factors of continuity plus relationship, infra and supra, combine to produce a pattern of racketeering activity on the part of the defendants. See H.J. Inc. v. Northwestern Bell Tele. Co., 492 U.S. 299 (1989).

70. There is also a distinction between the RICO enterprise and the racketeering activity of the defendants. I.e., the defendant members of this RICO enterprise are, in fact, linked by more than their participation in the same pattern of racketeering activity. See McDonough v. National Home Ins. Co., 108 F.3d 174 (8th Cir. 1997).

71. The defendants' racketeering activities are a substantial factor in the chain of causation that led to Plaintiff Lacefield's losses.

72. And, Plaintiff's losses were reasonably foreseeable consequences of the defendants' racketeering conduct. See Lerner v. Fleet Bank, 318 F.3d 123 (2003).

73. Defendants LEASECOMM, CIT GROUP, WREG-TV, INC., WORLDNOW, and THE NEW YORK TIMES are, in fact, association-in-fact R.I.C.O. enterprises,

in the meaning of the RICO statutes, 18 U.S.C. § 1961 et seq., and in the instant complaint, claim, and legal civil action, RICO enterprises out of which the RICO person, i.e., the individual defendants, operate, with the following association-in-fact enterprise characteristics:

a.   The individual defendants are all RICO persons distinct from these RICO enterprises, and are not the RICO enterprises; they are only the persons directing the affairs in, participating in, and associated with these RICO enterprises.

b.   Each of the individual defendants are a "person," and together they form an association-in-fact "enterprise."

c.   The organization to which all the individual defendants belong is the association-in-fact RICO "enterprise," through which they have conducted the, supra and infra, racketeering activity.

d.   All of the individual defendants are persons employed by or associated with these RICO enterprises, and are all therefore liable under the RICO statutes, both individually and in their officials capacities as agents for these association-in-fact RICO enterprises.

e.   While some distinction between the "enterprise" and the "person" exists, these individual RICO defendants are all "affiliated" with these RICO enterprises, thereby making them all legally liable.

f.   The defendants' felonious RICO activity demonstrates

21

an ongoing and coordinated behavior among the defendants that constitutes an association-in-fact RICO enterprise.

g.   The behavior of the defendants is coordinated, such that they function as a continuing unit.

h.   There is an organizational structure existing between the entities involved.

i.   There exists a "chain of command" or "hierarchy" composing the organizational structure of this association-in-fact RICO enterprise.

j.   The defendants' felonious RICO activities are ongoing, even into the present, and are obviously coordinated by the defendants functioning in a managerial and/or advisory role.

k.   The intent of these association-in-fact RICO enterprises was and is to defraud the Plaintiff, to defraud the public, and to defraud the Court, supra and infra.

l.   The RICO activity of the defendants was a ploy and a conspiracy to extort money and other property from the Plaintiff.

m.   These association-in-fact RICO enterprises and their affiliates are continuing to defraud, extort, and commit other felonious predicate acts of RICO, and are not merely an ad hoc collection of individuals who temporarily joined forces.

n.   All of the defendants engage in ongoing coordinated behavior that constitutes association-in-fact RICO enterprises.

o.   Therefore, all of the defendants function (and still

22

function) as continuous units which have an ascertainable organizational structure.

     p. These stable and fluid entities are sufficient to constitute association-in-fact RICO enterprises.

     q. As part of these structured RICO enterprises, these RICO defendants performed roles separate from the predicate acts themselves.

     r. The defendants are guilty of the RICO predicate act of wire fraud because the following elements have been satisfied, in violation of 18 U.S.C. § 1343, because:

     (1) They formulated a scheme or artifice to defraud,

     (2) They used the United States wires, or caused a use of the United States wires in furtherance of the scheme,

     (3) They demonstrated specific intent to deceive and defraud, and

     (4) There was a detrimental reliance upon the fraudulent conduct of the defendants in the instant case.

     s. The defendants are guilty of the RICO predicate act of mail fraud because sufficient proof has established that the elements of the mail fraud statute, 18 U.S.C. § 1341, has likewise been satisfied, supra and infra.

     t. The defendants' use of the mails was a "step in the plot" and an "incident to an essential part of the scheme."

     u. The defendants did (and still do), in fact, employ the use of the United States wires, including, but not limited to, telephone wires for telephone calls, telephone wires for facsimile (fax) transmissions, telephone wires and cable wires

for internet use, inter alia, to carry out their routine activities.

 v. The defendants did (and still do) also employ the use of the mails to carry out their routine activities.

 w. The defendants' myriad use of the (FCC) United States wires and mails--which appear to be RICO acts in and of themselves--were (and still are) used to further promote their other predicate acts of RICO, such as extortion, obstruction of justice, fraud on the Court, conspiracy to commit fraud, et al.

 x. The fraudulent intent of the defendants was to, inter alia, ruin the Plaintiff financially--which they did, by employing the aforementioned racketeering activity.

 y. These association-in-fact R.I.C.O. enterprises, worked (and still work) together to accomplish what they were intending to do, which is to, inter alia, ruin the Plaintiff financially, i.e., causing damages to, inter alia, his business(es) and/or property.

 74. Et al.; inter alia, including LEGAL CLAIMS, supra and infra, et al.

## LEGAL CLAIMS

75.   Inter alia, Plaintiff has been deprived of his liberty and property in the obstruction-of-justice R.I.C.O. conspiracy described herein.

76.   The U.S. Constitution itself may give rise to a protected liberty interest. Asquith v. Volunteers of America, 1 F.Supp. 2d 405, 410 (D.N.J. 1998). See, e.g., Washington v. Harper, 110 S.Ct. 1028 (1990).

77.   [F]ederal regulations...must me characterized as "law" under 1983. Boatman v. Hammons, 164 F.3d 286, 289 (6th Cir. 1998); 42 U.S.C. § 1985.

78.   [A] prospective violation of a constitutional right constitutes irreparable injury. Ross v. Meese, 818 F.2d 1132, 1135 (4th Cir. 1987).

79.   Employees can conspire with their own corporation. United States v. Hartley, 678 F.2d 961 (11th Cir. 1982).

80.   A government entity may constitute an "enterprise" within the meaning of R.I.C.O. United States v. Freeman, 6 F.3d 586 (9th Cir. 1993).

81.   A direct link to injury may be overly restrictive. Khurana v. Innovative Health Care Systems, Inc., 130 F.3d 143, 151 (5th Cir. 1997).

25

82. Plaintiff's due process rights were denied, in violation of the Amendment 5, The Constitution of the United States of America, i.e.,

> No person shall...be deprived of life, liberty, or property, without due process of law...

83. Plaintiff's Sixth Amendment Rights, U.S. Constitution, were denied him, in violation of the 6th Amendment.

84. Plaintiff's Eighth Amendment Rights, U.S. Constitution, were denied him, in violation of the 8th Amendment.

85. Conpirators/defendants and/or co-conspirators, et al., are in violation of the Hobbs Act.

86. Under the Declaratory Judgment Act, 28 U.S.C. 2201 a plaintiff may seek declaratory relief before actual harm occurs if he has a reasonable apprehension of that harm occurring. As the Tenth Circuit Court of Appeals observed in ANR Pipeline v. Corporation Commission of Oklahoma, 860 F.2d 1571, 1578 (10th Cir. 1988):

> Parties need not...await the imposition of penalties under an unconstitutional enactment in order to assert their constitutional claim for an injunction in federal court. Once the gun has been cocked and aimed and the finger is on the trigger, it is not necessary to wait until the bullet strikes to invoke the Declaratory Judgment Act.

87. [A] plaintiff may seek declaratory relief before actual harm occurs if he has a reasonable apprension of that harm occurring. United States v. Colorado Supreme Court, 87 F.3d 1161, 1166 (10 Cir. 1996).

88. Plaintiff has a Constitutional right to engage in the common occupations of life. See e.g., State of Texas v.

26

Thompson, 70 F.3d 390, 392 (5th Cir. 1995)(liberty interest in operating a legitimate business).

89.   The liberty protected by the due process clause of the Fourteenth Amendment encompasses an individual's freedom to work and earn a living.  Bollow v. Federal Reserve Bank of San Francisco, 650 F.2d 1093, 1100 (9th Cir. 1981).

90.   The Fourteenth Amendment...encompasses freedom to engage in any of the common occupations of life.  Donato v. Plainview-Old Bethpage Cent. School Dist., 96 F.3d 623, 630 (2nd Cir. 1996).

91.   The Plaintiff's Fourteenth Amendment Rights, as well as his other Constitutional Rights, supra, were denied by the defendants, in violation of The U.S. Constitution.

92.   The behavior of the defendants named herein has been recognized as violative of federal criminial law as well since prior to World War II:

> The indictment names as defendants Manton, Spector, Fallon, Lotsch and Davis, and alleges that they, together with Archie M. Andrews, now deceased, Alfred F. Reilly and Almon B. Hall, and divers other persons to the grand jurors unknown,conspired to commit offenses against the United States, to wit:  corruptly to endeavor to influence, obstruct and impede the due administration of justice in suits pending before certain courts of the United States; and to defraud the United States of and concerning its right to have the lawful functions of the judicial power of the United States exercised and administered free from unlawful impairment and obstruction, and more particularly its right to the conscientious, faithful, disinterested and unbiased judgment and action of the defendant Manton as the Senior Circuit Judge of the United States Circuit Court of Appeals for the Second Circuit free from corruption, partiality, improper influence, bias, dishonesty and fraud.
>
> United States v. Manton, 107 F.2d 834 (2nd Cir. 1938).

27

93.  Conpirators/defendants and/or co-conspirators, et al., are known to have participated in similar R.I.C.O. activity, supra and infra, in the past.

94.  Defendants have left a "paper trail" of racketeering activity, et al., inter alia.

95.  Defendants conspired together to damage Plaintiff, in violation of 18 U.S.C. § 1962(d), committing multiple acts of racketeering, in violation of 18 U.S.C. § 1962(c), thereby giving Plaintiff standing to sue under 18 U.S.C. § 1964(c), which states:

> Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee.

96.  Defendants ANDY WISE and WREG-TV, INC. are still liable for and therefore still owe Plaintiff Lacefield Ten Million Dollars ($10,000,000.00) from the civil lawsuit CT-002736-01, that Plaintiff, i.e., Plaintiff's Attorney, was extorted, coerced, and forced into getting dismissed--as a direct result of the R.I.C.O. activity of the defendants/conspirators and co-conspirators, et al.

97.  Plaintiff has standing under the R.I.C.O. Statutes because, inter alia, the injuries caused him by the defendants/ conspirators and/or co-conspirators, et al., proximately caused a Bivens action.  Gardens Office Bldg. Inc v. Barnett Banks of Florida, Inc., 140 F.3d 898 (11th Cir. 1998).

98.  R.I.C.O. enterprise exists when predicate acts are related and/or there is a threat that the predicate acts will continue.  Corley v. Rosewood Care Center, Inc. of Peoria, 142 F.3d 1041 (7th Cir. 1998).

99.  Two or more acts of mail fraud, that are related and/or continuous or pose a threat of continuity, constitutes R.I.C.O.  United States v. Alkins, 925 F.2d 541, 555 (2nd Cir. 1991); Kehr Packages Inc. v. Fidelcor Inc., 926 F.2d 1406 (3rd Cir. 1991).

100.  Several uses of wire or mail fraud can be in pursuance of but one single criminal enterprise.  United States v. Busacca, 936 F.2d 232, 239 (6th Cir. 1991).

101.  The First Amendment, U.S. Constitution, guarantees the right "to petition the government for redress of grievances."  Eastern R.R. Presidents Conference v. Noerr Motor Freights, Inc., 81 S.Ct. 523 (1961) and California Motor Transport Co. v. Trucking Unlimited, 92 S.Ct. 609 (1972) hold that the Petition Clause protects people's rights to make their wishes and interests known to government representatives in the

29

legislature, judiciary, and executive branches. Noerr Motor
Freight, Inc., 81 S.Ct. at 530-531, Trucking Unlimited, 92 S.Ct.
at 611-612. See also McDonald v. Smith, 105 S.Ct. 2787, 2789
(1985)(noting that James Madison in congressional debate on
petition clause made clear that people have the right to
communicate their will through direct petitions to the
legislature and government officials)(which would include the
government officials in charge of the federal grand jury).
See also Faretta v. California, 95 S.Ct. 2525 (1975).

102.  [T]he basic concepts of equal protection apply to
the federal Government through the due process clause of the
Fifth Amendment. United States v. Hawes, 529 F.2d 472, 477
(5th Cir. 1976).

103.  Equal protection of the law requires that persons
similarly circumstanced be treated alike. Reed v. Reed, 404
U.S. 71, 76, 92 S.Ct. 251 (1971).

104.  The right to access to the courts is a fundamental
right protected by the Constitution. See Chambers v. Baltimore
and Ohio R.R. Co., 28 S.Ct. 34, 35 (1907). See also Straub v.
Monge, 815 F.2d 1467, 1470 note 5 (11th Cir. 1987). The court
in Jackson v. Procunier, 789 F.2d 307 at 311 recalled that:

> in Chambers v. Baltimore & Ohio Railroad Co., [footnote
> omitted] the Supreme Court recognized this right of
> access in the context of a diversity tort suit, founding
> the right on the privileges and immunities clause, and
> stating:  'The right to sue and defend in the courts is
> the alternative of force.  In an organized society it is
> the right conservative of all other rights, and lies at
> the foundation of orderly government.  It is one of the
> highest and most essential privileges of citizenship...

30

granted and protected by the federal constitution.'
[Footnote omitted.]

105.    There is a presumed availability of federal
equitable relief against threatened invasions of constitutional
interests.  Hubbard v. EPA, 809 F.2d 1, 11 (D.C. Cir. 1986)
(citation omitted).

106.    Section 1961(5) provides that a '"pattern of
racketeering activity" requires at least two acts of racketeer-
ing activity, one of which occurred after [October 15, 1970]
and the last of which occurred within ten years...after the
commission of a prior act of racketeering activity.'  18 U.S.C.A.
§ 1961(5)(West 1984).  The statute provides a list of numerous
state and federal offenses that can be charged as predicate
acts of racketeering, including obstruction of justice,
18 U.S.C.A. § 1961(1)(A) and (D)(West Supp. 1995).

107.    The forfeiture proceedings as applied in the
Plaintiff's federal forfeiture case were unconstitutional, both
on their face and as applied.

> Law has reached its finest moments when it has freed man
> from the unlimited discretion of some ruler, some civil
> or military official, some bureaucrat.  Where discretion
> is absolute, man has always suffered.  At times it has
> been his property that has been invaded; at times, his
> privacy; at times, his liberty of movement; at times,
> his freedom of thought; at times, his life.  Absolute
> discretion is a ruthless master.  It is more destructive
> than any of man's inventions.
>
> United States v. Wunderlich, 72 S.Ct. 154 (1951)
> (Jackson dissenting).

108.    Criminal forfeiture is a farrango of injustices
sanctified by tradition.  Fried, Rationalizing Criminal

31

Forfeiture, 79 Journal of Criminal Law and Criminology 328, 331 (1988).

109.    "The fictions of in rem forfeiture were developed primarily to expand the reach of the courts." Republic Nat. Bank of Miami v. United States, 113 S.Ct. 554, 559 n. 9 (1992) (emphasis added).

110.    The forfeiture of Plaintiff's funds, in forfeiture proceedings orchestrated by defendants/conspirators and/or co-conspirators, as a direct result of the R.I.C.O. activity of the defendants/conspirators and/or co-conspirators, et al., is, inter alia, an act of ROBBERY, in violation of 18 U.S.C. Section 1951 et seq., RACKETEERING, which also violates the Hobbs Act, and is a predicate act of racketeering under R.I.C.O., in violation of 18 U.S.C. Section 1961 et seq., RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS.

111.    [A] district court has no authority to depart from the requirements of the Federal Rules of Criminal Procedure. United States v. McVeigh, 931 F.Supp 753, 755 (D.Colo. 1996) quoting Carlisle v. United States, 116 S.Ct. 1460, 1461 (1996).

112.    Inter alia, supra and infra, including any and all FACTS supra, et al.

113.    Plaintiff's constitutional violations, supra, are quite clearly described, supra. It is a violation of due process for a government entity to collect forfeitures in order to benefit by its own conduct. See e.g., Tumey v. Ohio, 47 S.Ct. 437 (1927).

32

114.    That the defendants will keep the money seized
from Plaintiff's bank accounts, supra, without federal court
intervention is not a reasonable apprehension, it is a
certainty, and, inter alia, in violation of the Eighth
Amendment and the recent Supreme Court decision in United
States v. Bajakajian, 118 S.Ct. 2028 (1998).

115.    That this conspiracy appears to have been
willingly and knowingly joined into by the
defendants/conspirators and/or co-conspirators, et al.,
particularly in conspiring to deprive the Plaintiff of his
due process rights.  See e.g., 18 U.S.C. Section 1503
(the Obstruction of Justice Statute).

116.    Part of this court's authority pursuant to both
its authority under 18 U.S.C. § 1964(a) and its own innate
authority as a federal judge is the authority to convene a
federal grand jury.  See F.R.Cr.P.6(a), United States v.
Christian, 660 F.2d 892, 900 (3rd Cir. 1981).

117.    Sovereign immunity is waived in 5 U.S.C. § 702 and
28 U.S.C. § 1331 suits.  The Presbyterian Church (U.S.A.) v.
United States, 870 F.2d 518, 525 note 9 (9th Cir. 1989), Church
of Scientology Int'l v. Kolts, 846 F.Supp. 873, 879 (C.D.Cal.
1994).

118.    Immunity does not extend, to actions for
prospective injunctive relief.  Ashelman v. Pope, 793 F.2d
1072, 1075 (9th Cir. 1986)(citations omitted).

119.    Plaintiff has standing under the R.I.C.O. statutes
because the injuries caused him by the defendants were, inter

33

alia, to his business and/or property, i.e., as stated, supra:

> The defendants, through commission of the predicate acts
> of RICO (Racketeer Influenced and Corrupt Organizations)
> named infra, constituting a pattern of racketeering
> activity, directly or indirectly invest in, or maintain
> interest in, or participate in, an enterprise
> (enterprises), the activities of which affect interstate
> commerce, and that the Plaintiff was and is, in fact,
> injured in his business and/or property by reason of
> such conduct...

120.  Plaintiff has standing under 42 U.S.C. § 1983
because, inter alia, his constitutional rights, supra, have
been violated and denied by the defendants.

121.  Plaintiff has standing under the other named
statutes, et al., to bring this lawsuit against the defendants,
and to request the relief now requested, inter alia, et al.

## RELIEF REQUESTED

122.  That this Court order defendants/conspirators
and/or co-conspirators, et al., to Show Cause why they
should not be
disciplined.  See United States v. Hastings, 103 S.Ct. 1974,
1979 n. 5 (1983).

123.  Trial by jury on all issues triable by jury.

124.  Compensatory, general, and special damages from
the defendants in the amount of One Hundred Million Dollars
($100,000,000.00) each, and

125.  Punitive damages from the defendants in the
amount of One Hundred Million Dollars ($100,000,000.00) each.

126.  Leave to amend this Complaint, pursuant to
F.R.Civ.P. 15(a), once discovery in this action has been
completed.

34

127.  A declaration, pursuant to 28 U.S.C. Section 2201, holding that the actions of the defendants/conspirators and/or co-conspirators, et al., violate the Constitutional rights of the Plaintiff.

128.  Return of, inter alia, all the money, i.e., funds, confiscated from the Plaintiff's bank accounts, by the defendants/conspirators and/or co-conspirators, et al., in federal court actions, along with all accrued interest.

129.  An order holding void the "judgment" or "judgments" in federal court actions against Plaintiff.

130.  Declaratory relief, pursuant to 28 U.S.C. Section 2201, that pro se litigants are entitled to the same benefit of general law as members of the bar.

131.  Injunctive relief, pursuant to 28 U.S.C. Section 2202, prohibiting any Judges and/or Courts from discriminating against pro se litigants in rulings and court proceedings.

132.  An Order, pursuant to 18 U.S.C. Section 1964(a), appointing a Special Master to oversee the activities of the defendants/conspirators and/or co-conspirators, et al., until they can learn to comport themselves in accord with federal constitutional principles.

133.  That this Court convene a federal grand jury, pursuant to F.R.Cr.P.6(a), to investigate the crimes complained of herein.

134.  That Plaintiff be allowed to present his evidence to a special grand jury, pursuant to the provision of 18 U.S.C. Section 1332(a).

135.  That all defendants/conspirators and/or co-conspirators, et al., be sanctioned by this Court for their

aforementioned named offenses, supra and infra.

136.  That a special prosecutor be appointed, a prosecutor uncontaminated by any association with any of the prosecutorial officers in the Sixth Circuit, to present Plaintiff's evidence to the special grand jury.

137.  That each and every defendant/conspirator and co-conspirator be ordered to pay treble damages, supra, i.e., Six Hundred Million Dollars ($600,000,000.00), corporately, inclusive of all of its corporate officers and corporate executives, individually and in their official capacities, and inclusive of all of its co-conspirators, individually and in their official capacities, etc., for a total of One Billion and Two Hundred Million Dollars ($1,200,000,000.00) per each defendant/conspirator and co-conspirator, immediately, to the Plaintiff, pursuant to 18 U.S.C. Section 1964(c), quoted supra.

138.  That defendants pay for the cost of the suit, including a reasonable attorney's fee.

139.  That defendants ANDY WISE and WREG-TV, INC. be ordered to immediately pay Plaintiff Lacefield Ten Million Dollars ($10,000,000.00) each, from the civil lawsuit CT-002736-01, pursuant to their liability to Plaintiff discussed supra.

140.  That, since Plaintiff's damages continue to accrue, that all defendants be ordered by this Court to pay to Plaintiff each first day of every month, on time, damages amounting to One Million Dollars ($1,000,000.00) per month, starting from the

date of this filing, i.e., July 8, 2005.

141.   That ALL defendants be ordered by this Court to
IMMEDIATELY post cash or surety bonds sufficient enough to secure
the payment of each defendant's liabilities and damages due to
Plaintiff named supra, i.e., that EACH defendant be ordered by
this Court to IMMEDIATELY post cash or surety bonds to secure
the payment of at least One Billion and Two Hundred Million
United States Dollars ($1,200,000,000.00) to the Plaintiff.

142.   WHEREFORE, ALL PREMISES CONSIDERED, the Plaintiff
demands judgment against the defendants for damages named supra
and such other relief as this Court deems just.

143.   The Plaintiff DEMANDS a trial by jury.

Respecfully submitted,

DATED:   July 8, 2005.

_Phillip Lacefield_

PHILLIP LACEFIELD, Pro se
18183-076
FCC Forrest City
P.O. Box 3000
Forrest City, Arkansas 72336-3000
870-630-6000

37