FILED
CLERKS OFFICE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS  SEP 15 P 2: 40

U.S. DISTRICT COURT
DISTRICT OF MASS

PHILLIP LACEFIELD,
    Plaintiff,

V.

LEASECOMM, ET AL.,
    Defendants.

Civil Action

No.: 1:05-cv-11581-RCL

**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (JUDGMENT BY DEFAULT) AND/OR SUMMARY JUDGMENT AGAINST DEFENDANTS, WITH INCORPORATED MEMORANDUM OF LAW IN SUPPORT**

Comes now the Plaintiff, PHILLIP LACEFIELD, Pro se, and moves this Honorable Court, pursuant to, inter alia, F.R.Civ.P.55, F.R.Civ.P.56, F.R.Civ.P.3, to enter an **ORDER** for **Default Judgment** (Judgment by Default) and/or summary judgment in favor or the Plaintiff and against all defendants who have not answered the instant complaint and/or who have not responded as required to the summons(es) in the instant case within the time specified in the instant summons(es), i.e., **"within TWENTY (20) days after service of this summons** upon you, exclusive of the day of service," and by **ORDER** of this Honorable Court, and would state facts and show this Honorable Court **good Cause** for these actions, as follows:

    1. On **August 4, 2005**, **The Honorable REGINALD C. LINDSAY, UNITED STATES DISTRICT JUDGE** issued **ORDERS** that, inter alia:

        a. "The Clerk shall issue summonses and the United States Marshal serve a copy of the complaint, summons and this order as directed by the plaintiff with all cost of service to be advanced by the United States? Yes X, X as to all defendants."

1

and

    b.  "If the defendant(s) have been served with a summons and complaint, are the **defendant(s) required to reply within the time specified in the summons**? Yes X, X as to all defendants."

    2.  On August 10, 2005, these **ORDERS** were filed and a Summons was Issued as to defendants Andy Wise, The New York Times Company, Leasecomm, CIT Group, WREG-TV, Inc., and Worldnow. And, the Clerk hand-delivered these summonses to the United States (U.S.) Marshal Service with a copy of the complaint and the court orders supra.

    3.  In the defendants' motion, i.e., <u>MOTION OF WREG-TV, INC., WORLDNOW, ANDY WISE, AND THE NEW YORK TIMES COMPANY FOR AN EXTENSION OF TIME TO RESPOND TO THE COMPLAINT</u>, the above named defendants ("By their attorneys") state that:

> ...the above named defendants [i.e., WREG-TV, INC., WORLDNOW, ANDY WISE, AND THE NEW YORK TIMES COMPANY] state that each of them first learned of the Complaint in this matter in mid to late August of 2005, and that their counsel first saw the Complaint on September 1, 2005.

    4.  I.e., one or more of the above named **defendants were served** with their summons(es) and a copy of the complaint by the U.S. Marshal Service on or about **August 15, 2005**.

    5.  The **SUMMONS IN A CIVIL CASE**, in the instant civil action clearly states TO each defendant:

> **YOU ARE HEREBY SUMMONED and required to serve** upon PLAINTIFF'S ATTORNEY (name and address)
>
> PHILLIP LACEFIELD, Pro se
> 18183-076
> FCC Forrest City
> P.O. Box 3000
> Forrest City, Arkansas 72336-3000
>
> **an answer to the complaint which is herewith served upon you, within     TWENTY (20)     days after service of this summons upon**

2

you, exclusive of the day of service. **If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.** You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

6. All of the defendants, including those named above, were notified by service of the summons(es) described supra that they were **required to answer the complaint within twenty (20) days after service of the summons(es),** exclusive of the date of service.

7. I.e., all of the served defendants, including those defendants named supra, are **bound** by the time specified, i.e., that "the defendant(s) [are] required to reply within the time specified in the summons" as **ORDERED** by this Honorable Court, and they are not at liberty to establish their own time schedule in which they can casually answer the instant complaint and respond to the instant summons(es) at their leisure.

8. To date, the defendants, including those defendants named supra, have not answered the instant complaint within the specified time **required,** pursuant to the summons(es) **ORDERED** by this Honorable Court, **ISSUED** by the Clerk of this Court, **and SERVED** upon them by the United States Marshal Service.

9. All of the defendants, including those defendants named supra, have had plenty of time--at least twenty (20) days--to answer the instant complaint and/or respond to the summons(es) **ORDERED** by this Honorable Court, **ISSUED** by the Clerk of this Court, **and SERVED** upon them by the United States Marshal Service.

10. The defendants, including those defendants named supra, have offered no good reason to this Honorable Court or to the Plaintiff for

not anwswering the instant complaint and/or for not responding to the summons(es) **within the twenty (20) days required in the summons(es)** and by **ORDER** of this Honorable Court (see # 1.b. supra).

11.  Apparently, the defendants, including those defendants named supra, have not and do not take seriously their **Summonses, ORDERED** by this Honorable Court, **ISSUED** by the Clerk of THE UNITED STATES DISTRICT COURT, FOR THE DISTRICT OF MASSACHUSETTS, **and SERVED** upon them by the United States Marshal Service.

12.  Apparently, the defendants, including those defendants named supra, have not and do not take seriously the **ORDERS** of **The Honorable REGINALD C. LINDSAY, UNITED STATES DISTRICT JUDGE.**

13.  Apparently, the defendants, including those defendants named supra, who have not answered the instant complaint within the twenty (20) days required in the summons(es), have not obeyed the **ORDERS** of this Honorable Court and are therefore also **in contempt of Court.**

14.  **Rule 55. Default/Title VII. Judgment/Federal Rules of Civil Procedure** states that:

> (a) ENTRY. When a party against whom a judgment for affirmative relief is sought **has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise,** the clerk shall enter the party's default.
>
> (b) JUDGMENT. Judgment by default may be entered as follows:
>
> (1) *By the Clerk.* When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if **the defendant has been defaulted** for failure to appear and is not an infant or incompetent person.

4

> (2) *By the Court*. In all other cases the party **entitled to a judgment by default** shall apply to the court therefor;

15.     **Rule 56. Summary Judgment/Title VII. Judgment/Federal Rules of Civil Procedure** states that:

> (a) FOR CLAIMANT. **A party seeking to recover upon a claim**, counterclaim, or cross-claim or to obtain a declaratory judgment **may, <u>at any time after the expiration of 20 days from the commencement of the action</u>** or after service of a motion for summary judgment by the adverse party, **move with or without supporting affidavits for a summary judgment in the party's favor upon all or any part thereof.**

and

> (c) MOTION AND PROCEEDINGS THEREON. The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. **The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.** A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

16.     **Rule 3. Commencement of Action/Title II. Commencement of Action; Service of Process, Pleadings, Motions, and Orders/Federal Rules of Civil Procedure** states that:

> A civil action is commenced by filing a complaint with the court.

17.     This instant civil action was commenced on July 22, 2005, by filing the instant complaint with the court on July 22, 2005.

18.     This date of this response/motion <u>is</u> "after the expiration of 20 days from the commencement of the action."

19.     The defendants, including those name supra, who have <u>not</u> to date answered the instant complaint and responded to their instant summons(es) are in default, because, inter alia,

5

    a.    They have **failed to plead or otherwise defend againt the plaintiff's claim(s)** in the instant complaint, i.e., they have failed to answer the instant complaint within the twenty (20) days required in their summons(es) (see, inter alia, F.R.Civ.P.55(a) supra), and

    b.    They have **failed to comply with the ORDERS of this Honorable Court**, issued on August 4, 2005.

    20.    The Plaintiff is therefore **entitled to** the entering of a **Default Judgment** (Judgment by Default) and/or a Summary Judgment against the defendants supra by this Honorable Court and/or the Clerk of this Court, pursuant to, inter alia, F.R.Civ.P.55, F.R.Civ.P.56, and F.R.Civ.P.3 quoted supra, for, inter alia, the defendants' failures discussed supra.

### INCORPORATED MEMORANDUM OF LAW IN SUPPORT

    21.    A **Default Judgment** (Judgment by Default) and/or a Summary Judgment for the Plaintiff and against the defendants supra should be granted by this Honorable Court because, inter alia, including the facts and discussion presented supra, pursuant to the Plaintiff's instant complaint, and pursuant to the Plaintiff's instant claims, there exists no genuine issue of material fact and the Plaintiff (the movant) is entitled to previal as a matter of law.  See <u>Brockton Savings Bank v. Peat, Marwick, Mitchell & Co.</u>, 771 F.2d 5 (1st Cir. 1985), <u>American Metals Service Export Co. v. Ahrens Aircraft Inc.</u>, 666 F.2d 718 (1st Cir. 1981), <u>Fuller Co. v. Ramon I. Gil Inc.</u>, 782 F.2d 306 (1st Cir. 1986), <u>Ellis v. Liberty Life Assurance Co. of Boston</u>, No. 03-20623 (5th Cir. 11/19/2004), <u>Missouri Housing Development</u>

Commission v. Brice, 919 F.2d 1306 (8th Cir. 1990), and <u>Federal Kemper Life Assurance Co.v. Ellis</u>, 28 F.3d 1033 (10th Cir. 1994).

    22.   WHEREFORE, ALL PREMISES CONSIDERED, Plaintiff PHILLIP LACEFIELD respectfully moves this Honorable District Court to enter an **ORDER** for **Default Judgment** (Judgment by Default) and/or summary judgment for the Plaintiff and against all defendants, including those named supra, in the instant case who have <u>not</u> answered the instant complaint and/or who have <u>not</u> responded as required to the summons(es) in the instant case within the time specified in the instant summons(es) and by **ORDERS** of this Honorable Court, and that this **ORDER** for **Default Judgment** (Judgment by Default) and/or summary judgment for the Plaintiff and against these and all defendants, be entered by this Honorable Court and/or the Clerk of this Court, pursuant to, inter alia, the "RELIEF REQUESTED" section (pages 34-37, numbers 122-143) of the instant complaint.

                                      Respectfully submitted,

*Phillip Lacefield*
_____

PHILLIP LACEFIELD, Pro se
18183-076
FCC Forrest City
P.O. Box 3000
Forrest City, Arkansas 72336-3000
870-630-6000

Dated: September 12, 2005.

### CERTIFICATE OF SERVICE

This certifies that I, PHILLIP LACEFIELD, Pro se, have delivered, filed, and served upon all counsel of record in the above-captioned matter, a copy of the foregoing

**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (JUDGMENT BY DEFAULT) AND/OR SUMMARY JUDGMENT AGAINST DEFENDANTS, WITH INCORPORATED MEMORANDUM OF LAW IN SUPPORT**

via first-class U.S. Mail, first-class postage prepaid, deposited in the Legal Mail Mailbox, located at FCC Forrest City, Forrest City, Arkansas 72335, to the following address:

Francis J. Sally, BBO # 439100 and John Miller, BBO # 567563
SALLY & FITCH LLP, Counselors at Law
225 Franklin Street
Boston, Massachusetts 02110-2804

THIS, the 12th Day of September, 2005.

*Phillip Lacefield*
_____

PHILLIP LACEFIELD, Pro se