UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PHILLIP LACEFIELD,<br><br>Plaintiff<br><br>v.<br><br>LEASECOMM, et al,<br><br>Defendants. | Civil Action No. 1:05-CV-11581-RCL |

## DEFENDANT CIT GROUP INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS

Defendant CIT Group Inc. ("CIT") files this memorandum in support of its motion to dismiss the complaint for failure to state a claim upon which relief can be granted (see Fed. R. Civ. P. 12(b)(6)), for failure to plead fraud with particularity (see Fed. R. Civ. P. 9(b)), and for failure to set forth specific facts reflecting the required elements of a RICO claim (see Fed. R. Civ. P. 8(a) and the case law on the standard for pleading RICO claims, discussed below).

I.     Introduction

The plaintiff, Phillip Lacefield, is a federal prisoner incarcerated in Arkansas. The defendant CIT is a commercial and consumer finance company. CIT is one of several defendants (including the New York Times and a television station) whom the plaintiff accuses of violating, and conspiring to violate, the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(c) and § 1962(d). (Complaint, ¶¶ 9,10.)[1]

As far as CIT can discern, the complaint is based on the plaintiff's unhappiness about a judgment against him in a federal criminal case under which he was ordered to forfeit over

---

[1] The complaint identifies CIT as "a/k/a Newcourt Financial, Lease Finance Group, and www.cit.com." Although www.cit.com is CIT's web address, there is no entity by that name.

$300,000. (Complaint ¶¶ 14, 23, 107, 108, 110.) The plaintiff seeks to hold the defendants responsible under RICO for the fact that a criminal forfeiture order entered against him. (Id., ¶¶ 14, 110.)

The complaint is an assortment of random and conclusory allegations. For example, in addition to alleging violations of RICO, the complaint alleges violations of the plaintiff's rights under 42 U.S.C. § 1983 (even though none of the defendants is a state actor) (¶ 120); asserts that the defendants' conduct proximately caused a "Bivens action" (even though none of the defendants is a federal agent) (¶ 97); alleges violation of the plaintiff's rights under the Sixth, Eighth and Fourteenth Amendments (¶¶ 83, 84, 91, and 114); discusses the law of sovereign immunity and declaratory relief (¶¶ 86-87, 117-118); and discusses the Court's authority to convene a grand jury (¶ 116).[2]

The complaint should be dismissed, and the dismissal should be with prejudice. There is no basis for granting leave to amend to correct the gross deficiencies in the complaint, because amendment would be futile. For example, a RICO plaintiff must prove injury to his "business or property." 18 U.S.C. §1964(c). A forfeiture order, however, is not an injury to "business or property." Neither is any consequent "negative[ ] [effect]" on the plaintiff's "credit history and credit rating." (Complaint, ¶ 15.) Furthermore, a RICO plaintiff must prove the defendants' "racketeering activity" was the proximate cause of the injury. The proximate cause of the forfeiture order was not any conduct of CIT; rather, the proximate cause was the sentencing court's entry of the order against the plaintiff. (Complaint, ¶¶ 14, 23, 110.)

---

[2] The complaint also includes many other unilluminating allegations, such as that contained in Paragraph 112. That paragraph reads in full: "Inter alia, supra and infra, including any and all FACTS supra, et al."

2

II.  **The Elements of a RICO Claim, and the Standard for Sufficient Pleading Under RICO**

   A.  **The Elements of a RICO Claim under § 1962(c) and § 1962(d)**

To state a claim under § 1962(c), the plaintiff must allege each of the four elements required by the statute: "(1) conduct (2) of an enterprise, (3) through a pattern (4) of racketeering activity." Soto-Negron v. Tabor Partners I, 339 F.3d 35, 38 (1st Cir. 2003) (internal quotation marks and citation omitted). "Racketeering activity" consists of the commission of a predicate act defined in § 1961(1). See Sedima, S.P.R.L. v. Imrex Co., Inc. 473 U.S. 479, 495 (1985). The "pattern" element requires, among other things, the commission of at least two predicate acts. Agency Holding Corp. v. Malley-Duff & Assoc., Inc., 483 U.S. 143, 151 (1987). In order to recover damages, the plaintiff must prove injury to his "business or property," and that such injury was proximately caused by the defendant's unlawful conduct under the RICO statute. See 18 U.S.C. § 1962(d). See also Willis v. Lipton, 947 F.2d 998, 1000 (1st Cir. 1991).

In order prove that a defendant is liable under § 1962(d) for conspiring to violate § 1962(c), the plaintiff must prove: (1) the existence of an enterprise affecting interstate commerce; (2) that the defendant knowingly joined the conspiracy to participate in the conduct of the affairs of the enterprise; (3) that the defendant participated in the conduct of the affairs of the enterprise; and (4) that that defendant did so through a pattern of racketeering activity by agreeing to commit, or in fact committing, two or more predicate offenses. See United States v. Shifman, 124 F.3d 31, 34 (1st Cir.1997).

   B.  **The Standard for Sufficient Pleading of RICO Claims**

RICO complaints are subject to strict scrutiny on motions to dismiss for failure to state a claim and for failure sufficiently to allege facts. "The mere assertion of a RICO claim . . . has an almost inevitable stigmatizing effect on those named as defendants. In fairness to innocent

3

parties, courts should strive to flush out frivolous RICO allegations at an early stage of the litigation." Figueroa Ruiz v. Alegria, 896 F.2d 645, 650 (1st Cir. 1990).

A RICO plaintiff must allege each of the statutory elements of the predicate acts on which he or she relies. See Republic of Panama v. BCCI Holdings, 119 F.3d 935, 948-949 (11th Cir. 1997). As explained by the court in Republic of Panama, "Section 1961 requires that a RICO plaintiff establish that a defendant could be convicted for violating any of its predicate statutes . . . . Therefore in order to survive a motion to dismiss, a plaintiff must allege facts sufficient to support each of the statutory elements for at least two of the pleaded predicate acts." Id. (internal citations omitted).

With regard to allegations of predicate acts consisting of mail fraud and wire fraud, the heightened pleading standard set forth in Fed. R. Civ. P. 9(b) applies. Feinstein v. Resolution Trust Corp., 942 F.2d 34, 42 (1st Cir. 1991). Thus, the plaintiff must identify the defendant who made the alleged communication, and the time, place and content of the alleged communication. See, e.g., New England Data Services v. Becher, 829 F.2d 286, 290 (1st Cir. 1987).

Furthermore, even as to allegations other than allegations of fraud, the plaintiff must plead specific facts demonstrating the requisite elements of a RICO claim. See Gregory P. Joseph, Civil Rico: A Definitive Guide, 2nd ed. (American Bar Association 2000) at p. 158 ("A complaint that does not set forth facts reflecting the requisite elements of a RICO claim does not satisfy the notice requirements of rule 8") (citing cases). See also Federal Judicial Center, Manual for Complex Litigation 3d at § 33.81-82 (1995) (discussing"[t]he strict pleading requirements peculiar to [civil] RICO"). As the First Circuit has explained:

> The [RICO] complaint must be anchored in a bed of facts, not
> allowed to float freely on a sea of bombast. That is to say, a court
> assessing a claim's sufficiency has no obligation to take matters on
> blind faith; despite the highly deferential reading which we accord

4

> a litigant's complaint under Rule 12(b)(6), we need not credit bald
> assertions, periphrastic circumlocutions, unsubstantiated
> conclusions, or outright vituperation.

Miranda v. Ponce Fed. Bank, 948 F.2d 41, 44 (1st Cir. 1991) (internal quotation marks and citation omitted).

### III. The Plaintiff's Allegations are Fatally Deficient

#### A. The Plaintiff Fails to Allege Facts Demonstrating the Existence of an "Enterprise," and CIT's Participation in such an "Enterprise"

In order to allege a RICO enterprise, a plaintiff must allege facts showing the existence of "an ongoing organization, formal or informal," in which the "various associates function as a continuing unit." United States v. Turkette, 452 U.S. 576, 583 (1981). The enterprise may consist of "an association-in-fact," but such an association must constitute a "larger unit, over and above [the participants'] separate structures and operations." Libertad v. Welch, 53 F.3d 428, 442 (1st Cir. 1995).

Furthermore, the plaintiff must plead specific facts that demonstrate that such an association exists for some purpose other than committing the predicate acts forming the pattern of conduct actionable under the RICO statute. See Montesano v. Seafirst Commercial Corp., 818 F.2d 423, 427 (5th Cir. 1987). In other words, the plaintiff must plead the existence of an enterprise "separate and apart" from the alleged racketeering activity. Turkette, 452 U.S. at 583. Moreover, "[t]he violator of § 1962(c) who commits the pattern of predicate racketeering acts must be distinct from the enterprise whose affairs are thereby conducted." Old Time Enters., Inc. v. International Coffee Corp., 862 F.2d 1213, 1217 (5th Cir. 1989).

The complaint is utterly deficient in its allegations of the existence of an "enterprise." The plaintiff entirely fails to allege any facts the proof of which would demonstrate that the defendants have formed an association that exists for some purpose other than committing the

predicate acts forming the pattern of conduct actionable under the RICO statute. See Montesano, 818 F.2d at 427. In fact, the plaintiff fails even to allege facts the proof of which would demonstrate that the defendants associated for the purpose of committing predicate acts. The complaint merely alleges, in conclusory form, that the defendants "form an association-in-fact RICO enterprise." (Complaint ¶ 73(b).) There is simply no factual demonstration of any relationship between CIT and any other defendant.

### B. The Plaintiff Fails to Plead his Claims of Mail and Wire Fraud with Particularity, and Fails to Plead Sufficient Facts Concerning the Other Predicate Acts Alleged in the Complaint

According to the plaintiff, the defendants "conspired to commit, and in fact, did commit hundreds of predicate R.I.C.O. acts, which include, but are not limited to the following: Wire Fraud, Mail Fraud, False Statements, Fraud on the Court(s), Obstruction of Justice, Witness Tampering, Bank Fraud, Money Laundering, and Extortion . . . ." (Complaint, ¶ 10). The plaintiff also alleges that the forfeiture of the "[p]laintiff's funds" is "an act of ROBBERY" under the Hobbs Act, 18 U.S.C. § 1951, violation of which constitutes racketeering activity under § 1961(1). (Complaint, ¶ 110.) The complaint utterly fails, however, to allege any facts showing what CIT (or any other defendant) allegedly said or did. Furthermore, although the plaintiff recites the legal elements of wire fraud (Complaint, ¶73(r)), he utterly fails to allege the legal elements of any of the other alleged predicate acts.

Because the plaintiff has failed to plead mail fraud and wire fraud with particularity in accordance with Rule 9(b), the allegations of those alleged predicate acts are fatally deficient. See, e.g., Feinstein, 942 F.2d at 42. Furthermore, because the plaintiff has failed to plead the legal elements of the other alleged predicate acts, and has failed to plead the facts relating to alleged commission of those predicate acts by CIT (or any other defendant), the allegations of other alleged predicate acts are fatally deficient as well. As the First Circuit has stated: "It is not

6

enough for a plaintiff to file a RICO claim, chant the statutory mantra, and leave the identification of the predicate acts to the time of trial." North Bridge Associates, Inc. v. Boldt, 274 F.3d 38, 43 (1st Cir. 2001). With respect to all of the alleged predicate acts other than wire fraud, the plaintiff has not even chanted the statutory mantra. And, as to all of the alleged predicate acts, including wire fraud, the plaintiff has failed to allege facts the proof of which would demonstrate that CIT committed or conspired to commit any of those predicate acts.

### C. The Plaintiff Fails to Allege an Injury Cognizable under RICO, and Fails to Allege Proximate Cause

An essential element of a RICO claim is injury to the plaintiff's "business or property." 18 U.S.C. §1964(c). The RICO injury alleged by the plaintiff is the forfeiture by the plaintiff of "more than $300,000" pursuant to a court order and the consequent negative effect on his credit history and credit rating. (Complaint, ¶¶ 14, 15, 23, 107, 108, 110.) The very basis for a forfeiture order, however, is that the funds to be forfeited are not the legitimate property of the plaintiff. See 18 U.S.C. § 982.

Another essential element of a RICO claim is that the defendants' alleged misconduct must be the proximate cause of injury to the plaintiff's business or property. See, e.g., Willis v. Lipton, 947 F.2d at 1000. The proximate cause of the alleged forfeiture of funds by the plaintiff was not any act of any defendant; rather, the proximate cause was the order of the sentencing court. (Complaint, ¶¶ 14, 23, 110.)

### D. The Plaintiff Fails to State a Claim for Conspiracy

The plaintiff's fails to state a claim for conspiracy, because among other things, the complaint fails to allege facts the proof of which would establish the existence of an enterprise; that CIT knowingly joined the conspiracy to participate in the conduct of the affairs of the enterprise; that CIT participated in the conduct of the affairs of the enterprise; and that CIT did

so through a pattern of racketeering activity by agreeing to commit, or in fact committing, two or more predicate offenses. See Shifman, 124 F.3d at 34. The plaintiff does not identify a single act or agreement by CIT. In fact, the only time that the plaintiff mentions CIT by name in the complaint is in Paragraph 3, where the plaintiff identifies CIT as a party, and in Paragraph 73, where the plaintiff asserts that "Defendants LEASECOMM, CIT GROUP, WREG-TV, INC., WORLDNOW, and THE NEW YORK TIMES are, in fact, association-in-fact enterprises." "Bare and conclusory allegations are insufficient to withstand a motion to dismiss and a plaintiff must plead facts sufficient to show that each defendant knowingly agreed to participate in the conspiracy." Schmidt v. Fleet Bank, 16 F. Supp. 2d 340, 354 (S.D.N.Y. 1998) (internal quotation marks and citation omitted).

## IV.   Conclusion

The complaint in this case utterly fails to state a claim as to CIT. Where, as here "an amendment would be futile or would serve no legitimate purpose, the district court should not needlessly prolong matters." Judge v. City of Lowell, 160 F.3d 67, 79 (1st Cir. 1998) (internal quotation marks and citation omitted). For the reasons set forth above, the Court should dismiss the complaint as to CIT with prejudice.

                                CIT GROUP INC.

                                By its attorney,

                                /s/Paul Killeen
                                Paul Killeen (BBO# 271600)

                                HOLLAND & KNIGHT LLP
                                10 St. James Avenue
                                Boston, Massachusetts 02116
                                Telephone: (617) 523-2700

Dated: September 21, 2005

## CERTIFICATE OF SERVICE

    I, Paul Killeen, certify that I caused a copy of this document to be served on the plaintiff and on every other party or its counsel by first class-mail on September 21, 2005.

    /s/Paul Killeen  *Paul Killeen*
Paul Killeen (BBO# 271600)
HOLLAND & KNIGHT LLP
10 St. James Avenue
Boston, Massachusetts 02116
Telephone: (617) 523-2700

# 3235799_v1