FILED
IN CLERKS OFFICE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

2005 SEP 29  A 11: 20

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| PHILLIP LACEFIELD,<br><br>　　　　　　Plaintiff,<br>v.<br><br>LEASECOM, A.K.A. LEASECOM<br>CORPORATION and WWW.<br>LEASECOM.COM; CIT GROUP, A.K.A.<br>NEWCOURT FINANCIAL, LEASE<br>FINANCE GROUP, and WWW.CIT.COM,<br>WREG-TV, INC., A.K.A. WREG-<br>CHANNEL 3 and WWW.WREG. COM;<br>WORLDNOW, A.K.A. WWW.<br>WORLDNOW.COM; ANDY WISE,<br>A.K.A. STEVEN ANDREW WISE; THE<br>NEW YORK TIMES, A.K.A. THE NEW<br>YORK TIMES COMPANY and<br>WWW.NYT.COM;<br><br>　　　　　　Defendants. | CIVIL NO. 05-11581 RCL |

### MEMORANDUM IN SUPPORT OF THE
### MOTION OF WREG-TV, WORLDNOW, ANDY WISE, AND
### THE NEW YORK TIMES TO DISMISS THE COMPLAINT

#### Introduction

Defendants WREG-TV, Inc. a.k.a. WREG Channel 3 and www.wreg.com ("WREG-TV"), WorldNow, a.k.a. www.worldnow.com ("WorldNow"), Andy Wise a.k.a. Steven Andrew Wise ("Mr. Wise") and The New York Times, a.k.a. The New York Times Company and www.nyt.com ("The New York Times") submit this memorandum in support of the accompanying Motion To Dismiss. In short, Mr.

Lacefield's *pro se* complaint *concludes* that he was the victim of a RICO conspiracy,[1] although the complaint lacks any of the specific details of the alleged transgressions that are required to survive a motion to dismiss. The complaint is frivolous and should be dismissed with prejudice for failure to include the specific acts supporting a RICO claim and to plead the elements of fraud with particularity.

Mr. Lacefield is a federal prisoner in Arkansas. His rambling complaint of thirty-seven pages contains a collage of 143 numbered paragraphs, the vast majority of which set forth "boilerplate" generalities and legal conclusions that state no connection between his purported claims, the defendants or their supposed misdeeds. The complaint is anything but the "short and plain statement of the claim" required by Fed. R. Civ. P. Rule 8(a) and (e), and is bereft of the particularity required by Fed. R. Civ. P. 9(b) in matters alleging fraud or mistake. In addition, it provides precious little in the way of specific details relating to the defendants or their purported conduct. Mr. Lacefield's central allegation appears to be that each of the defendants violated the RICO statute, in particular 18 U.S.C. §1962(c) and §1962(d), which resulted in the entry of a judgment and an order of forfeiture against him. (Complaint, ¶¶ 10, 14, 23, 107, 108, 110).

Because the "mere assertion of a RICO claim . . . has an almost inevitable stigmatizing effect on those named as defendants . . . courts should strive to flush out frivolous RICO allegations at an early stage of the litigation." *Figueroa Ruiz v. Alegria*, 896 F.2d 645, 650 (1st Cir. 1990). The purported RICO claims in this case, contained in a jumble of dozens of pages of conclusory statements that lack any of the specificity required, are utterly frivolous, and should be dismissed with prejudice pursuant to Fed. R.

---

[1] Racketeer Influenced and Corrupt Organization Act, 18 U.S.C. §1962(c) and §1962(d), Complaint, ¶¶ 9, 10. Mr. Lacefield alleges that the Defendants committed a violation of RICO, (§1962(c)) and, in addition, conspired to violate the statute (§1962(d).)

2

Civ. P. 12(b)(6).

## Facts Alleged

Without providing any specific factual details purporting to describe the alleged transgressions of each of the defendants, Mr. Lacefield simply concludes that from "2001 through 2005, defendants . . . conspired to commit, and in fact, did commit hundreds of predicate R.I.C.O. acts, which include . . . Wire Fraud, Mail Fraud, False Statements, Fraud on the Court(s), Obstruction of Justice, Witness Tampering, Bank Fraud, Money Laundering and Extortion. . . ." Complaint, ¶ 10.[2]

Mr. Lacefield describes his alleged injury in paragraph 14 as follows:

> [P]laintiff was damaged by the defendants' R.I.C.O. activity in that Plaintiff suffered the consequences of a bogus judgment, which was fraudulently procured by the defendants – through their pattern of racketeering activity, supra and infra – against him, in the amount of over $300,000.

Complaint, ¶ 14.

Mr. Lacefield contends that all of the defendants conspired in some undefined manner to make, or permit the making of, statements that resulted in the entry of a "bogus judgment" against him. Mr. Lacefield never specifies what was said, when it was said, or how the statements are alleged to have influenced a court to impose the judgment. The only substantive allegation in Mr. Lacefield's complaint is that the defendants conspired to publish certain "false and misleading statements via the internet, e.g., over the WREG-TV, Inc. website, i.e. over www.wreg.com . . . ." Complaint, ¶ 19.

Mr. Wise, who is employed by WREG-TV, is alleged to have made the offending

---

[2] None of the complaint's 143 paragraphs contain the factual bases for the alleged "predicate acts" as required by RICO. Rather, in large part, they are simple recitations of general principles of law.

3

statements, see id., although the complaint never specifies what he said or when he said it.

WREG-TV is alleged to have "approved" of the publishing of Wise's unspecified statements, id. ¶ 20, although the complaint does not identify who at WREG-TV participated in the approval process, nor does it say when the alleged approval occurred.

The New York Times is alleged to own and operate WREG-TV, and to have known and approved of the publishing of the unspecified statements. Id. at ¶ 21. Again, the complaint says nothing more about the alleged approval by The New York Times. It does not identify anyone at The New York Times who may have been involved in the alleged approval or who had knowledge of the purportedly false statements.

WorldNow, the web hosting company for WREG-TV's website that carried the alleged statements, is alleged to have "had knowledge of these internet-broadcasted false and misleading statements." Id. at ¶ 22. Again, Mr. Lacefield's conclusory statement that WorldNow "had knowledge" of the statements lacks any factual support in the complaint whatsoever.

It is not clear from the complaint what additional conduct of the defendants may have furthered the purported "R.I.C.O. conspiracy."

In essence, Mr. Lacefield is requesting that this Court grant him the draconian relief available under the RICO statute, including compensatory and punitive damages, as well as a declaration that certain unspecified actions of the defendants "violate the Constitutional rights of the Plaintiff." Complaint, ¶ 127. The complaint also asks for an order "holding void the 'judgment' or 'judgments' in federal court actions against

4

Plaintiff." Complaint, ¶ 129.[3]

## Argument

### A.   THE COMPLAINT FAILS TO STATE A CLAIM, LACKS SUFFICIENT PARTICULARITY, AND SHOULD BE DISMISSED WITH PREJUDICE

#### *1.   The Complaint Is Conclusory and Fails To State A Claim Under RICO*

Although in ruling on a motion to dismiss, the Court generally should give pleadings a liberal construction, it is also well-accepted that the court is *not* required to give credence to "conclusions of law or unwarranted deductions." *First Nationwide Bank v. Gelt Funding Corp.*, 27 F.3d 763, 771 (2d Cir. 1994). In this case, all of Mr. Lacefield's averments are "conclusions of law" and "unwarranted deductions." Such summary pleading is fatal in this case because the First Circuit has expressly held that "a greater level of specificity is required in RICO cases." *Bessette v. Avco Fin. Servs., Inc.*, 230 F.3d 439, 443 (1st Cir.2000) (citing *Garita Hotel Ltd. P'ship v. Ponce Fed. Bank.*, 958 F.2d 15, 17 & n. 1 (1st Cir.1992)). A RICO plaintiff is required to allege sufficient facts to support each element of its RICO claims; "[i]t is not enough for plaintiff to simply allege these elements in boilerplate language." *Cobbs v. Sheahan*, 319 F.Supp.2d 865, 869 (N.D.Ill.2004). Mr. Lacefield has not provided – and cannot provide – any of the specific factual allegations required to support his purported RICO claims.

Mr. Lacefield's core legal "claim" is that the defendants violated the RICO

---

[3] Of course, Mr. Lacefield cannot reverse a prior judgment or order of forfeiture through the present allegations of a civil RICO conspiracy. He is barred from doing so under the familiar principles of res judicata and collateral estoppel. Mr. Lacefield's recourse would instead include an appeal or a motion for a new trial in the underlying matter. Thus, to the extent that the instant complaint seeks to revisit the judgment and order of forfeiture against Mr. Lacefield, it should be dismissed.

5

statute, and in particular 18 U.S.C. §1962(c) and §1962(d).[4]  See Complaint, ¶ 10. Section 1962 (c) provides that:

> It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

To state a RICO claim under sections 1962(a), (b) and (c), plaintiff must allege "a pattern of racketeering activity." Under the RICO statute, a "pattern of racketeering" is defined to require "at least two acts of racketeering activity, one of which occurred after the effective date of this chapter and the last of which occurred within ten years . . . after the commission of a prior act of racketeering activity." Id. § 1961(5). Predicate acts are defined to include violations of the mail and wire fraud statutes. 18 U.S.C. § 1961(1)(B). To prove a pattern of racketeering activity, a plaintiff "must show that the racketeering predicates are related, *and* that they amount to or pose a threat of continued criminal activity." *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 239 (1989). Thus, two tests must be satisfied: relatedness and continuity. See id; see also *Schultz v. Rhode Island Hosp. Trust Nat'l Bank, N.A.*, 94 F.3d 721, 732 (1st Cir. 1996) ("[C]ourts have tended to find RICO 'patterns' only where the defendant's conduct consists of 'multiple criminal episodes' extending over long periods of time.") (quoting *Apparel Art Int'l v. Jacobson*, 967 F.2d 720, 724 (1st Cir. 1992)).

Even if viewed in a charitable manner, the complaint simply fails to articulate *any* criminal episodes whatsoever, let alone an ongoing pattern of such activity. It fails to

---

[4] As will be discussed in this Memorandum, the allegations contained in the complaint do not support a RICO violation. Therefore, in the absence of a substantive RICO violation, the conspiracy claim must also fail. See, 18 U.S.C. §1962(d), *Schmidt v. Fleet Bank*, 16 F. Supp. 340, 352 (D. Mass. 1998). *Lightning Lube, Inc. v. Witco Corp.*, 4 F. 3d 1153, 1191 (3rd Cir. 1993).

6

define the alleged "enterprise." Mr. Lacefield does not provide specific details of the alleged acts of racketeering activity or how the unspecified conduct violates the wire or mail fraud statutes. He also neglects to define how the unspecified conduct poses a threat of continued criminal activity. The *only* activity referred to in the entire complaint is the publishing of certain unspecified statements on WREG-TV's web site that Mr. Lacefield claims were "false and misleading." The "allegations", which are set forth in paragraphs 19 through 23 of the complaint, are nothing more than Mr. Lacefield's summary conclusions. Mr. Lacefield does not quote from the alleged statements and does not even describe them in summary fashion. He does not state when they were made, who made them, or how the alleged statements caused him any harm. Although the complaint rambles on for 143 paragraphs, Mr. Lacefield makes no attempt to define the statements or to connect them in any way to his purported injury.[5]

### 2. *The Complaint Does Not Satisfy the Requirement of Fed. R. Civ. P. 9(b)*

Moreover, because Mr. Lacefield's complaint sounds in mail fraud and wire fraud, it is subject to the heightened pleading requirements of Fed. R. Civ. P. 9(b). Rule 9(b) states that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." The rule serves three main purposes: (1) protecting a defendant's reputation from harm; (2) minimizing "strike suits" and "fishing expeditions"; and (3) providing notice of the claim to the adverse party. See e.g.

---

[5] In this regard, the complaint should be dismissed for failing to meet the pleading requirements set forth in Rule 8 of the Federal Rules of Civil Procedure. Even a RICO plaintiff is bound to provide a short and plain statement of the claim and to present each averment of the pleading in a "simple, concise, and direct" manner. Fed.R.Civ.P. 8(a) & (e); see also *Vicom, Inc. v. Harbridge Merch. Services, Inc.*, 20 F.3d 771, 775-76 (7th Cir. 1994). Thus, not only does the complaint lack the required specificity to flesh out the purported RICO violations, Mr. Lacefield has also failed to follow important pleading rules designed to protect defendants against just this type of unfocussed and confusing blunderbuss pleading.

7

*Uni\*Quality, Inc. v. Infotronx, Inc.*, 974 F.2d 918, 924 (7th Cir. 1992); *DiVittorio v. Equidyne Extractive Indus., Inc.*, 822 F.2d 1242, 1247 (2d Cir. 1987). The caselaw and commentary agree that the reference to "circumstances" in the rule requires "the plaintiff to state 'the identity of the person who made the misrepresentation, the time, place and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff.'" *Uni\*quality*, 974 F.2d at 923 (quoting *Bankers Trust Co. v. Old World Republic Ins. Co.*, 959 F.2d 677, 683 (7th Cir. 1992)); see also *Midwest Grinding Co. v. Spitz*, 976 F.2d 1016, 1020 (7th Cir. 1992) (stating that in a RICO action "the complaint must, at a minimum, describe the predicate acts with some specificity and 'state the time, place, and content of the alleged communications perpetrating the fraud'") (quoting *Graue Mill Dev. Corp. v. Colonial Bank & Trust Co.*, 927 F.2d 988, 992 (7th Cir. 1991) ); *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990) (stating that Rule 9(b) "particularity" means "the who, what, when, where, and how: the first paragraph of any newspaper story"), cert. denied, 498 U.S. 941, 111 S.Ct. 347, 112 L.Ed.2d 312 (1990) ; 5 Wright & Miller, *supra*, § 1297, at 590.

Mr. Lacefield's conclusory allegations fail even to approach – much less satisfy – the standard of particularity required by Fed. R. Civ. P. 9(b) for claims of fraud.

### 3. *The Complaint Also Fails To State Any Claim For Defamation*

Finally, Mr. Lacefield's complaint fares no better even if one assumes that it encompasses a claim for defamation, rather than the alleged RICO violations.[6] Defamation claims are also subject to special pleading requirements. "The Massachusetts Supreme Judicial Court has stated that defamation traditionally is a disfavored action, and

---

[6] Notably, the complaint strongly professes to be one brought pursuant to the RICO statute and never mentions the words "defamation", "libel" or "slander."

8

that courts have applied a stricter standard to complaints for defamation by requiring defamation plaintiffs to plead the elements of their claims with specificity in order to survive a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6)." *Mulvihill v. Spalding Sports Worldwide, Inc.*, 184 F.Supp.2d 99, 103-104 (D.Mass. 2002) *citing Dorn v. Astra USA*, 975 F.Supp. 388, 396 (D.Mass. 1997) (citations omitted). Specifically, to survive a motion to dismiss,

> a defamation plaintiff must plead: (1) the general tenor of the libel or slander claim, along with the precise wording of at least one sentence of the alleged defamatory statement(s); (2) the means and approximate dates of publication; and (3) the falsity of those statements.

Id. Mr. Lacefield's complaint does not contain the wording of any defamatory statement whatsoever, nor does it allege any specific date of publication. All it states in concluding fashion, is that the Defendants "published false and misleading statements via the Internet", Complaint, ¶ 19, and committed "hundreds" of RICO predicate acts from "2001 through 2005." Complaint, ¶ 10.

### Conclusion

Mr. Lacefield's complaint is so lacking in particulars that the defendants do not have fair notice of the claims against them. The complaint falls woefully short of the heightened pleading requirements required to maintain a RICO claim, and given the paucity of facts to support any claims against these defendants, allowing Mr. Lacefield to amend would be futile.

For each of the foregoing reasons, Defendants WREG-TV, WorldNow, Mr. Wise and The New York Times respectfully request that this Court dismiss the complaint with prejudice.

9

WREG-TV, WORLDNOW,
ANDY WISE AND
THE NEW YORK TIMES COMPANY
By their attorneys,

_____
Francis J. Sally, BBO # 439100
John Miller, BBO # 567563
SALLY & FITCH LLP
225 Franklin Street
Boston, MA 02110
617-542-5542

Dated: September 29, 2005

### CERTIFICATE OF SERVICE

I, John Miller hereby certify that on this 29th day of September, 2005, I caused a copy of the foregoing document to be served upon all counsel of record in the above-captioned matter, by sending a copy first-class mail, postage prepaid to Phillip Lacefield, P.O. Box 3000, Forrest City, AR 72336-3000.

_____
John Miller

10