IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

---

PHILLIP LACEFIELD,
      Plaintiff,

  V.

LEASECOMM, ET AL.,
      Defendants.

Civil Action

No.: 1:05-cv-11581-RCL

---

**PLAINTIFF'S MEMORANDUM OF FACTS, REASONS, AND LAW IN SUPPORT OF PLAINTIFF'S CONSOLIDATED RESPONSE AND OPPOSITION TO DEFENDANT CIT GROUP, INC.'S MOTION TO DISMISS THE COMPLAINT, AND RESPONSE AND OPPOSITION TO THE MOTION OF WREG-TV, WORLDNOW, ANDY WISE, AND THE NEW YORK TIMES TO DISMISS THE COMPLAINT, AND RESPONSE AND OPPOSITION TO THEIR ACCOMPANYING MEMORANDUMS IN SUPPORT**

---

      DEFENDANT CIT GROUP, INC.'S MOTION TO DISMISS THE COMPLAINT, and the MOTION OF WREG-TV, WORLDNOW, ANDY WISE, AND THE NEW YORK TIMES TO DISMISS THE COMPLAINT and their memorandums in support state that Plaintiff:

    a.   fails to state a claim upon which relief can be granted,

    b.   fails to plead with particularity, and

    c.   fails to set forth specific facts reflecting the required elements of a RICO claim.

But and when, in fact, in the instant Complaint, the Plaintiff:

    a.   **does**, in fact, state a claim upon which relief can be granted,

    b.   **does**, in fact, plead with particularity, and

    c.   **does**, in fact, set forth specific facts reflecting the required elements of a RICO claim, as is shown infra.

    1.   First, pursuant to, inter alia, the LOCAL RULES OF THE

1

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS, 83.5.2 APPEARANCES, CIT GROUP, INC. is **not** qualified to plead, submit and/or file their motion to dismiss because, inter alia, CIT GROUP'S attorney Paul Killeen did not file his NOTICE OF APPEARANCE until September 26, 2005--five (5) days **after** the filing of the instant motion to dismiss. Local Rule 83.5.2 reads as follows:

**RULE 83.5.2 APPEARANCES**

**(d) Firms and Corporations.** The court **will not recognize** the appearance of a firm or professional corporation unless it is accompanied by the appearance of at least one (1) attorney.

2. The defendant corporation CIT GROUP, INC. made its appearance on September 21, 2005 through the filing of their motion to dismiss, **without** the required appearance of at least one (1) attorney.

3. Attorney Paul Killeen did not make his appearance, i.e., file his NOTICE OF APPEARANCE OF PAUL KILLEEN ON BEHALF OF CIT GROUP INC., until September 26, 2005--five (5) days **after** the filing of DEFENDANT CIT GROUP, INC.'S MOTION TO DISMISS THE COMPLAINT.

4. Therefore, pursuant to Local Rule 83.5.2(d), the court cannot recognize CIT GROUP, INC.'s instant motion to dismiss, since it cannot recognize CIT GROUP, INC., the entity filing the motion.

5. Therefore, DEFENDANT CIT GROUP, INC.'S MOTION TO DISMISS THE COMPLAINT must be **denied, dismissed, and/or striken from the record**, for failure to adhere to, inter alia, Local Rule 83.5.2(d).

6. Also, as stated in the accompanying **CERTIFICATE OF RECEIPT (NON-RECEIPT)**:

> Additionally, I, PHILLIP LACEFIELD, Pro se, hereby certify that I, the Plaintiff PHILLIP LACEFIELD, have **not**, to date received a NOTICE OF APPEARANCE from attorney John Miller and/or Francis J.

      Sally, attorneys for defendants WREG-TV, WORLDNOW, ANDY WISE and THE NEW YORK TIMES.

      7.    Therefore the MOTION OF WREG-TV, WORLDNOW, ANDY WISE, AND THE NEW YORK TIMES TO DISMISS THE COMPLAINT must also be **denied, dismissed, and/or striken from the record** for similar reasons, **if**, pursuant to Local Rule 83.5.2(d), their attorneys **did not <u>file</u>** their respective NOTICE OF APPEARANCES **with this Court by September 6, 2005**, the date that defendants WREG-TV, INC., WORLDNOW, ANDY WISE and THE NEW YORK TIMES COMPANY filed their MOTION OF WREG-TV, INC., WORLDNOW, ANDY WISE AND THE NEW YORK TIMES COMPANY FOR AN EXTENSION OF TIME TO RESPOND TO THE COMPLAINT (at least one of these defendants was served on or before August 19, 2005) and/or **since** Plaintiff PHILLIP LACEFIELD, Pro se, "ha[s] <u>not</u>, to date received a NOTICE OF APPEARANCE from attorney John Miller and/or Francis J. Sally, attorneys for defendants WREG-TV, WORLDNOW, ANDY WISE and THE NEW YORK TIMES."

      8.    As shown supra and infra, defendants CIT GROUP (CIT GROUP, INC.), WREG-TV, INC., WORLDNOW, ANDY WISE, and THE NEW YORK TIMES (**CIT GROUP, INC. et al.**) make only unsubstantiated and desperate responses to Plaintiff's Complaint. Plaintiff responds to, **objects to, and strongly opposes** these unsubstantiated and desperate responses in the order of their appearance, as follows.

      9.    The "FACTS" section of the Complaint, ¶ 23 clearly states:

> Defendants LEASECOMM, **ET AL.**, had a leadership/organizer role in the R.I.C.O. conspiracy, supra and infra, and participated in the R.I.C.O. activity, supra and infra, **particularly in the presentation of false and misleading statements to the Courts**, Mail Fraud and/or Wire Fraud, Obstruction of Justice, and/or Wistness Tampering, etc., in furtherance of the R.I.C.O. conspiracy, supra and infra, and in violation of the R.I.C.O. Statutes, 18 U.S.C. Sections 1961 et seq., thereby injuring the

Plaintiff in his business and property by conspiring to commit and actually committing the predicate R.I.C.O. acts, supra and infra, to **inter alia**, procure a counterfeit, confederate, bogus, and therefore unconstitutional judgment against the Plaintiff in the amount of over $300,000.00.

10. The "PARTIES" section of the Complaint, ¶¶ 2-7 names LEASECOMM, CIT GROUP, WREG-TV, INC., WORLDNOW, THE NEW YORK TIMES, and ANDY WISE as defendant parties to the instant Complaint.

11. I.e., "LEASECOMM, **ET AL.**" were named as defendant parties in the "PARTIES" section of the Complaint, ¶¶ 2-7.

12. Defendants **CIT GROUP, INC., et al.** are included in the "**ET AL.**" in ¶ 23 of the instant Complaint, quoted supra.

13. Contrary to CIT GROUP's "discernment," the Complaint is not based on a forfeiture, but rather "a counterfeit, confederate, bogus, and therefore unconstitutional **judgment** against the Plaintiff in the amount of over $300,000.00 (Complaint, ¶ 23; ¶ 9 supra)."

14. "**Inter alia**" in Complaint, ¶ 23 (quoted in ¶ 9 supra) refers to the **other injuries** suffered by the Plaintiff at the hands of all of the defendants, including CIT GROUP, INC., WREG-TV, INC., WORLDNOW, ANDY WISE, the THE NEW YORK TIMES.

15. Many **co-conspirators** are named in the Complaint, "PARTIES" section, ¶¶ 2-7, e.g., in ¶ 3:

> **The defendant CIT GROUP...and its** corporate officers, corporate executives, and **co-conspirators**, which do or may include, but are not limited to the following, are:  Jason Glaum, et al., are residents of, inter alia, the Chicago, Illinois area, the Woburn, Massachusetts area, the Memphis, Tennessee area, and the New York, New York area, and are citizens of the United States.

16. There are several of the "co-conspirators" named in the Complaint, ¶¶ 2-7, "which will or may be named at a later time,

4

pursuant to **full andcomplete discovery**." Complaint, ¶ 29.

17. A 42 U.S.C. § 1983 action would, in fact, be **appropriate** in the instant Complaint, as pleaded in ¶¶ 83, 84, 91, 114, and 120.

18. Plaintiff's "LEGAL CLAIMS" concerning declaratory relief in Complaint, ¶¶ 86-87 are not random allegations, but rather provide a legal basis for the "RELIEF REQUESTED" in Complaint, ¶¶ 127 and 130.

19. The reason for discussing the Court's authority to convene a grand jury (Complaint, "LEGAL CLAIMS" section, ¶ 116) is not a random allegation, but rather provides a legal basis for the "RELIEF REQUESTED" in Complaint, ¶ 133, i.e.:

> That this Court convene a federal grand jury, pursuant to F.R.Cr.P.6(a), to investigate the **crimes** complained of herein.

20. There are no deficiencies in the instant Complaint.

21. Plaintiff already **has** proof of injury to his business or property, pursuant to 18 U.S.C. § 1964(c). See e.g. Complaint, ¶¶ 23, 51, 52, and 54.

22. Plaintiff already **has** proof that the racketeering activity of all of the defendants was, in fact, the **proximate cause** of the Plaintiff's injury. See e.g. Complaint, ¶¶ 23, 49, 53, 56, and 58.

23. The proximate cause of the injury to Plaintiff's business or property **was**, in fact, the **conduct** of all of the defendants, including CIT GROUP, INC., WREG-TV, INC., WORLDNOW, ANDY WISE, the THE NEW YORK TIMES. See e.g. Complaint, ¶¶ 14, 15, 23, 51, 52, and 53.

24. "[T]he presentation of false and misleading statements to the Courts, Mail Fraud and/or Wire Fraud, Obstruction of Justice, and/or Witness Tampering, etc.," is the **proximate R.I.C.O. conduct** of

all of the defendants, much of which took place **immediately preceding** the, and is therefore also the **proximate cause** of the "counterfeit, confederate, bogus, and therefore unconstitutional judgment against the Plaintiff in the amount of over $300,000.00,"--just one of the Plaintiff's injuries to his business(es) and property.

25.   Plaintiff already **did**, in fact, allege each of the four elements required by 18 U.S.C. § 1962(c).  See e.g. Complaint, ¶ 62. See also Agency Holding Corp. v. Malley-Duff & Assoc., Inc., 483 U.S. 143, 151, 107 S.Ct. 2759 (1987), cited by Plaintiff (and CIT GROUP) in, e.g. Complaint, ¶ 61.

26.   Plaintiff already **has** proof that all of the defendants, including CIT GROUP, INC. et al., are liable under 18 U.S.C. § 1962(d) for conspiring to violate 18 U.S.C. § 1962(c).  See e.g. Complaint, ¶¶ 28, 64, and 121, and the STATEMENT OF THE CASE.

27.   Plaintiff already **has** proof for the existence of an enterprise (enterprises) affecting interstate commerce.  See e.g. Complaint, ¶¶ 64, 65, 67, 68, and 119.

28.   Plaintiff already **has** proof that **all** of the defendants, including CIT GROUP, INC., et al. (which includes WREG-TV, INC. et al.), **participated** in the conduct of the affairs of the enterprise(s). See e.g. Complaint, ¶¶ 17, 68, and 73(a-y).  ¶ 17 states clearly that:

> Defendants, et al., **all** had knowledge of and/or **participated** in the predicate R.I.C.O. acts, supra and infra, are are therefore, inter alia, co-participants in these R.I.C.O. enterprises and this R.I.C.O. activity, supra and infra.

29.   Plaintiff already **has** proof that all of the defendants, including CIT GROUP, INC. et al., **knowingly** joined the conspiracy to

6

participate in the conduct of the affairs of the enterprise. See Complaint, ¶¶ 13, 16, 23, 72, 73(a-y), and 115. ¶ 115 states clearly:

> That this conspiracy appears to have been willingly and **knowingly** joined into by the defendants/conspirators and/or co-conspirators, et al., particularly in conspiring to deprive the Plaintiff of his due process rights.
> See e.g., 18 U.S.C. § 1503 (the **Obstruction of Justice** Statute).

30. Plaintiff already **has** proof that all of the defendants participated in the conduct of the affairs of the enterprise(s) **through a pattern of racketeering activity** by agreeing to commit, or in fact committing, two or more predicate offenses. See e.g. Complaint, ¶¶ 10, 11, 14, 23, 27, 28, 62, 73(a-y), 93, 94, 96, 98, 99, and 100. The Complaint, ¶ 14 clearly states that:

> Inter alia, Plaintiff was damaged by the defendants' R.I.C.O. activity...**through their pattern of racketing activity**...

31. None of the defendants, including CIT GROUP, INC. et al., are innocent, as to the allegations made in the Plaintiff's Complaint.

32. I.e., **all** of the defendants are guilty and/or liable as to the allegations made by the Plaintiff in the instant Complaint.

33. None of the allegations made in the instant Complaint are frivolous. **See e.g. August 4, 2005 FINDINGS of this Honorable Court.**

34. Plaintiff **has** already alleged each of the **statutory elements** of the predicate acts on which he relies. See e.g. Complaint, ¶¶ 72(r-w).

35. Plaintiff **has** already established that all of the defendants could be convicted for violating the predicate statutes. See e.g. Complaint, ¶¶ 9, 10, 11, 12, 133 (quoted in ¶ 21 supra), 134, 135, and 136.

36. Plaintiff **has** already alleged facts **sufficient** to support each of the **statuatory elements** for at least **two** of the pleaded predicate acts. See e.g. Complaint, ¶¶ 9-19, 23-29, 45-74. These **statuatory elements** are clearly stated in the Complaint. See e.g. Complaint, ¶¶ 9-29, 55-57, 72(r-w) and 100. ¶¶ 72(r-t and w) state:

> r.  The defendants are guilty of the RICO predicate act of wire fraud becaue the following **elements** have been **satisfied**, in violation of 18 U.S.C. § 1343, because:
>
> (1)  They formulated a **scheme** or artifice to defraud,
>
> (2)  They used the United States **wires**, or caused a use of the United States wires in furtherance of the scheme,
>
> (3)  They demonstrated specific **intent** to deceive and defraud, and
>
> (4)  There was a detrimental **reliance** upon the fraudulent conduct of the defendants in the instant case.
>
> s.  The defendants are guilty of the RICO predicate act of mail fraud because sufficient proof has established that the **elements** of the mail fraud statute, 18 U.S.C. § 1341, has likewise been **satisfied**, supra and infra.
>
> t.  The defendants' **use of the mails** was a "step in the plot" and an "incident to an essential part of the **scheme**."
>
> w.  The defendants' myriad use of the (FCC) United States **wires and mails**--which appear to be RICO acts in and of themselves-- were (and still are) used to further promote their **other predicate acts of RICO**, such as extortion, obstruction of justice, **fraud on the Court**, conspiracy to commit fraud, et al.

37. The Plaintiff **has** already identified the defendant(s) who made the alleged communication, and the time, place and content of the alleged communication. **See e.g. Complaint, ¶¶ 9-29, 45-74.** As to the **time** of the alleged communication(s), ¶ 10, e.g., clearly states that:

> **From on or about the years 2001 through 2005,** defendants, inter alia, conspired to commit, and in fact, did commit **hundreds of predicate R.I.C.O. acts**, which include, but are not limited to

the following: Wire Fraud, Mail Fraud, False Statements, **Fraud on the Court(s)**, Obstruction of Justice, Witness Tampering, Bank Fraud, Money Laundering, and Extortion, all in violation of, inter alia, the R.I.C.O. Statutes, i.e., 18 U.S.C. § 1961 et seq., particularly 18 U.S.C. § 1962(c), which states:

> It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the acivities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enteprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

38. As to the **place** of the alleged communications, the Complaint, ¶ 12, e.g., clearly states:

> The R.I.C.O. acts, supra and infra, violations of 18 U.S.C. § 1962(c), were committed by the defendants **in or around Woburn, Middlesex County, Massachusetts--within the jurisdiction of this Court--, as well as**, inter alia, **Memphis, Shelby County, Tennessee, Chicago, Illinois, and New York, New York.**

39. As to the **content and** the **time** of the alleged communications, the Complaint, ¶ 19, e.g., clearly states that:

> Defendants [including CIT GROUP, INC. et al.], et al., **within the time period supra**, published **false and misleading statements** via the internet, e.g., over the WREG-TV, Inc. website, i.e., over www.wreg.com, in furtherance of the R.I.C.O. conspiracy and commission of the predicate R.I.C.O. acts, supra and infra.

40. The Complaint, ¶¶ 18-23 (¶ 23 quoted in ¶ 9 supra) identify the **defendant(s) and** the **content** of the alleged communications.

41. Defendants WREG-TV, INC. et al. refer to <u>Bessette v. Avco Financial Services, Inc.</u>, 230 F.3d 439, 230 F.3d 439 (1st Cir. 2000), to "support" their argument that the Complaint "lacks sufficient particularity," without giving credit to the other more applicable statements by the Court--who, incidentally, ruled for that plaintiff/appellant--immediately preceding their quote, which are:

> We review the grant of a motion to dismiss de novo, applying the same criteria as the district court. See <u>LaChapelle v. Berkshire</u>

Life Ins. Co., 142 F.3d 507, 509 (1st Cir. 1998); Garita Hotel Ltd. Partnership v. Ponce Fed. Bank, 958 F.2d 15, 17 (1st Cir. 1992). **Accordingly, we accept the facts alleged in the [RICO] Complaint as true, drawing all reasonable inferences in favor of the appellant [the plaintiff].** See Garita, 958 F.2d at 17. **The Court may affirm the dismissal for failure to state a claim only if, under the facts alleged, "'the plaintiff cannot recover on any viable theory.'"** Id. (quoting Correa-Martjnez v. Arrillaga-Beléndez, 903 F.2d 49, 52 (1st Cir. 1990))(emphasis added).

42. In the instant action, the Plaintiff **can**, in fact, **under the facts alleged, recover on his "viable theory**." Id.

43. Pursuant to Bessette v. Avco Financial Services, Inc., 230 F.3d 439, 230 F.3d 439 (1st Cir. 2000), quoted supra, this Court must draw **all reasonable inferences in favor of the Plaintiff.**

44. Plaintiff **has** already pleaded specific facts demonstrating the requisite elements of a RICO claim, thereby satisfying the notice requirements of rule 8. See e.g. Complaint, ¶¶ 9-29.

45. None of the Plaintiff's allegations are (fatally) deficient. Instead, it is the observations and arguments of the defendants CIT GROUP, INC., WREG-TV, INC., WORLDNOW, ANDY WISE, and THE NEW YORK TIMES, in their instant motions to dismiss, that are groundless and fatally deficient.

46. E.g., the Plaintiff **has** already alleged facts showing the existence of "an **ongoing organization**, formal or informal," in which the various associates **function as a continuing unit**." See e.g. United States v. Turkette, 452 U.S. 576, 583 (1981)(and Complaint, ¶ 64, in which Plaintiff cites Turkette) and the Complaint, ¶¶ 25, 28, 69 and 73(f-j and m-p). ¶¶ 73(f-j and m-p) read as follows:

> f. The defendants' felonious RICO activity demonstrates an **ongoing** and coordinated behavior among the defendants that constitutes an association-in-fact RICO enterprise.

10

g. The behavior of the defendants is coordinated, such that they **function as a continuing unit**.

h. There is an **organization**al structure existing between the entities involved.

i   There exists a "chain of command" or "hierarchy" composing the **organization**al structure of this association-in-fact RICO enterprise.

j. The defendants' felonious RICO activities are **ongoing**, even into the present, and are obviously coordinated by the defendants functioning in a managerial and/or advisory role.

m. These association-in-fact RICO enterprises and their affiliates [all of the defendants] are **continuing** to defraud, extort, and commit other felonious predicate acts of RICO, and are not merely an ad hoc collection of individuals who temporarily joined forces.

n. All of the defendants engage in **ongoing** coordinated behavior that constitutes association-in-fact RICO enterprises.

o. Therefore, all of the defendants function[ed] (and still function) as **continuous** units which have an ascertainable **organization**al structure.

p. These stable and fluid entities are sufficient to constitute association-in-fact RICO enterprises.

47. Plaintiff has already pleaded the existence of an enterprise "separate and apart" from the alleged racketeering activity. See e.g. Complaint, ¶¶ 64-66, 70, and 73.

48. In the Complaint, ¶¶ 64-74 describe in detail the defendants' association-in-fact enterprises and that such an association constitutes a "larger unit, **over and above** [the participants'] separate structures and operations." Libertad v. Welch, 53 F.3d 428, 442 (1st Cir. 1995). E.g., ¶ 73 which begins:

> Defendants LEASECOMM, CIT GROUP, WREG-TV, INC., WORLDNOW, and THE NEW YORK TIMES are, in fact, association-in-fact R.I.C.O. enterprises, in the meaning of the RICO statutes, 18 U.S.C. § 1961 et seq., and in the instant complaint, claim, and legal civil action, **RICO enterprises out of which** the RICO

11

**person, i.e., the individual defendants, operate...**

49.     And Plaintiff has already pleaded the **distinction** of the violators (i.e., **all** of the defendants) of, inter alia, § 1962(c) from the enterprise(s). See e.g. Complaint, ¶¶ 65-66.  ¶ 65 clearly states:

> There is a person/enterprise **distinction** concerning the defendants, i.e., there is a **distinction** between the RICO "persons" and the RICO "enterprise(s)." See <u>River City Markets, Inc. v. Fleming Foods West, Inc.</u>, 960 F.2d 1458 (9th Cir. 1992).

50.     Therefore, as shown supra, the Complaint is <u>not</u> utterly deficient in its allegations of the existence of an "enterprise" or "enterprises," as defendants CIT GROUP, INC., WREG-TV, INC., WORLDNOW, ANDY WISE, and THE NEW YORK TIMES argue.

51.     The Complaint is instead extremely proficient in its all of its allegations, including those concerning the existence of an association-in-fact "enterprise" or association-in-fact R.I.C.O. "enterprises."

52.     The Plaintiff already **has** alleged facts of proof which would demonstrate that the defendants have formed an **association** that exists for **some purpose <u>other than</u>** committing the predicate acts forming the pattern of conduct actionable under the RICO statutes. See e.g. Complaint, ¶¶ 64-74.  ¶ 70 clearly states:

> There is also a distinction between the RICO enterprise and the racketeering activity of the defendants. I.e., the defendant members of this RICO enterprise are, in fact, **linked by <u>more than</u>** their participation in the same pattern of racketeering activity. See <u>McDonough v. National Home Ins. Co.</u>, 108 F.3d 174 (8th Cir. 1997).

53.     '"[With] particularity" "means the who, what, when, where, and how:  the first paragraph of any newspaper story."'  <u>DiLeo v. Ernst & Young</u>, 901 F.2d 624, 627 (7th Cir. 1990)(also quoted by

defendants).

54. The who, what, when, where, and how are clearly revealed in the Complaint, ¶¶ 9-29. All one has to do is read them.

55. Plaintiff does <u>not</u> fail to allege facts demonstrating the existence of an "Enterprise," and the defendants' participation in such an "Enterprise." See e.g. Complaint, ¶¶ 64-70, 73(a-y), and 74.

56. Plaintiff has already pleaded the existence of an enterprise "separate and apart" from the alleged racketeering activity. See e.g. Complaint, ¶¶ 64-66, 70, and 73.

57. The false and misleading (defamatory) statements referenced in the Complaint were, inter alia, used "...in furtherance of the R.I.C.O. conspiracy, supra and infra, and in violation of the R.I.C.O. Statutes, 18 U.S.C. Sections 1961 et seq.,..." Complaint, ¶ 23. Accordingly, a defamation claim, though not alleged, is implicated.

58. All of the defendants, including CIT GROUP, INC., WREG-TV, INC., WORLDNOW, ANDY WISE, and THE NEW YORK TIMES had (and still have) privileged knowledge as well as public knowledge of Plaintiff's past and present Court proceedings and records, <u>since</u> **they all are the entities intricately involved in directly or indirectly making these false and misleading statements to the Court(s)**, <u>and</u> have 24-hour access to the internet, specifically 24-hour access to defendant WREG-TV, INC.'s webpage www.wreg.com, and to the published **false and misleading statements** regarding the Plaintiff accessed there .

59. Therefore, all of the defendants, including CIT GROUP, INC., WREG-TV, INC., WORLDNOW, ANDY WISE, and THE NEW YORK TIMES are already in past and present **possession and control** of the **false and**

13

**misleading statements <u>made to the Courts and made over the internet</u>**, by their free and public access to Plaintiff's Court documents and the internet, e.g. defendant WREG-TV, INC's webpage, www.wreg.com, the internet address which was provided by Plaintiff in Complaint, Cover Page 1 and ¶¶ 20 and 22, which allowed (and still allows) all of the defendants free and public (24-hour) access to, inter alia, the "false and misleading statements" made by all of the defendants and pleaded in Complaint, e.g. Complaint, ¶¶ 10, 19, 20, 21, 22, and 23.

60. It appears that the defendants CIT GROUP, INC., WREG-TV, INC., WORLDNOW, ANDY WISE, and THE NEW YORK TIMES agree with the Plaintiff in most respects, as they cite and quote many of the same cases that the Plaintiff does in support of his Complaint.

61. The Complaint does <u>not</u> fail to state a claim under RICO, does <u>not</u> lack sufficient particularity, does <u>not</u> fail to allege facts demonstrating the existence of an "enterprise," and all the defendants' (including CIT GROUP, INC., WREG-TV, INC., WORLDNOW, ANDY WISE, and THE NEW YORK TIMES) participation in such an "enterprise," does <u>not</u> fail to plead Plaintiff's claims of mail fraud and wire fraud with particularity, does <u>not</u> fail to plead sufficient facts concerning the other predicate acts alleged in the Complaint, does <u>not</u> fail to allege an injury cognizable under RICO, does <u>not</u> fail to allege proximate cause, and does <u>not</u> fail to state a claim for conspiracy. See e.g. Complaint, ¶¶ 9-29, 45-74, and 75-121.

62. I.e., Plaintiff's Complaint **succeeds** magnificently in stating a claim under RICO, in providing sufficient particularity, in alleging facts demonstrating the existence of an "enterprise," and all

14

the defendants' (including CIT GROUP, INC., WREG-TV, INC., WORLDNOW, ANDY WISE, and THE NEW YORK TIMES) participation in such an "enterprise," in pleading Plaintiff's claims of mail fraud and wire fraud with particularity, in pleading sufficient facts concerning the other predicate acts alleged in the Complaint, in alleging an injury cognizable under RICO, in alleging proximate cause, and in stating a claim for conspiracy, etc. See e.g. Complaint, ¶¶ 9-29, 45-74, and 75-121.

63. As is clearly and sufficiently shown supra, **all of the arguments of defendants** CIT GROUP, INC., WREG-TV, INC., WORLDNOW, ANDY WISE, and THE NEW YORK TIMES **are fatally deficient** to sustain their respective motions to dismiss the complaint, i.e., DEFENDANT CIT GROUP, INC.'S MOTION TO DISMISS THE COMPLAINT, and the MOTION OF WREG-TV, WORLDNOW, ANDY WISE, AND THE NEW YORK TIMES TO DISMISS THE COMPLAINT **are fatally deficient**.

64. The Complaint has sustained Plaintiff's instant Civil R.I.C.O. Action by proficiently demonstrating, inter alia, (1) that **all of the defendants** (2) **through the commission of two or more acts** (3) **constituting a "pattern"** (4) **of "racketeering activity"** (5) **directly or indirectly** invest in, or maintain an interest in, or **participate in** (6) **an "enterprise"** (7) **the activities of which affect interstate commerce.**

65. As is true with most, if not all, amended complaints, discovery in this civil action is expected to "flesh out" additional relevant facts that would strengthen Plaintiff's complaint.

66. As the Complaint states, Plaintiff plans "to amend this

15

Complaint, pursuant to F.R.Civ.P.15(a), once discovery in this action has been completed (Complaint, ¶ 126)," because, inter alia, "[t]here are or may be other co-conspirators and/or defendants in this R.I.C.O. conspiracy, supra and infra, which will or may be named at a later time, **pursuant to full and complete discovery**." (Complaint, ¶ 29).

67. **In this United States District Court, similar motions by defendants to dismiss a R.I.C.O. complaint have been denied**. See e.g. ECONO-CAR INTL., INC. v. AGENCY RENT-A-CAR, INC., 589 F. Supp. 1368 (D.Mass. 06/14/1984), MILLER v. NEW AMERICA HIGH INCOME FUND, 755 F. Supp. 1099 (D.Mass. 01/9/1991), GAUDETTE v. PANOS, 644 F. Supp. 826 (D.Mass. 09/24/1986), SHARPE v. KELLEY, 835 F. Supp. 33 (D.Mass. 10/13/1993), IN RE LUPRON® MARKETING AND SALES PRACT. LITIG., 1430,01-CV-10861-RGS. (D.Mass. 09/16/2004).

68. **Conclusion**: the defendants CIT GROUP, INC., WREG-TV, INC., WORLDNOW, ANDY WISE, and THE NEW YORK TIMES have not offered any legitimate grounds whatsoever to legitimize dismissal of the Plaintiff's Complaint.

69. WHEREFORE, ALL PREMISES CONSIDERED, this Honorable Court should **deny, dismiss, and/or strike from the record** both DEFENDANT CIT GROUP, INC.'S MOTION TO DISMISS THE COMPLAINT, and the MOTION OF WREG-TV, WORLDNOW, ANDY WISE, AND THE NEW YORK TIMES TO DISMISS THE COMPLAINT.

Respectfully submitted,

*[signature]*

PHILLIP LACEFIELD, Pro se
18183-076
FCC Forrest City
P.O. Box 3000
Forrest City, Arkansas 72336-3000
Telephone: (870)630-6000

Dated: October 7, 2005.

### CERTIFICATE OF SERVICE

This certifies that I, PHILLIP LACEFIELD, Pro se, have delivered, filed, and served a copy of the foregoing

**PLAINTIFF'S MEMORANDUM OF FACTS, REASONS, AND LAW IN SUPPORT OF PLAINTIFF'S CONSOLIDATED RESPONSE AND OPPOSITION TO DEFENDANT CIT GROUP, INC.'S MOTION TO DISMISS THE COMPLAINT, AND RESPONSE AND OPPOSITION TO THE MOTION OF WREG-TV, WORLDNOW, ANDY WISE, AND THE NEW YORK TIMES TO DISMISS THE COMPLAINT, AND RESPONSE AND OPPOSITION TO THEIR ACCOMPANYING MEMORANDUMS IN SUPPORT**

on every other party or its attorney of record via first-class United States Mail, first-class postage prepaid, deposited in the Legal Mail Mailbox, located at FCC Forrest City, Forrest City, Arkansas 72335.

THIS, the 7th Day of October, 2005.

*[signature]*

PHILLIP LACEFIELD, Pro se

17