IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

PHILLIP LACEFIELD,
      Plaintiff,

V.

LEASECOMM, et al.,
      Defendants.

Civil Action

No.: 1:05-cv-11581-RCL

**PLAINTIFF'S MEMORANDUM OF FACTS, REASONS, AND LAW IN SUPPORT OF PLAINTIFF'S RESPONSE AND OPPOSITION TO DEFENDANT LEASECOMM CORPORATION'S MOTION TO DISMISS, AND RESPONSE AND OPPOSITION TO THE ACCOMPANYING MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT LEASECOMM CORPORATION'S MOTION TO DISMISS**

DEFENDANT LEASECOMM CORPORATION'S MOTION TO DISMISS, and the accompanying MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT LEASECOMM CORPORATION'S MOTION TO DISMISS state that Plaintiff:

    a.    fails to state a claim upon which relief can be granted,

    b.    fails to plead with particularity, and

    c.    fails to set forth specific facts reflecting the required elements of a RICO claim.

But and when, in fact, in the instant Complaint, the Plaintiff:

    a.    **does**, in fact, state a claim upon which relief can be granted,

    b.    **does**, in fact, plead with particularity, and

    c.    **does**, in fact, set forth specific facts reflecting the required elements of a RICO claim, as is shown infra.

    1.    As shown supra and infra, LEASECOMM (a.k.a. LEASECOMM CORPORATION) makes only unsubstantiated and desperate responses to

Plaintiff's Complaint. Plaintiff responds to, **objects to, and strongly opposes** these unsubstantiated and desperate responses (in the order of their appearance), as follows.

2.   First, on page 6, ¶ 1 of MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT LEASECOMM CORPORATION'S MOTION TO DISMISS, defendant LEASECOMM states:

> Therefore, to survive this motion, Lacefield must allege *at a minimum* that Leasecomm conducted the affairs of an alleged enterprise.

3.   Well, Plaintiff **has** alleged that **Leasecomm conducted the affairs** of an alleged **enterprise** many times in his complaint. See e.g. Complaint, ¶¶ 9-19, 23, 25-29, 49-58, 62, 64-72, 73 (a-y), 74, 93-96, 98-100, 106, 115, 121, and STATEMENT OF CASE (Complaint, page 2). See ¶¶ 4 et seq., infra.

4.   The Complaint, ¶ 10 clearly states:

> From on or about the years 2001 through 2005, **defendants**, inter alia, conspired to commit, and in fact, **did commit hundreds of predicate R.I.C.O. acts**, which include, **but are not limited to the following: Wire Fraud, Mail Fraud, False Statements, Fraud on the Court(s)**, Obstruction of Justice, Witness Tampering, Bank Fraud, Money Laundering, and Extortion, all in violation of, inter alia, the R.I.C.O. Statutes, i.e., 18 U.S.C. § 1961 et seq., **particularly 18 U.S.C. § 1962(c)**, which states:
>
> It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the acivities of which affect, interstate or foreign commerce, to **conduct or participate**, directly or indirectly, in the conduct of such enteprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

5.   The Complaint, ¶ 11 clearly states:

> Inter alia, **these R.I.C.O. acts were committed** in Court, through the mails, through the use of the United States wires...

6.   The Complaint, ¶ 12 clearly states:

**The R.I.C.O. acts, supra and infra, violations of 18 U.S.C. § 1962(c), were committed by the defendants** in or around Woburn, Middlesex County, Massachusetts--within the jurisdiction of this Court--, as well as, inter alia, Memphis, Shelby County, Tennessee, Chicago, Illinois, and New York, New York.

7. The Complaint, ¶ 14 clearly states:

Inter alia, Plaintiff was damaged [injured] by **the defendants' R.I.C.O. activity** in that Plaintiff suffered the consequences of a bogus judgment, which was fraudulently **procured** by **the defendants--through their pattern of racketeering activity**, supra and infra--against him, in the amount of over $300,000.00.

8. The Complaint, ¶ 15 clearly states:

This fraudulently-**procured** judgment has, of course, negatively affected, i.e., damaged [injured], inter alia, Plaintiff's credit history and credit rating, thereby causing Plaintiff's business and property to be injured, invoking Federal R.I.C.O. Statute 18 U.S.C. Section 1964(c), quoted supra.

9. The Complaint, ¶ 16 clearly states:

**Defendants all** had knowledge of and/or **participated** in the R.I.C.O. conspiracy, supra and infra, and are therefore **all** co-conspirators in this R.I.C.O. conspiracy.

10. The Complaint, ¶ 17 clearly states:

**Defendants, et al., all** had knowledge of and/or **participated** in the **predicate R.I.C.O. acts**, supra and infra, are are therefore, inter alia, co-participants in these **R.I.C.O. enterprises** and this R.I.C.O. activity, supra and infra.

11. The Complaint, ¶ 18 clearly states:

Defendants ANDY WISE, ET AL. [which includes defendant Leasecomm Corporation], had a **leadership/organizer role** in the R.I.C.O. conspiracy and in the **commission of the R.I.C.O. activity**, supra and infra.

12. I.e., defendant Leasecomm Corporation **conducted** the R.I.C.O. conspiracy and **activity** supra.

13. The Complaint, ¶ 23 clearly states:

**Defendants LEASECOMM, ET AL.**, had a **leadership/organizer role** in the R.I.C.O. conspiracy, supra and infra, and **participated** in the **R.I.C.O. activity**, supra and infra, particularly in the

**presentation** of false and misleading statements to the Courts, Mail Fraud and/or Wire Fraud, Obstruction of Justice, and/or Witness Tampering, etc., in furtherance of the R.I.C.O. conspiracy, supra and infra, and in violation of the R.I.C.O. Statutes, 18 U.S.C. Sections 1961 et seq., thereby injuring the Plaintiff in his business and property by conspiring to commit and actually **committing the predicate R.I.C.O. acts**, supra and infra, to, inter alia, **procure** a counterfeit, confederate, bogus, and therefore unconstitutional judgment against the Plaintiff in the amount of over $300,000.00.

14.   The Complaint, ¶ 24 clearly states:

Plaintiff has, inter alia, been damaged [injured] by the illegally- and unconstitutionally-**procured** bogus judgment supra, an illegal and unconstitutional bogus judgment **procured against the Plaintiff by the defendants and co-conspirators, et al., through their R.I.C.O. conspiracy to commit and through the actual commission of the multiple predicate felony R.I.C.O. acts**, supra and infra.

15.   The Complaint, ¶ 25 clearly states:

**The R.I.C.O. activity**, supra and infra, is continuing to be **committed** by **the defendants** and co-conspirators, et al.--even up to the date of this filing--, and therefore also poses a real threat of continuity.

16.   The Complaint, ¶ 26 clearly states:

All of **the defendants** and co-conspirators, et al., are jointly and severally liable to the Plaintiff, et al., for all of the damages [injuries] suffered by the Plaintiff, et al., supra and infra, due to the R.I.C.O. conspiracy and **R.I.C.O. activity**, supra and infra.

17.   The Complaint, ¶ 27 clearly states:

**The predicate R.I.C.O. acts** of **the defendants** and co-conspirators, et al., form a pattern of racketeering activity.

18.   The Complaint, ¶ 28 clearly states:

**R.I.C.O. enterprises exist in the instant case because the predicate R.I.C.O. acts [of defendants Leasecomm, et al.]**, supra and infra, **are related and there is a threat that these predicate felony R.I.C.O. acts will continue.**

19.   I.e., as shown in ¶¶ 3-17 supra (and Complaint, ¶¶ 10-18 and 23-28, defendant Leasecomm **conducted the affairs** of an (alleged)

**enterprise**. Therefore, according to defendant Leasecomm Corporation, Plaintiff has already survived their instant motion to dismiss. See ¶ 2 supra.

20. The Complaint, ¶ 45 clearly states:

As a direct result of **the defendants' R.I.C.O. activity**...

21. The Complaint, ¶ 49 clearly states:

All of the injuries suffered by the Plaintiff, supra, were proximately caused by **the defendants**. I.e., there is a direct relationship between the injuries suffered by the Plaintiff and the injurious **RICO conduct** of **the defendants**, which was intentional and deliberate, with forethought, and with the intent of causing, inter alia, intentional infliction of emotional distress on the Plaintiff and Plaintiff's family.

22. The Complaint, ¶ 50 clearly states:

**Predicate RICO acts** constituted **the defendants' RICO conduct**, pursuant to 18 U.S.C. § 1961 et seq., RICO.

23. The Complaint, ¶ 51 clearly states:

Plaintiff was directly injured by the **RICO conduct** of **the defendants**. I.e., Plaintiff was not a third party victim.

24. The Complaint, ¶ 52 clearly states:

Plaintiff was a direct VICTIM of **the defendants' RICO conduct**.

25. The Complaint, ¶ 53 clearly states:

Only the **RICO conduct** of **the defendants** proximately caused the resulting injuries suffered by the Plaintiff.

26. The Complaint, ¶ 55 clearly states:

The Courts, et al., supra, reasonably relied on the false, untrue and/or misleading information **presented** to them supra to be accurate and truthful, but it was not accurate nor truthful, thereby causing Plaintiff Lacefield to be injured, inter alia, in his business and/or property, supra and infra.

27. The Complaint, ¶ 57 clearly states:

Even if this reliance [to show proximate causation, see Complaint, ¶ 56] were not present, the Plaintiff's business and

5

person were **targeted by the fraudulent statements** of **the defendants**, supra, for the Court, et al., to rely on. See Proctor and Gamble Co. v. Amway Corp., 242 F.3d 539 (5th Cir. 2001).

28. The Complaint, ¶ 58 clearly states:

The timeline supra firmly establishes **the defendants'** pattern of **racketeering activity**, supra and infra.

29. The Complaint, ¶ 62 clearly states:

**The R.I.C.O. elements** in the instant action are:

a. **The conduct, the predicate acts of RICO**,...see Grimmett v. Brown, 75 F.3d 506, 510 (9th Cir. 1996).

30. The Complaint, ¶ 64 clearly states:

RICO encompasses both legitimate and illegitimate **enterprises**. See United States v. Turkette, 452 U.S. 576 (1981). So, **even though the defendants persumedly run legitimate enterprises, they are still qualified as RICO defendants**.

31. The Complaint, ¶ 65 clearly states:

There is a person/**enterprise** distinction concerning **the defendants**, i.e., there is a distinction between the RICO "persons" and **the RICO "enterprise(s)**." See River City Markets, Inc. v. Fleming Foods West, Inc., 960 F.2d 1458 (9th Cir. 1992).

32. The Complaint, ¶ 66 clearly states:

With regard to the person/**enterprise** distinction, **the defendants** can associate with a group of which he is a member while the member and the group remain distinct. See Riverwoods Chappaqua Corp. v. Marine Midland Ban, N.A., 30 F.3d 339 (3rd Cir. 1995).

33. The Complaint, ¶ 67 clearly states:

Although **a RICO enterprise** need not be economically motivated, in the instant claim, **the defendants**, et al., were economically motivated. See National Organization for Women, Inc. v. Scheidler, 510 U.S. 249 (1993).

34. The Complaint, ¶ 68 clearly states:

The defendant persons named, individually and in their official capacities, **participate(d) in the operation and/or management of the enterprise(s) itself**, thereby making themselves liable under

18 U.S.C. § 1964(c) of the RICO statutes. See <u>Reves v. Ernst & Young</u>, 507 U.S. 70 (1993).

35.   The Complaint, ¶ 70 clearly states:

There is also a distinction between **the RICO enterprise** and the racketeering activity of **the defendants**. I.e., **the defendant members** of **this RICO enterprise** are, in fact, linked by more than their **particiption** in the same pattern of **racketeering activity**. See <u>McDonough v. National Home Ins. Co.</u>, 108 F.3d 174 (8th Cir. 1997).

36.   The Complaint, ¶ 71 clearly states:

**The defendants' racketeering activities** are a substantial factor in the chain of causation that led to Plaintiff Lacefield's losses.

37.   The Complaint, ¶ 72 clearly states:

And, Plaintiff's losses were reasonably foreseeable consequences of **the defendants' racketeering conduct**.

See <u>Lerner v. Fleet Bank</u>, 318 F.3d 113 (2nd Cir. 2003).

38.   The Complaint, ¶¶ 73 and 73(a) clearly state:

**Defendants LEASECOMM**, CIT GROUP, WREG-TV, INC., WORLDNOW, and THE NEW YORK TIMES are, in fact, **association-in-fact R.I.C.O. enterprises**, in the meaning of the RICO statutes, 18 U.S.C. § 1961 et seq., and in the instant complaint, claim, and legal civil action, **RICO enterprises** out of which the RICO person, i.e., the individual defendants, **operate**, with the following **association-in-fact enterprise** characteristics:

a.   The individual **defendants** are all RICO persons distinct from **these RICO enterprises**, and are not **the RICO enterprises**; they [including Thomas M. Palmer, Carol Salvo, and Richard LeTour, et al., see Complaint, ¶ 2 and Complaint, page 1, i.e., "LEASECOMM...corporately, inclusive of all of its corporate officers and corporate executives, individually and in their official capacities..."] are only the persons **directing the affairs in, participating in**, and associated with **these RICO enterprises**.

39.   I.e., **Thomas M. Palmer, Carol Salvo, and Richard LeTour**, et al., are defendant Leasecomm Corporation's corporate officers and/or corporate executives, who acted on behalf of defendant

Leasecomm Corporation and are "the persons **directing the affairs in, participating in, and associated with these RICO enterprises**."

See ¶ 34 supra.

40. As stated in the Complaint, ¶ 29:

There are or may be other co-conspirators and/or defendants in this R.I.C.O. conspiracy, supra and infra, which will or may be named at a later time, pursuant to full and complete discovery.

41. The Complaint, ¶¶ 73(b-e) clearly state:

b. Each of the individual defendants are a "person," and together they form an association-in-fact **"enterprise."**

c. The organization to which all the individual **defendants** belong is the **association-in-fact RICO "enterprise,"** through which they have **conducted** the, supra and infra, **racketeering activity**.

d. All of the individual **defendants** are persons employed by or associated with these **RICO enterprises**, and are all therefore liable under the RICO statutes, both individually and in their official capacities as agents for these **association-in-fact enterprises**.

e. While some distinction between the **"enterprise"** and the "person" exists, these individual **RICO defendants** are all "affiliated" with these **RICO enterprises**, thereby making them all legally liable.

42. I.e., **Thomas M. Palmer, Carol Salvo, and Richard LeTour**, et al., defendant Leasecomm Corporation's corporate officers and/or corporate executives, who acted on behalf of Leasecomm Corporation, are "the persons **directing the affairs in, participating in, and associated with these RICO enterprises**, and are, of course, employed by or associated with, affiliated with, and are agents for defendant Leasecomm Corporation, the organization to which they belong and which is the **association-in-fact RICO "enterprise,"** through which they have **conducted** the **racketeering activity**, which is the subject of this

civil action.

    43.    The Complaint, ¶¶ 73(f-q) clearly state:

f.    **The defendants' <u>felonious RICO activity</u>** demonstrates and ongoing and coordinated <u>**behavior**</u> among **the defendants** that constitutes an **association-in-fact RICO <u>enterprise</u>**.

g.    The behavior of the defendants is coordinated, such that they function as a continuing unit.

h.    There is an organizational structure existing between the entities involved.

i    There exists a "chain of command" or "hierarchy" composing the organizational structure of this **association-in-fact RICO <u>enterprise</u>**.

j.    **The defendants' <u>felonious RICO activities</u>** are ongoing, even into the present, and are obviously **<u>coordinated</u>** by **the defendants** functioning in a **<u>managerial</u>** and/or **<u>advisory</u> role**.

k.    The intent of **these association-in-fact RICO <u>enterprises</u>** was and is to defraud the Plaintiff, to defraud the public, and to defraud the Court, supra and infra.

l.    **The RICO <u>activity</u>** of **the defendants** was a ploy and a conspiracy to extort money and other property from the Plaintiff.

m.    **These association-in-fact RICO <u>enterprises</u>** and their affiliates [all of the defendants] are continuing to defraud, extort, and **<u>commit</u>** other **<u>felonious predicate acts of RICO</u>**, and are not merely an ad hoc collection of individuals who temporarily joined forces.

n.    All of the defendants engage in ongoing coordinated behavior that constitutes **association-in-fact RICO <u>enterprises</u>**.

o.    Therefore, all of the defendants function[ed] (and still function) as continuous units which have an ascertainable organizational structure.

p.    These stable and fluid entities are sufficient to constitute **association-in-fact RICO <u>enterprises</u>**.

q.    As part of these structured **RICO <u>enterprises</u>**, these RICO defendants performed roles separate from the **<u>predicate acts</u>** themselves.

    44.    Defendant Leasecomm Corporation states on page 5 of its instant 53-page memorandum:

Conspicuously absent are allegations that show that the defendant entities are interrelated. The complaint says nothing about the **"hierarchy, organization, and activities" of the enterprise, as distinct from the individual activities of its purported members, nor is there any hint of "structural continuity," and "organizational pattern," or a "system of authority."** Manhattan Telecommunications, 156 F.Supp.2d at 380-81. Lacefield has simply alleged that Leasecomm, and the other named defendants, engaged in "Wire Fraud, Mail Fraud, False Statements, Fraud on the Court(s), Obstruction of Justice, Witness Tampering, Bank Fraud, Money Laundering, and Extortion[.]" Complaint, ¶ 10. Critically, Lacefield alleges no **activities** of an "enterprise" in which different **"persons"** play defined **roles** in an integrated alliance to achieve a collective objective...See Nasik Breeding, 165 F.Supp.2d at 539 (allegations must clearly differentiate between **"persons"** and the **"enterprise"** ).

45.  Plaintiff would direct the attention of Leasecomm Corporation and this Honorable Court to the Complaint, ¶¶ 73(e-q), which state (with different emphasis added):

> e.   While some **distinction** between the **"enterprise"** and the **"person"** exists, these individual RICO defendants are all "affiliated" with these RICO enterprises, thereby making them all legally liable.
>
> f.   The defendants' felonious **RICO activity** demonstrates and ongoing and **coordinated** behavior among the defendants that constitutes an association-in-fact RICO enterprise.
>
> g.   The behavior of the defendants is **coordinated**, such that they function as a **continuing unit**.
>
> h.   There is an **organizational structure** existing between the entities involved.
>
> i    **There exists a "chain of command" or "hierarchy" composing the organizational structure of this association-in-fact RICO enterprise.**
>
> j.   The defendants' felonious **RICO activities** are **ongoing**, even into the present, and are obviously **coordinated** by the defendants functioning in a **managerial and/or advisory role**.
>
> k.   The intent of these association-in-fact RICO enterprises was and is to defraud the Plaintiff, to defraud the public, and to defraud the Court, supra and infra.
>
> l.   The **RICO activity** of the defendants was a ploy and a

conspiracy to extort money and other property from the Plaintiff.

    m.    These association-in-fact RICO enterprises and their affiliates [all of the defendants] are **continuing** to defraud, extort, and commit other felonious **predicate acts of RICO**, and are **not merely an ad hoc collection of individuals** who temporarily joined forces.

    n.    All of the defendants engage in ongoing **coordinated behavior** that constitutes association-in-fact RICO enterprises.

    o.    Therefore, all of the defendants function[ed] (and still function) as **continuous units** which have an **ascertainable organizational structure**.

    p.    These **stable and fluid entities** are sufficient to constitute association-in-fact RICO enterprises.

    q.    As part of these **structured RICO enterprises**, these RICO defendants performed roles **separate** from the predicate acts themselves.

46.    Also, the Complaint, ¶ 65 clearly states:

There is a person/enterprise **distinction** concerning the defendants, i.e., there is a **distinction** between the RICO **"persons"** and the RICO **"enterprise(s)."**  See River City Markets, Inc. v. Fleming Foods West, Inc., 960 F.2d 1458 (9th Cir. 1992).

47.    And, the Complaint, ¶ 65 clearly states:

With regard to the **person/enterprise distinction**, the defendants can associate with a group of which he is a member while the member and the group remain **distinct**.  See Riverwoods Chappaqua Corp. v. Marine Midland Bank, N.A., 30 F.3d 339 (3rd Cir. 1995).

48.    Obviously, defendant Leasecomm Corporation's arguments fail miserably when attention is drawn to the Plaintiff's actual Complaint, rather than to Leasecomm's spurious comprehension of it.

49.    The Complaint ¶¶ 73(k) and 73(l) summarize the **activities** of Leasecomm Corporation's association-in-fact R.I.C.O. enterprise:

    k.    The intent of these association-in-fact RICO enterprises was and is to **defraud** the Plaintiff, to **defraud** the public, and to **defraud** the Court, supra and infra.

    l.    The **RICO activity** of the defendants was a ploy and a

11

conspiracy **to extort money and other property from the Plaintiff**.

50. The **activities** of Leasecomm Corporation's association-in-fact R.I.C.O. enterprise are enumerated in the Complaint, e.g. Complaint, ¶¶ 10 and 23.

51. The 'different "**persons**" playing defined **roles** in an integrated alliance to achieve a collective objective' (see Complaint, ¶ 73(1), quoted in ¶¶ 43 and 45 supra) are named in Complaint, ¶¶ 2-7. As to defendant Leasecomm, the Complaint, ¶ 2 states as follows:

> The defendant LEASECOMM has its corporate offices located in Woburn, Middlesex County, Massachusetts, with a business address of 10-M Commerce Way, Woburn, MA 01801, and its **corporate officers, corporate executives, and co-conspirators**, which do or may include, but are not limited to the following, **are: Thomas M. Palmer, Carol Salvo, and Richard LeTour, et al.**, are residents of, inter alia, the Woburn, Massachusetts area, the Chicago, Illinois area, the Memphis, Tennessee area, and the New York, New York area, and are citizens of the United States.

52. The Complaint, ¶ 67 clearly states (with different emphasis added):

> Although a RICO enterprise need not be **economically motivated**, in the instant claim, **the defendants, et al., were economically motivated**. See National Organization for Women, Inc. v. Scheidler, 510 U.S. 249 (1993).

53. I.e., **all of the defendants**--including Leasecomm Corporation--**benefited financially**, Leasecomm Corporation by, inter alia, obtaining a "windfall" of over $300,000.00 in the form of an illegally- and unconstitutionally-procured "counterfeit, confederate, bogus, and therefore unconstitutional judgment against the Plaintiff in the amount of over $300,000.00."

54. This judgment supra was procured **by all of the defendants working together, and playing their "defined roles in an integrated**

12

**alliance to achieve a collective objective,"** as shown supra and infra.

55.  In March 2001, Leasecomm Corporation's Vice-President Richard Letour made false and misleading statements concerning the Plaintiff to defendant ANDY WISE (see e.g. Complaint, ¶¶ 10 and 23), which ANDY WISE in turn broadcasted via defendant WREG-TV, INC.'s television station (see e.g. Complaint, ¶¶ 10-11, 18-20, and 23), a television station owned by defendant THE NEW YORK TIMES (see e.g. Complaint, ¶¶ 19, 21 and 23 and defendant WREG-TV, INC's Corporate Statement filed with the Court in this action).  Defendant ANDY WISE then proceeded to broadcast these false and misleading statements of Richard LeTour via WREG-TV, INC's website www.wreg.com, a website hosted by defendant WORLDNOW (see e.g. Complaint, ¶¶ 19-22). These www.wreg.com website broadcasts have run daily and continually since March 2001 until the present (see www.wreg.com, specifically web page numbers 555811, 327326, and 871618).

56.  In furtherance of the R.I.C.O. activity in ¶ 55 supra, on or about February 2003, defendant Leasecomm Corporation's Thomas M. Palmer made false and misleading statements concerning the Plaintiff via the United States mails and/or the United States wires, causing Mail Fraud and/or Wire Fraud (see e.g. Complaint, ¶¶ 10-12, 19, and 23), false and misleading statements which he in turn caused to be made to the United States District Court, Western District of Tennessee, Western Division (Memphis), i.e., read into the Court record on October 29, 2003, causing Fraud on the Court(s), Obstruction of Justice, Extortion, etc. (see e.g. Complaint, ¶¶ 10-12 and 23). One such false and misleading statement made to the Court by Leasecomm

Corporation's Thomas M. Palmer was that the Plaintiff had caused Leasecomm Corporation to lose $312,123.33, when in fact, as the October 29, 2003 Court record (Court transcript, docket no. 171) shows, Leasecomm Corporation did not lose $312,123.33. The numbers presented to the Court and reflected in the Court record supra simply do not add up to $312,123.33, as represented by Leasecomm Corporation's Thomas M. Palmer and Carol Salvo, et al.

57. In fact, to Plaintiff's best knowledge and belief, and as discovery will show, defendant Leasecomm Corporation has not sustained any loss whatsoever, as Leasecomm Corporation's Thomas M. Palmer, et al. claim supra. Defendant Leasecomm Corporation has, in fact, made a substantial **profit** in this matter, due to the **affairs** of defendant Leasecomm Corporation which were **conducted** by defendant Leasecomm Corporation's **Richard LeTour, Thomas M. Palmer, Carol Salvo, et al.** (see ¶ 52 supra, and Complaint, ¶ 67).

58. Nonetheless, **Plaintiff became the victim** of this "counterfeit, confederate, bogus, and therefore unconstitutional judgment against the Plaintiff in the amount of over $300,000.00,"-- **due directly to the conduct of Leasecomm Corporation's Thomas M. Palmer, Carol Salvo, and Richard LeTour, et al.** (see ¶¶ 3-43 supra).

59. Pursuant to the Court Documents 155 (page 5 of 6) and 158 (page 5 of 7) dated October 30, 2003, filed October 31, 2003, and entered 11-3-03 (and provided by defendant Leasecomm Corporation in their Exhibit A to their 53-page instant memorandum), Leasecomm Corporation's Vice-President Carol Salvo, **conducting the affairs of** defendant Leasecomm Corporation's **association-in-fact R.I.C.O.**

**enterprise**, confirmed the false and misleading statements supra of Leasecomm Corporation's Vice-President Richard LeTour and corporate officer/executive Thomas M. Palmer (see Complaint, ¶¶ 2, 10-12, 23).

60. The **activities** supra of Leasecomm Corporation's **Richard LeTour, Thomas M. Palmer, and Carol Salvo, et al.**, different **"persons"** playing their defined **roles** in an integrated alliance with defendants ANDY WISE, WREG-TV, INC., THE NEW YORK TIMES, WORLDNOW, and CIT GROUP to achieve their **collective objective**, which was, as the Complaint, ¶ 23 clearly states:

> ...**injuring the Plaintiff in his business and property** by **conspiring to commit** and **actually committing the predicate R.I.C.O. acts**, supra and infra, **to, inter alia, procure a counterfeit, confederate, bogus, and therefore unconstitutional judgment against the Plaintiff in the amount of over $300,000.00**.

61. Also, pursuant to Local Rule 7.1 MOTION PRACTICE, DEFENDANT LEASECOMM CORPORATION'S MOTION TO DISMISS, and the accompanying MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT LEASECOMM CORPORATION'S MOTION TO DISMISS should both be dismissed by this Court, due to defendant **Leasecomm Corporation's failure to obey Local Rule 7.1(b)(4)**, which clearly states:

> *Length of Memoranda.* **Memoranda** supporting or opposing allowance of motions **shall not**, without leave of court, **exceed twenty (20) pages, double-spaced.** (emphasis added.)

I.e., defendant Leasecomm Corporation's MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT LEASECOMM CORPORATION'S MOTION TO DISMISS, being a total of 53 pages (including their 43-page **attached** (therefore incorporated) Exhibit A), exceeds the twenty-(20-)page limit allowed by Local Rule 7.1(b)(4), without leave of court, and thereby violates said RULE.

62. In addition, as shown supra and infra, Plaintiff has

already sufficiently pleaded in his Complaint the elements of a claim under RICO, 18 U.S.C. § 1962(c).  **See e.g. ¶¶ 3-43 supra.**

63. Plaintiff has already sufficiently alleged in his Complaint the existence of an "enterprise."  **See e.g. ¶¶ 30-43 supra.**

64. Plaintiff has already sufficiently alleged in his Complaint that Leasecomm, and all of the other defendants, conducted the affairs of an enterprise.  **See e.g. ¶¶ 3-29 supra.**

65. Plaintiff has already sufficiently alleged in his Complaint a "pattern" of racketeering activity.  **See e.g. ¶¶ 4-35 supra.**

66. Plaintiff has already sufficiently alleged in his Complaint (proximate) causation.  **See e.g. ¶¶ 13, 21, 25, 36, and 56 supra**, and Complaint, ¶¶ 14-15, 23, 49-58 and 96.

67. As shown supra and infra, Plaintiff has already sufficiently pleaded in his Complaint the elements of a conspiracy claim under RICO, 18 U.S.C. § 1962(d).  **See e.g. ¶ 70 infra.**

68. And, Plaintiff is <u>not</u> seeking judicial review of, and relief from, a judgment incorporating a restitution amount... from **this Court**.  See e.g. Complaint, ¶ 129.

69. Rather, Plaintiff is seeking, inter alia, relief in the form of treble R.I.C.O. damages due to the injury caused Plaintiff's business and property by all of the defendants, including defendant Leasecomm Corporation.  See e.g. Complaint ¶ 137.

70. Plaintiff already **did**, in fact, allege each of the four elements required by 18 U.S.C. § 1962(c).  See e.g. Complaint, ¶ 62. See also <u>Agency Holding Corp. v. Malley-Duff & Assoc., Inc.</u>, 483 U.S. 143, 151, 107 S.Ct. 2759 (1987), cited by Plaintiff (and CIT GROUP)

in, e.g. Complaint, ¶ 61.

71. Plaintiff already **has** already alleged that all of the defendants, including defendant Leasecomm Corporation, are liable under 18 U.S.C. § 1962(d) for conspiring to violate 18 U.S.C. § 1962(c). See e.g. Complaint, ¶¶ 28, 64, and 121, and the STATEMENT OF THE CASE.

72. The Plaintiff **has** already identified the defendant(s) who made the alleged communication, and the time, place and content of the alleged communication. **See e.g. Complaint, ¶¶ 9-29, 45-74.** As to the **time** of the alleged communication(s), ¶ 10, e.g., clearly states that:

> **From on or about the years 2001 through 2005**, defendants, inter alia, conspired to commit, and in fact, did commit **hundreds of predicate R.I.C.O. acts**, which include, but are not limited to the following: Wire Fraud, Mail Fraud, False Statements, **Fraud on the Court(s)**, Obstruction of Justice, Witness Tampering, Bank Fraud, Money Laundering, and Extortion, all in violation of, inter alia, the R.I.C.O. Statutes, i.e., 18 U.S.C. § 1961 et seq., particularly 18 U.S.C. § 1962(c), which states:
>
> It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the acivities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such entepise's affairs through a pattern of racketeering activity or collection of unlawful debt.

73. As to the **place** of the alleged communications, the Complaint, ¶ 12, e.g., clearly states:

> The R.I.C.O. acts, supra and infra, violations of 18 U.S.C. § 1962(c), were committed by the defendants **in or around Woburn, Middlesex County, Massachusetts--within the jurisdiction of this Court--, as well as, inter alia, Memphis, Shelby County, Tennessee, Chicago, Illinois, and New York, New York.**

74. As to the **content and** the **time** of the alleged communications, the Complaint, ¶ 19, e.g., clearly states that:

> Defendants [including defendant Leasecomm Corporation], et al.,

17

within the time period supra, published **false and misleading statements** via the internet, e.g., over the WREG-TV, Inc. website, i.e., over www.wreg.com, in furtherance of the R.I.C.O. conspiracy and commission of the predicate R.I.C.O. acts, supra and infra.

75.  The Complaint, ¶¶ 18-23 (¶ 23 quoted in ¶¶ 13 and 60 supra) identify the **defendant(s) and** the **content** of the alleged communications.

76.  The Complaint has sustained Plaintiff's instant Civil R.I.C.O. Action by proficiently demonstrating, inter alia, (1) that **all of the defendants** (2) **through the commission of two or more acts** (3) **constituting a "pattern"** (4) **of "racketeering activity"** (5) **directly or indirectly** invest in, or maintain an interest in, or **participate in** (6) **an "enterprise"** (7) **the activities of which affect interstate commerce.** See e.g. **Complaint, ¶¶ 2-121, and pages 2-3.**

77.  Plaintiff already **has** already sufficiently alleged the **existence** of an **enterprise** (enterprises), including defendant Leasecomm Corporation, **affecting interstate commerce**. See e.g. Complaint, ¶¶ 28, 62, 64-68, 70, 73(a-y), 98, 100, and 119, and **see ¶¶ 30-43 supra.**

78.  Plaintiff already **has** already alleged that **all** of the **defendants**, including defendant Leasecomm Corporation, **participated** in the **conduct of the affairs of** the **enterprise(s) through a pattern of racketeering activity** by agreeing to commit, or in fact committing, two or more predicate offenses. See e.g. Complaint, ¶¶ 10-11, 14, 17, 23, 27-28, 62, 68-69, 73(a-y), 93-96, and 98-100.

79.  Plaintiff already **has** already pleaded in the Complaint that all of the defendants, including defendant Leasecomm Corporation,

**willingly and knowingly** joined the conspiracy to **participate** in the **conduct of the affairs of** the **enterprise(s)**. See Complaint, ¶¶ 13, 16, 23, 72-73(a-y), and 115.

80.  In the instant action, the Plaintiff **can**, in fact, **under the facts alleged, recover on his "viable theory."** See Bessette v. Avco Financial Services, Inc., 230 F.3d 439, 230 F.3d 439 (1st Cir. 2000).

81.  Pursuant to Bessette v. Avco Financial Services, Inc., 230 F.3d 439, 230 F.3d 439 (1st Cir. 2000), this Court must draw **all reasonable inferences in favor of the Plaintiff**.

82.  As is true with most, if not all, amended complaints, discovery in this civil action is expected to "flesh out" additional relevant facts that would strengthen Plaintiff's complaint.

83.  As the Complaint states, Plaintiff plans "to **amend this Complaint**, pursuant to F.R.Civ.P.15(a), once discovery in this action has been completed (Complaint, ¶ 126)," because, inter alia, "[t]here are or may be other co-conspirators and/or defendants in this R.I.C.O. conspiracy, supra and infra, which will or may be named at a later time, **pursuant to full and complete discovery**." (Complaint, ¶ 29).

84.  **In this United States District Court, similar motions by defendants to dismiss a R.I.C.O. complaint have been denied**. See e.g. ECONO-CAR INTL., INC. v. AGENCY RENT-A-CAR, INC., 589 F. Supp. 1368 (D.Mass. 06/14/1984), MILLER v. NEW AMERICA HIGH INCOME FUND, 755 F. Supp. 1099 (D.Mass. 01/9/1991), GAUDETTE v. PANOS, 644 F. Supp. 826 (D.Mass. 09/24/1986), SHARPE v. KELLEY, 835 F. Supp. 33 (D.Mass. 10/13/1993), IN RE LUPRON® MARKETING AND

SALES PRACT. LITIG., 1430,01-CV-10861-RGS. (D.Mass. 09/16/2004).

85. **Conclusion:** the defendant Leasecomm (a.k.a. Leasecomm Corporation) has <u>not</u> offered any legitimate grounds whatsoever to legitimize dismissal of the Plaintiff's Complaint.

86. WHEREFORE, ALL PREMISES CONSIDERED, Plaintiff moves and this Honorable Court should **deny, dismiss, and/or strike from the record** DEFENDANT LEASECOMM CORPORATION'S MOTION TO DISMISS.

Respectfully submitted,

*Phillip Lacefield*
PHILLIP LACEFIELD, Pro se
18183-076
FCC Forrest City
P.O. Box 3000
Forrest City, Arkansas 72336-3000
Telephone: (870)630-6000

Dated:    October 19, 2005.
          Forrest City, Arkansas

### CERTIFICATE OF SERVICE

This certifies that I, PHILLIP LACEFIELD, Pro se, have delivered, filed, and served a copy of the foregoing

**PLAINTIFF'S <u>MEMORANDUM</u> OF FACTS, REASONS, AND LAW IN SUPPORT OF PLAINTIFF'S <u>RESPONSE</u> AND <u>OPPOSITION</u> TO DEFENDANT LEASECOMM CORPORATION'S MOTION TO DISMISS, AND RESPONSE AND <u>OPPOSITION</u> TO THE ACCOMPANYING MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT LEASECOMM CORPORATION'S MOTION TO DISMISS**

on every other party or its attorney of record via first-class United States Mail, first-class postage prepaid, deposited in the Legal Mail Mailbox, located at FCC Forrest City, Forrest City, Arkansas 72335.

THIS, the <u>19th</u> Day of October, 2005.

*Phillip Lacefield*
PHILLIP LACEFIELD, Pro se