UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

)
PHILLIP LACEFIELD,                                  )
                Plaintiff            )
)
v.                                                              )          Civil Action No. 05-11581-RCL
)
LEASECOMM, et al,                                    )
              Defendants         )
_____)


ORDER ON MOTION TO DISMISS

       Before the court are motions of each of the defendants to dismiss this RICO action on the

ground that the complaint fails to state a claim upon which relief may be granted.  The defendant

Leasecomm grounds its motion on the additional contention that the court does not have

jurisdiction in this matter, because the plaintiff fundamentally seeks relief from a judgment of a

criminal conviction in another district.  After review of the papers submitted by the parties in

support of, and in opposition to, the motion, and after review of the applicable law, I GRANT the

motions.

       The Supreme Court held in *Heck v. Humphrey*, 512 U.S. 477, 487, that a person

convicted of a crime may not bring a claim for damages under 42 U.S.C. § 1983 if any judgment

in his favor would "necessarily imply the invalidity of his conviction or sentence,"unless the

conviction has been overturned or invalidated.  Courts have held that *Heck* applies to bar the

prosecution of a civil RICO claim that would similarly undermine the plaintiff's conviction or

sentence.  *See, e.g. , Stephenson v. Reno*, 28 F.3d 26, 27 (5th Cir. 1994); *Williams v. Hill*, 878 F.

Supp.  269, 271 (D. D. C. 1995).  Because the essence of the plaintiff's claim is that the

defendants "fraudulently procured" a "bogus judgment" against him, he is clearly attacking the

validity of his conviction sentence.  This court, therefore, lacks jurisdiction over the plaintiff's

claims.

Moreover, the complaint fails to state a claim upon which relief may be granted.  Fed. R.

Civ. P. 8 requires that a complaint give fair notice of the plaintiff's claims.  *Swierkiewicz* v.

*Sorema, N.A.*, 534 U.S. 506, 514 (2002).  Although the plaintiff, as a pro se litigant, is entitled to

a liberal construction of his claims,  *Rodi v.  Southern New England School of Law*, 39 F.3d 5, 13

(1st Cir. 2004), "the court need not credit ' bald assertions, unsupportable conclusions,

periphrastic circumlocutions, and the like.," *Redondo-Borges v.  U. S. Dep't of Housing  and

Urban Dev.*, 421 F.3d 1, 5 (1st Cir.  2005), quoting *Aulson v.  Blanchard*, 83 F.3d 1, 3 (1st Cir.

1996).  Even given a liberal construction of the complaint and the generous notice pleading

standard, the plaintiff's complaint fails to state a claim.  The complaint does not give the

defendants fair notice of the basis of the RICO claims, because it is not clear, even beyond the

broadest generalities, what conduct is alleged to constitute RICO violations.  Furthermore, the

underlying crimes alleged to constitute the racketeering activity are fraud offenses, and fraud

must be pleaded with particularity under Fed. R. Civ. P. 9.  The complaint does not meet the

particularity requirement.

For the foregoing reasons, each of the defendants' motion to dismiss is GRANTED.  The

clerk shall enter judgment for the defendants dismissing this action and shall terminate this case on

the court's docket.

SO ORDERED.

/s/ REGINALD C. LINDSAY
United States District Judge

DATED:    May 11, 2006