UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

2006 JUL -3  P 2: 52

U.S. DISTRICT COURT
DISTRICT OF MASS.

PHILLIP LACEFIELD,

    Plaintiff,

V.                                    Civil Action No. 05-11581-RCL

LEASECOMM, et al.,

    Defendants.

---

EX PARTE MOTION OF PLAINTIFF FOR RECONSIDERATION,
TO SET ASIDE JUDGMENT, AND TO AMEND COMPLAINT,
WITH INCORPORATED MEMORANDUM OF LAW IN SUPPORT

---

    Comes now Plaintiff PHILLIP LACEFIELD, Pro Se, and moves this Honorable Court for reconsideration of the Judgment for the defendants dismissing this action, entered in this action on May 15, 2006, to set aside said Judgment, and to amend this Complaint, and would state and show good cause as follows:

    1. By amending the instant Complaint, Plaintiff will be able to eliminate the "lack of jurisdiction" issue, and show that this Court does, in fact, have jurisdiction in this matter.

    2. By amending the instant Complaint, Plaintiff will be able to state his claim with particularity to satisfy Fed. R. Civ. P. 9, and will be able to, inter alia, satisfactorily allege the conduct to constitute the RICO violations. Amending the Complaint will allow the Plaintiff to satisfactorily state his claim upon which relief may be granted.

    3. Plaintiff has already alleged that the defendants

Page 1 of 10

use the wires and mails to effectuate their scheme.  See e.g. Complaint, ¶¶ 73(r), 73(t), and 73(w).

    4.  Pursuant to First Circuit case law, this Honorable Court should allow Plaintiff an opportunity to amend his complaint <u>after</u> he is permitted discovery.  For example:

> In a RICO mail and wire fraud case, in regards to the details of just when and where the mail or wires were used, we hold that dismissal should <u>not</u> be automatic once the lower court determines that Rule 9(b) was not satisfied. In an appropriate case, where, for example, the specific allegations of the plaintiff make it likely that the defendant used interstate mail or telecommunications facilities, and the specific information as to use is likely in the exclusive control of the defendant, the court should make a second determination as to whether the claim as presented warrants the allowance of <u>discovery</u> <u>and</u> if so, thereafter provide an <u>opportunity to amend</u> the defective complaint.  (emphasis added)

<u>New England Data Services, Inc. v. Becher</u>, 829 F.2d 286 (1st Cir. 1987).

In the instant case, the specific information as to the defendants' use of the mails or wires <u>is</u> likely in the exclusive control of the defendants.  In <u>New England Data Services, Inc. v. Becher</u>, the Appeals Court remanded "for further discovery solely on the issue of defendants' alleged use of the wires and mails to effectuate the scheme."  <u>Plaintiff was given sixty days for such discovery and to amend his complaint to comply with Rule 9(b).</u>  See <u>Giuliano v. Fulton</u>, 399 F.3d 381 (1st Cir. 2005), quoting <u>New England Data Services, Inc. v. Becher</u>.

> We have said that Rule 9(b) pleading standards may be relaxed, in an appropriate case, "when the opposing party is the only practical source for discovering the specific facts for supporting a pleader's conclusion."  <u>Boston & Maine Corp. v. Hampton</u>, 987 F.2d 855, 866 (1st Cir. 1993). In such cases, "even for a plaintiff's allegations of fraud, if the facts would be peculiarly within the defendant's control, a court may allow some discovery <u>before</u> requiring

that plaintiff plead individual acts of fraud with particularity."
Id.

United States ex rel. Karvelas v. Melrose-Wakefield Hospital,
360 F.3d 220 (1st Cir. 2004).

>   We have relaxed Rule 9(b) pleading requirements pending
>   further discovery for allegations of mail and wire fraud
>   pursuant to the Racketeer Influenced and Corrupt
>   Organizations Act because of the apparent difficulties in
>   specifically pleading mail and wire fraud as predicate
>   acts.

New England Data Services, Inc. v. Becher, 829 F.2d 286, at 290-91
(1st Cir. 1987).

>   See New England Data Services, Inc. v. Becher, 829 F.2d 286
>   (1st Cir. 1987) and all cases cited and quoted therein.

   5. Moreover,

>   There is a well developed body of case law surrounding the
>   application of Rule 9(b) in this Circuit. See, e.g....
>   New England Data Services, Inc. v. Becher, 829 F.2d 286,
>   288-90 (1987). In New England Data Services, we held that
>   the case law interpreting and applying Rule 9 in cases
>   dealing with general fraud and securities fraud applies to
>   RICO cases. The "degree of specificity [in RICO cases] is
>   no more nor less than we have required in general fraud and
>   securities cases." 829 F.2d at 290.

Doyle v. Hasbro, Inc., 103 F.3d 186 (1st Cir. 1996).

   For all reasons given supra, this Court should allow
Plaintiff discovery and an opportunity to amend his complaint.

   6. Pursuant to Conley v. Gibson, 355 U.S. 41, 45-46,
2 L.Ed.2d 80, 78 S.Ct. 99 (1957) and Bazrowx v. Scott, 136 F.3d
1053 (5th Cir. 1998), generally, a district court errs in
dismissing a pro se conplaint--such a this one--for failure to
state a claim without giving the plaintiff an opportunity to
amend. See also Doe v. School District of the City of Norfolk,
340 F.3d 605 (8th Cir. 2003); Pena v. U.S., 157 F.3d 984 (5th Cir.
1998); Romero v. Beken, 256 F.3d 349 (5th Cir. 2001); Jones v.

Greninger, 188 F.3d 322 (5th Cir. 1999); Carter v. U.S., 123 Fed. Appx. 253 (8th Cir. 2005); and Pratt v. Corrections Corporation of America, 124 Fed. Appx. 465 (8th Cir. 2005).

7. Pursuant to Haines v. Kerner, 404 U.S. 519, 30 L.Ed.2d 652, 92 S.Ct. 594 (1972); Conley v. Gibson, 355 U.S. 41, 45-46, 2 L.Ed.2d 80, 78 S.Ct. 99 (1957); Springdale Education Association v. Springdale School District, 133 F.3d 649, 651 (8th Cir. 1998); Amoco Oil Co. v. U.S., 234 F.3d 1374 (Fed. Cir. 2000); Herron v. Harrison, 203 F.3d 410 (6th Cir. 2000); U.S. Ex Rel. Thompson v. Columbia/HCA Healthcare Corp., 125 F.3d 899 (5th Cir. 1997); and McCormack v. Citibank, N.A., 979 F.2d 643, 646 (8th Cir. 1992) and Rucci v. City of Pacific, 327 F.3d 651, 652 (8th Cir. 2003), both quoting Conley v. Gibson, at 45-46; a (Pro Se) Complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. I.e., a dismissal under these circumstances is inappropriate. This Honorable District Court gave no indication whatsoever in its Order on Motion to Dismiss that "it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

8. To the contrary, the Plaintiff presented and proved over fifty (50) legitimate "FACTS" and over forty-five (45) legitimate "LEGAL CLAIMS" in his Complaint to give ample support of and to substantiate his claim(s).

9. Pursuant to Hernandez v. City of El Monte, 138 F.3d 393 (9th Cir. 1998), a dismissal is a harsh penalty and, therefore,

should <u>only</u> be imposed in extreme circumstances. Obviously, the instant circumstance is <u>not</u> an extreme one.

10. Pursuant to <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972) and <u>Karim-Panahi v. Los Angeles Police Department</u>, 839 F.2d 621, 623 (9th Cir. 1988); the court <u>must</u> liberally construe pleadings submitted by pro se litigants and "must afford plaintiff the benefit of any doubt." Unfortunately, this Honorable District Court did <u>not</u> liberally construe this Pro Se Plaintiff's pleadings and did <u>not</u> afford this Pro Se Plaintiff the benefit of any doubt.

11. Pursuant to <u>Neitzke v. Williams</u>, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); <u>Williams v. White</u>, 897 F.2d 942 (8th Cir. 1990); and <u>Williams v. Faulkner</u>, 837 F.2d 304, 307 (7th Cir. 1988); unless there is indisputably absent any factual or legal basis for the wrong asserted in the complaint, the trial court should permit the claim to proceed at least to the point of where responsive pleadings are required. This Honorable District trial Court gave <u>no</u> indication whatsoever in its Order on Motion to Dismiss that "there is indisputably absent any factual or legal basis for the wrongs asserted in this Plaintiff's Complaint." And, this Court also has <u>not</u> permitted this instant Claim to proceed at least to the point of where responsive pleadings are required.

12. Pursuant to ¶ 10 supra, <u>see</u> also <u>Smith v. St. Bernards Regional Medical Center</u>, 19 F.3d 1254 (8th Cir. 1994).

13. Pursuant to <u>Armstrong v. Rushing</u>, 352 F.2d 836, 837 (9th Cir. 1965); <u>Noll v. Carlson</u>, 809 F.2d 1446 (9th Cir. 1987);

Gutensohn v. Kansas City Southern Ry. Co., 140 F.2d 950, 953-954 (8th Cir. 1944); Lewis v. Chrysler Motors Corp., 456 F.2d 605 (8th Cir. 1972); Harmon v. Superior Court of California, 307 F.2d 796, 798 (9th Cir. 1962); Remmers v. Brewer, 475 F.2d 52 (8th Cir. 1973) and the many cases cited therein; issuance of process, notice, and the filing of responsive pleadings are prerequisites to dismissal for failure to state a cause of action in a civil case. Unfortunately, this Honorable District Court did __not__ allow the filing of responsive pleadings in the instant claim--to include an answer to Plaintiff's Complaint by all defendants, interrogatories by Plaintiff to all defendants, and answers to interrogatories by Plaintiff from all defendants--before its dismissal for failure to state a claim.

14. Pursuant to Cooper v. Pate, 378 U.S. 546, L.Ed.2d 1030, 84 S.Ct. 1733 (1964); Faretta v. State of California, 422 U.S. 806, 95 S.Ct. 2525 (1975); and Hamm v. Groose, 15 F.3d 110 (8th Cir. 1994), the Court __must__ accept the Plaintiff's allegations made in his initial pleading, i.e., his Complaint, and in all of his pleadings before this Honorable District Court, as __true__. This Honorable District Court has __not__ accepted the Plaintiff's allegations made in his pleadings, e.g. his Complaint, as true.

15. Pursuant to Adickes v. Kress & Co., 398 U.S. 144, 26 L.Ed. 142, 90 S.Ct. 1598 (1970); Yerdon v. Henry, 91 F.3d 370 (2nd Cir. 1996); and Danzer v. Norden Systems, Inc., 151 F.3d 50 (2nd Cir. 1998); at summary judgment--as was effectuated by this Honorable District Court--all factual inferences (facts and inferences) __must__ be construed and resolved __in favor of__ the

the non-movant, which, in the instant case, is the Plaintiff. Unfortunately, this Honorable District Court did <u>not</u> construe and resolve all factual inferences (facts and inferences) in favor of the Plaintiff when dismissing Plaintiff's instant Complaint.

16. Pursuant to <u>Rand v. Rowland</u>, 154 F.3d 952 (9th Cir. 1998), pro se litigants <u>must</u> be <u>insured</u> meaningful access to the courts. This Pro Se Plaintiff (litigant) has <u>not</u> yet been insured <u>meaningful</u> access to this Honorable District Court.

17. Pursuant to <u>Bounds v. Smith</u>, 430 U.S. 817, 52 L.Ed.2d 72, 97 S.Ct. 1491 (1977); <u>Ex Parte Hall</u>, 312 U.S. 546, 85 L.Ed. 1034, 61 S.Ct. 540 (1941); <u>Johnson v. Avery</u>, 393 U.S. 483, 21 L.Ed.2d 718, 89 S.Ct. 747 (1969); <u>Wolff v. McDonnell</u>, 418 U.S. 539, 41 L.Ed.2d 935, 94 S.Ct. 2963 (1944); <u>Schrier v. Halford</u>, 60 F.3d 1309 (8th Cir. 1995); and <u>Wilson v. Yaklich</u>, 148 F.3d 596 (6th Cir. 1988); access to the courts to be afforded an inmate (a prisoner) <u>must</u> be adequate, effective, and meaningful. This Plaintiff, who <u>is</u> an inmate, has, to date, been denied said adequate, effective, and meaningful access to this Honorable District Court.

18. Pursuant to <u>Brewer v. Wilkinson</u>, 3 F.3d 816 (5th Cir. 1993); <u>Chriceol v. Phillips</u>, 169 F.3d 313 (5th Cir. 1999); and <u>Breshears v. Brown</u>, 150 Fed. Appx. 323 (5th Cir. 2005); prisoners clearly have a constitutionally-protected right to access to the courts, and interference with a prisoner's right to access to the courts, such as a delay, may result in a constitutional deprivation. See also <u>Faretta v. State of California</u>, 422 U.S. 806, 95 S.Ct. 2525 (1975). This Honorable District Court's interference with the Plaintiff's right to access to this Court, such as the instant delay,

may result in a constitutional deprivation.

19. Pursuant to Johnson v. Avery, 393 U.S. 483, 21 L.Ed.2d 718, 89 S.Ct. 747 (1969) and O'Keefe v. Van Boening, 82 F.3d 322, (9th Cir. 1996); like others, prisoners have a constitutional right to petition the government for redress of grievances, which includes a reasonable right of access to the courts. The Plaintiff has a constitutional right of access to this Honorable District Court, and therefore should be allowed by this Court to proceed Pro Se in prosecuting his instant claim(s) and litigating his instant Complaint. See e.g. ¶¶ supra.

20. Pursuant to U.S. v. Dabeit, 231 F.3d 979 (2000), 531 U.S. 1202, 146 L.Ed.2d 126, 121 S.Ct. 1214, cert. denied (2001); U.S. v. Vargas-Duran, 319 F.3d 194 (5th Cir. 2003); and U.S. v. Berrios-Centeno, 250 F.3d 294 (5th Cir. 2001); the Court of Appeals has a duty to follow precedent, especially Supreme Court precedent. Therefore, the United States Court of Appeals for the First Circuit --out of duty--will probably follow the precedent cited herein, especially since a preponderance of case law, e.g. Supreme Court case law cited supra, weighs heavily in favor of the Plaintiff's position, which is that this instant Complaint should not be dismissed by this Honorable District Court. See also Quinn v. City of Boston, 325 F.3d 18 (1st Cir. 2003), citing Planned Parenthood v. Casey [325 F.3d 36] 505 U.S. 833, 854, 120 L.Ed.2d 674, 112 S.Ct. 2791 (1999)(recognizing that the doctrine of stare decisis embodies "the obligation to follow precedent").

21. "Lower courts sometimes are required to follow precedent for precedent's sake, no matter how much the yoke chafes."

Inmates of Suffolk County Jail v. Rouse, 129 F.3d 649 (1st Cir. 1997).

22. "The Court must follow precedent before dicta and policy."
Kiewit/Atkison/Kenny v. IBEW, 43 F.Supp.2d 132 (U.S.D.C., District of Massachusetts 1999). (emphasis added)

23. As shown supra, the First Circuit recognizes the obligation to follow precedent and requires the lower district courts to follow precedent as well. In fact, this very District Court requires itself to follow precedent.

24. For all reasons and good cause shown supra, this Honorable Court should allow the Plaintiff discovery and an opportunity to amend his complaint.

25. WHEREFORE, ALL PREMISES CONSIDERED, the Plaintiff respectfully moves and prays this Honorable Court will Reconsider its Order of May 11, 2006 and its Judgment of May 15, 2006, will set aside said judgment, and will allow the Plaintiff discovery and an opportunity to amend his complaint. In addition, Plaintiff would move and pray this Honorable Court would 1) Give notice to all parties that prosecution of the Complaint is proceeding; 2) Order the filing of responsive pleadings, including an answer to the Plaintiff's Complaint, and answers to all of Plaintiff's interrogatories, under oath and under penalty of perjury; 3) Order all defendants to supply Plaintiff with all requested discovery; 4) Order all defendants to make themselves readily available to Plaintiff for depositions; and 5) Order a trial date or date by which time a settlement must be agreed upon by all parties.

Respectfully submitted,

*Phillip Lacefield*
PHILLIP LACEFIELD
18183-076
FCC Forrest City
P.O. Box 3000
Forrest City, Arkansas 72336-3000
(870) 630-6000

Dated: June 23, 2006
Forrest City, Arkansas

CERTIFICATE OF SERVICE

This certifies that I, PHILLIP LACEFIELD, Pro Se, have delivered, served, and filed a true and exact copy of the foregoing

EX PARTE MOTION OF PLAINTIFF FOR RECONSIDERATION,
TO SET ASIDE JUDGMENT, AND TO AMEND COMPLAINT,
WITH INCORPORATED MEMORANDUM OF LAW IN SUPPORT

via United States Mail (USPS), first-class postage prepaid, regarding Civil Action No. 05-11581-RCL, PHILLIP LACEFIELD v. LEASECOMM, et al., deposited in the Legal Mail Mailroom, located at FCC Forrest City, Forrest City, Arkansas 72335, to the following persons and address:

Sarah A. Thornton, District Clerk of Court
UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2300
Boston, Massachusetts 02210

THIS, the 28th Day of June, 2006.

*Phillip Lacefield*
PHILLIP LACEFIELD, Pro Se

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2006 JUL -3 P 2: 50

U.S. DISTRICT COURT
DISTRICT OF MASS.

PHILLIP LACEFIELD,
    Plaintiff,

V.                          Civil Action No. 05-11581-RCL

LEASECOMM, et al.,
    Defendants.

ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION,
TO SET ASIDE JUDGMENT, AND TO AMEND COMPLAINT

It is hereby ORDERED that Plaintiff's Motion for Reconsideration, to Set Aside the Judgment, and to Amend His Complaint is GRANTED. The Order of May 11, 2006 and the Judgment of May 15, 2006 are set aside. Plaintiff is hereby permitted to Amend his Complaint. Notice is also hereby given to all parties that prosecution of Plaintiff's Complaint is proceeding. The filing of responsive pleadings is also hereby ORDERED, including an answer to the Plaintiff's Complaint and answers to all of Plaintiff's interrogatories, under oath and under penalty of perjury by all defendants. It is ORDERED that all defendants supply the Plaintiff with all discovery requested by him. It is ORDERED that all defendants make themselves readily available to the Plaintiff for their depositions. And it is ORDERED that September 1, 2006 is the date hereby set by which all parties must reach a settlement in this case or proceed immediately to trial by jury.

SO ORDERED.

```
                              _____
                              Reginald C. Lindsay
                              UNITED STATES DISTRICT JUDGE
                              DISTRICT OF MASSACHUSETTS
                              AT BOSTON


Dated:    _____

          Boston, Massachusetts
```