UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PHILLIP LACEFIELD,<br><br>      Plaintiff,<br><br>v.<br><br>LEASECOMM, et al,<br><br>      Defendants. | Civil Action No. 1:05-CV-11581-RCL |

## OPPOSITION OF DEFENDANT CIT GROUP INC. TO PLAINTIFF'S MOTION FOR "RECONSIDERATION"

Defendant CIT Group Inc. ("CIT"), by and through its undersigned counsel, hereby opposes Plaintiff's Motion For "Reconsideration, To Set Aside Judgment, And To Amend Complaint"[1] (the "Motion") filed on July 3, 2006.

## BACKGROUND

On July 22, 2005, Plaintiff, Phillip Lacefield, a federal prisoner incarcerated in Arkansas, filed a Complaint against CIT, among others, alleging that CIT violated, and conspired to violate, the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(c) and § 1962(d). (Complaint, ¶¶ 9,10.)[2] The Complaint stemmed – apparently, as it is an incoherent amalgamation of random and conclusory allegations – from Plaintiff's unhappiness about a judgment against him in a federal criminal case under which he was ordered to forfeit over $300,000. (Complaint ¶¶ 14, 23, 107, 108, 110.) The Complaint sought to hold the defendants responsible under RICO for the fact that a criminal forfeiture order entered against him. (Id., ¶¶ 14, 110.)

---

[1] Despite the title of the Motion, it can only be considered, at this late stage in these proceedings after entry of judgment, a motion made pursuant to Fed. R. Civ. P. 60(b).
[2] The complaint identifies CIT as "a/k/a Newcourt Financial, Lease Finance Group, and www.cit.com." Although www.cit.com is CIT's web address, there is no entity by that name.

On September 21, 2005, CTI moved to dismiss the complaint, for failure to state a claim upon which relief can be granted, for failure to plead fraud with particularity, and for failure to set forth specific facts reflecting the required elements of a RICO claim. For example, the Complaint set forth no allegations that the defendants were involved in an "enterprise" – an essential element to a RICO claim – much less CIT's participation in any such enterprise. Indeed, Plaintiff simply relied – impermissibly, as this Court held – on statutory language as allegations against the defendants, rather than particular facts. CTI argued that the motion to dismiss should be granted with prejudice, as there was no basis for granting leave to amend to correct the gross deficiencies in the Complaint because amendment would be futile.

The Court granted CTI's motion to dismiss on May 11, 2006 and entered judgment for CTI on May 15, 2006. Thereafter, Plaintiff noticed an appeal of the Court's May 11 Order and Entry of Judgment. Despite his notice of appeal, Plaintiff now moves the Court for "reconsideration" of the judgment against him. In the Motion, Plaintiff makes blanket promises that if he were allowed to amend his complaint, he could sufficiently plead his RICO claims – without any basis for making such promises and widely missing the narrow requirements of Fed. R. Civ. P. 60(b) that would allow setting aside the judgment. This Court already decided, however, to enter judgment in this case without allowing Plaintiff to amend the Complaint. Plaintiff offers nothing in his Motion to alter the Court's conclusion.

## ARGUMENT

### I. Rule 60(b) Relief Is Extraordinary And Is Only Applicable In Exceptional Circumstances, None Of Which Are Present Here

It is well established in the First Circuit that Rule 60(b) motions should be granted upon "extraordinary circumstances . . . only where the movant was not at fault in his predicament, and was unable to take steps to prevent the judgment from which relief is sought." In re Lafata, 2006 WL 1731112, *9 (1st Cir. June 26, 2006); Davila-Alvarez v. Escuela De Medicina Universidad

Central Del Caribe, 257 F.3d 58, 63 (1st Cir. 2003) (noting that "[a]lthough many courts have indicated that Rule 60(b) motions should be granted liberally, this Circuit has taken a harsher tack."). Rule 60(b) is a vehicle for extraordinary relief, thus a party cannot use a Rule 60(b) motion to relitigate a matter already decided by the court. See Geo. P. Reintjes Co., Inc. v. Riley Stoker Corp., 71 F.3d 44, 49 (1st Cir. 1995).

To obtain relief under Rule 60(b), then, the moving party must show that the motion is timely, that circumstances justify extraordinary relief, and that there is no unfair prejudice to the opposing party.[3] United States v. Kayser-Roth Corp., 272 F.3d 89, 95 (1st Cir. 2001). Rule 60(b) provides few grounds of relief. Rule 60(b) provides, in relevant part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1)    mistake, inadvertence surprise or excusable neglect;
>
> (2)    newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3)    fraud . . . , misrepresentation, or other misconduct of an adverse party;
>
> (4)    the judgment is void;
>
> (5)    the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
>
> (6)    any other reason justifying relief from the operation of the judgment.

Although the Motion is silent as to under which prong of Rule 60(b) Plaintiff purportedly seeks "reconsideration," CIT addresses this Motion as if Plaintiff were claiming relief under

---

[3] CIT will address only the "extraordinary relief" aspect of Rule 60(b), as it is entirely clear that Plaintiff cannot meet that test, regardless of the timeliness of the Motion or any prejudice to CIT.

3

60(b)(6) – the catchall provision – because Plaintiff has made no suggestion that he seeks relief under any of the first five categories of Rule 60(b).[4] Plaintiff has submitted no new factual information nor any legal arguments that this Court did not have before it in deciding CIT's motion to dismiss. Rather, he asserts, repeatedly, that because his complaint was pro se, he should be afforded relief from the judgment and additional leeway to plead his claims. Accordingly, the Motion is simply an attempt by Plaintiff to relitigate issues already faced and rejected by this Court.

> II. **Plaintiff Cannot Establish A Claim For Relief Under Rule 60(b)(6) Because Even If Relief From Judgment Was Granted, Plaintiff Still Has No Meritorious Claim**

The First Circuit has also established an "additional sentry that guards the gateway to Rule 60(b) relief" – the moving party must give the trial court reason to believe that vacating the judgment will not be an empty exercise. Teamsters, Chauffeurs, Warehousemen and Helpers Union Local No. 59 v. Superline Transportation Co., 953 F.2d 17, 19 (1st Cir. 1992). As in Teamsters, where the First Circuit upheld the denial of a Rule 60(b) motion, Plaintiff has completely failed to explain the viability of his underlying suit – a precondition to relief under Rule 60(b)(6). See id., 953 F.2d at 20. Most importantly, even assuming that Plaintiff could show this Court that he was entitled to relief from judgment under any of Rule 60(b)'s allowable categories, vacating the judgment in this case would be an empty exercise because even if he could allege a factual basis for a RICO claim, as this Court held in its Order, a convicted criminal may not assert a "civil RICO claim that would similarly undermine the plaintiff's conviction or sentence." Order at 1 (citing Stephenson v. Reno, 28 F.3d 26, 27 (5th Cir. 1994) (citing Heck v.

---

[4] Although the Motion may be interpreted as claiming "mistake" based on the Court's conclusions in its May 11 Order, a Rule 60(b) motion is not a vehicle for complaining about alleged legal error. Hoult v. Hoult, 57 F.3d 1, 5 (1st Cir. 1995) (even if district court decides point of law incorrectly, that "is not grounds for relief under Rule 60(b)").

4

<u>Humphrey</u>, 512 U.S. 477, 487 (1994). Thus, the Motion presents the very type of empty exercise which the First Circuit prohibits.

## CONCLUSION

For the reasons set forth above, the Court should deny Plaintiff's motion.

CIT GROUP INC.

By its attorney,

/s/Tara Myslinski
Tara Myslinski (BBO# 644936)
HOLLAND & KNIGHT LLP
10 St. James Avenue
Boston, Massachusetts 02116
Telephone: (617) 523-2700

Dated: July 14, 2006

## CERTIFICATE OF SERVICE

I, Tara Myslinski, certify that I caused a copy of this document to be served on the plaintiff and on every other party or its counsel by electronic notice or first class-mail on July 14, 2006.

/s/Tara Myslinski
Tara Myslinski (BBO# 644936)
HOLLAND & KNIGHT LLP
10 St. James Avenue
Boston, Massachusetts 02116
Telephone: (617) 523-2700

# 3903923_v1