**MANDATE**

# United States Court of Appeals
## For the First Circuit

No. 06-1914

PHILLIP LACEFIELD,

Plaintiff, Appellant,

v.

LEASECOMM CORP., ET AL.,

Defendants, Appellees.

Before

Boudin, <u>Chief Judge</u>,
Lipez and Howard, <u>Circuit Judges</u>.

JUDGMENT

Entered: June 11, 2007

    Appellant Phillip Lacefield appeals from the district court's dismissal of his complaint, filed primarily under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1964(c). After carefully reviewing the record and the briefs of the parties, we agree that the complaint fails to state a claim upon which relief can be granted. <u>See</u> Fed. R. Civ. P. 12(b)(6).

    First, appellant cannot demonstrate that the alleged RICO activity was the proximate cause of the injury about which he complains -- the criminal judgment and restitution order that entered against him in the federal district court in Western Tennessee. Rather, the <u>direct</u> cause of the judgment was the Tennessee district court's imposition of sentence, and this sentence, in turn, was the direct result of the jury's guilty verdict and appellant's guilty pleas. That the alleged predicate acts may have <u>contributed</u> to the judgment simply is not enough to show proximate causation. <u>See George Lussier Enterprises, Inc. v. Subaru of New England, Inc.</u>, 393 F.3d 36, 51-52 (1st Cir. 2004).

Second, and even assuming adequate allegations of causation, appellant cannot demonstrate that the appellees' supposed predicate acts constituted a pattern. Rather, from appellant's own description of his claims, it is plain that he has alleged, at most, "a <u>single</u> scheme to accomplish <u>one</u> discrete goal, directed at <u>one</u> individual with no potential to extend to other persons or entities." See <u>Sil-Flo, Inc.</u> v. <u>SFHC, Inc.</u>, 917 F.2d 1507, 1516 (10th Cir. 1990) (internal quotation marks and citation omitted; emphasis added). See also <u>Efron</u> v. <u>Embassy Suites (Puerto Rico), Inc.</u>, 223 F.3d 12, 19 (1st Cir. 2000) ("[o]ur own precedent firmly rejects RICO liability where the alleged racketeering acts, taken together, comprise a <u>single effort</u> to facilitate a <u>single</u> . . . <u>endeavor</u>") (internal punctuation and citations omitted; emphasis added).

Finally, appellant was not entitled to an opportunity to conduct discovery since he failed to specify any discoverable information that was in the exclusive control of the appellees and that could cure the defects in his complaint. See <u>New England Data Services, Inc.</u> v. <u>Becher</u>, 829 F.2d 286, 290-91 (1st Cir. 1987).

<u>Summarily affirmed</u>. See Local Rule 27.0(c).

By the Court:

Richard Cushing Donovan, Clerk.

**Certified and Issued as Mandate under Fed. R. App. P. 41.**

**Richard Cushing Donovan, Clerk**

*[signature]*
**Deputy Clerk**

**Date:** 1/3/7

By: _____
Operations Manager.

[cc: Phillip Lacefield, Richard J. McCarthy, Esq.,
  Paul Killeen, Esq., Tara J. Myslinski, Esq.,
  Francis J. Sally, Esq., John Miller, Esq.]