UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

PHILLIP LACEFIELD,

    Plaintiff,

v.

LEASECOMM CORP., et al.,

    Defendants.

Civil Action No. 1:05-CV-11581-RCL

**DEFENDANT CIT GROUP INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO STRIKE PLAINTIFF'S AMENDED COMPLAINT**

Defendant CIT Group Inc. ("CIT") submits this Memorandum of Law in Support of its Motion to Strike the Amended Complaint served on CIT by Plaintiff Phillip Lacefield ("Lacefield"). As reasons therefore, CIT states that the Amended Complaint should be stricken in its entirety because the case terminated upon the judgment of the Court of Appeals for the First Circuit, which affirmed the Court's judgment of dismissal, and Lacefield neither moved for relief from the Court's judgment pursuant to Fed. R. Civ. P. 60(b), nor obtained leave of court to file the Amended Complaint as required by Fed. R. Civ. P. 15(a).

Lacefield instituted this action on July 8, 2005 against CIT, Leasecomm Corporation, WREG-TV, Inc., Worldnow, Andy Wise and The New York Times Company (collectively, the "Defendants"), alleging violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c) and § 1962(d). The Defendants moved to dismiss Lacefield's complaint.[1] The Court granted the Defendants' motions to dismiss on May 11, 2006, concluding that the Court lacked jurisdiction over Lacefield's claims because he essentially sought review of his criminal conviction in another district. In addition, the Court concluded that the Complaint

---

[1] CIT filed a motion to dismiss on September 21, 2005.

failed to state a claim because it did not set forth facts satisfying the elements of RICO claims against the Defendants and it did not plead fraud with particularity. The Court entered judgment in favor of the Defendants and dismissed the action on May 15, 2006. On May 26, 2006, Lacefield filed a notice of appeal. Thereafter, Lacefield filed a motion for reconsideration, to set aside the judgment and to file an amended complaint. The Court denied Lacefield's motion on the basis that the Court was without jurisdiction to grant the relief sought because Lacefield already had filed a notice of appeal.

On appeal to the Court of Appeals for the First Circuit, Lacefield argued that the Court improperly dismissed his complaint and improperly denied his motion to amend the complaint. On June 11, 2007, the Court of Appeals summarily affirmed the Court's judgment because Lacefield is unable to demonstrate that the alleged RICO activity is the proximate cause of the injury of which he complains and further, because he cannot establish that the Defendants' alleged conduct constituted a pattern. See Ex. A to Motion to Strike. The Court of Appeals also rejected Lacefield's argument that he was entitled to an opportunity to conduct discovery so as to cure the defects in his complaint. Lacefield served CIT with the Amended Complaint on August 2, 2007. See Ex. B to Motion to Strike.

Lacefield's action was dismissed more than one year ago and the judgment was affirmed on appeal. "Where, as here, a complaint is dismissed without leave to amend, the plaintiff can appeal the judgment, or alternatively, seek leave to amend under Rule 15(a) after having the judgment reopened under either Rule 59 or 60." Acevedo-Villalobos v. Hernandez, 22 F.3d 384, 389 (1st Cir. 1994). Lacefield chose to appeal; he may not now seek to amend the complaint after the Court of Appeals affirmed the judgment and terminated the case. Moreover, if Lacefield could seek leave to amend the complaint notwithstanding the decision of the Court of

Appeals, Lacefield may not do so without first moving for relief from the judgment pursuant to Rule 60(b). See id.; Ondis v. Barrows, 538 F.2d 904, 909 (1st Cir. 1976); United States v. Newbury Mfg. Co., 123 F.2d 453, 454 (1st Cir. 1941); see also 6 Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1489, at 692-93 (1990) ("[O]nce judgment is entered the filing of an amendment cannot be allowed until the judgment is set aside or vacated under Rule 59 or 60."). Lacefield has neither moved for such relief nor sought leave from the Court to amend the complaint. Accordingly, CIT respectfully requests that the Court strike Lacefield's Amended Complaint in its entirety.

CIT GROUP INC.

By its attorneys,

/s/ Elizabeth A. Mulcahy
Ralph T. Lepore, III (BBO No. 294420)
ralph.lepore@hklaw.com
Elizabeth A. Mulcahy (BBO No. 663787)
elizabeth.mulcahy@hklaw.com
HOLLAND & KNIGHT LLP
10 St. James Avenue
Boston, Massachusetts 02116
Telephone: (617) 523-2700

Dated: August 17, 2007

CERTIFICATE OF SERVICE

I, Elizabeth A. Mulcahy, certify that I caused a copy of this document to be served on the plaintiff by first class-mail and on counsel for all other parties electronically through the ECF system on August 17, 2007.

/s/ Elizabeth A. Mulcahy

# 4732338_v1