UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PHILLIP LACEFIELD, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LEASECOMM CORPORATION, et al., )<br>)<br>Defendants. )<br>) | Civil Action No. 1:05-cv-11581-RCL |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT
LEASECOMM CORPORATION'S MOTION
TO STRIKE AMENDED COMPLAINT**

### I. Preliminary Statement

This Memorandum is respectfully submitted in support of Defendant Leasecomm Corporation's Motion to Strike Amended Complaint.

The above-captioned action was commenced with the filing of a Complaint in August 2005. Leasecomm Corporation ("Leasecomm") and the other defendants filed motions to dismiss, which were granted by this Court.

Plaintiff took an appeal to the United States Court of Appeals for the First Circuit from this Court's judgment of dismissal. After full briefing the First Circuit entered judgment summarily affirming the District Court's dismissal of the Complaint. A mandate subsequently issued. A copy of the Judgment and Mandate of the United States Court of Appeals for the First Circuit is attached as Exhibit A. Thus, final judgment has entered dismissing the above-captioned action.

## II. Argument

A. **No Amended Complaint May Be Filed After Final Judgment Has Entered And After Exhausting All Rights Of Appeal**

This case was concluded after Plaintiff had exhausted his rights of appeal, and the United States Court of Appeals for the First Circuit issued its mandate summarily affirming the dismissal of the Complaint. Before the mandate issued, Plaintiff did not file a Petition for Panel Rehearing, a Petition for Rehearing en Banc, a Motion for Stay of Mandate, or a Petition for a Writ of Certiorari in the United States Supreme Court. See F. R. App. R. 41.[1] Thus, mandate issued and, as a result, the Judgment of Dismissal became final.

Since the above-entitled action has been finally concluded and closed, with a final judgment of dismissal entered after appeal, Plaintiff may not file the Amended Complaint in the above-entitled action.

## III. Conclusion

For the foregoing reasons, the Amended Complaint should be stricken and not accepted by the Court for filing.

Dated: August 17, 2007

Respectfully submitted,

LEASECOMM CORPORATION,
Defendant,

By its attorneys,

_____
Richard J. McCarthy, BBO #328600
Edwards Angell Palmer & Dodge LLP
111 Huntington Avenue
Boston, MA 02111
Tel: (617) 239-0100
Fax: (617) 227-4420

---

[1] Nor has plaintiff either sought or received any relief from judgment pursuant to F. R. Civ. P. 60.

# EXHIBIT A

MANDATE

# United States Court of Appeals
## For the First Circuit

No. 06-1914

PHILLIP LACEFIELD,

Plaintiff, Appellant,

v.

LEASECOMM CORP., ET AL.,

Defendants, Appellees.

Before

Boudin, *Chief Judge*,
Lipez and Howard, *Circuit Judges*.

JUDGMENT

Entered: June 11, 2007

    Appellant Phillip Lacefield appeals from the district court's dismissal of his complaint, filed primarily under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1964(c). After carefully reviewing the record and the briefs of the parties, we agree that the complaint fails to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6).

    First, appellant cannot demonstrate that the alleged RICO activity was the proximate cause of the injury about which he complains -- the criminal judgment and restitution order that entered against him in the federal district court in Western Tennessee. Rather, the <u>direct</u> cause of the judgment was the Tennessee district court's imposition of sentence, and this sentence, in turn, was the direct result of the jury's guilty verdict and appellant's guilty pleas. That the alleged predicate acts may have <u>contributed</u> to the judgment simply is not enough to show proximate causation. See <u>George Lussier Enterprises, Inc.</u> v. <u>Subaru of New England, Inc.</u>, 393 F.3d 36, 51-52 (1st Cir. 2004).

Second, and even assuming adequate allegations of causation, appellant cannot demonstrate that the appellees' supposed predicate acts constituted a pattern. Rather, from appellant's own description of his claims, it is plain that he has alleged, at most, "a _single_ scheme to accomplish _one_ discrete goal, directed at _one_ individual with no potential to extend to other persons or entities." See Sil-Flo, Inc. v. SFHC, Inc., 917 F.2d 1507, 1516 (10th Cir. 1990) (internal quotation marks and citation omitted; emphasis added). See also Efron v. Embassy Suites (Puerto Rico), Inc., 223 F.3d 12, 19 (1st Cir. 2000) ("[o]ur own precedent firmly rejects RICO liability where the alleged racketeering acts, taken together, comprise a _single effort_ to facilitate a _single_ . . . _endeavor_") (internal punctuation and citations omitted; emphasis added).

Finally, appellant was not entitled to an opportunity to conduct discovery since he failed to specify any discoverable information that was in the exclusive control of the appellees and that could cure the defects in his complaint. See New England Data Services, Inc. v. Becher, 829 F.2d 286, 290-91 (1st Cir. 1987).

Summarily affirmed. See Local Rule 27.0(c).

                              By the Court:

                              Richard Cushing Donovan, Clerk.

**Certified and Issued as Mandate under Fed. R. App. P. 41.**

**Richard Cushing Donovan, Clerk**

*[signature]*

**Deputy Clerk**

Date: 7/3/7

                              JULIE GREGG

                              By: _____
                                  Operations Manager.

[cc: Phillip Lacefield, Richard J. McCarthy, Esq.,
     Paul Killeen, Esq., Tara J. Myslinski, Esq.,
     Francis J. Sally, Esq., John Miller, Esq.]

