IN THE ~~UNITED~~ STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

PHILLIP LACEFIELD,

    Plaintiff,

V.                              CIVIL ACTION NO. 05-11581-RCL

LEASECOMM, et al.,

    Defendants.

PLAINTIFF'S RESPONSE AND OPPOSITION TO DEFENDANTS
LEASECOMM'S AND CIT GROUP'S AND OTHER DEFENDANTS'
MOTIONS TO STRIKE PLAINTIFF'S AMENDED COMPLAINT

Comes now Plaintiff PHILLIP LACEFIELD, Pro Se, and responds to and opposes the Defendants' Motion to Strike his Amended Complaint, and would state and show in support the following, with incorporated Memorandum of Law in Support:

    1.  Plaintiff has already twice now requested leave to amend his Original Complaint, filed on July 22, 2005. See said Original Complaint, page 34, ¶ 126. See also Plaintiff's Amended Complaint, page 9, ¶ 16, both Complaints of Plaintiff hereby incorporated by reference the same as if they were both fully set out herein.

    2.  The <u>right</u> to serve an amended pleading <u>once</u> as of course is common. 4 Mont. Rev. Codes Ann. (1935) § 9186; 1 Ore. Code Ann. (1930) § 1-904; 1 S.C. Code (Michie, 1932) § 493; English Rules Under the Judicature Act (The Annual Practice, 1937) O.28, r 2. Provision for amendment of pleading

1

before trial, by leave of court, is in almost every code. If there is no statute the power of the court to grant leave is said to be inherent. Clark, Code Pleading (1928) pp. 498, 509. <u>See</u> Fed. R. Civ. P. 15, History; Ancillary Laws and Directives, Note to Subdivision (a). Therefore, Plaintiff has the <u>right</u> to file <u>and</u> serve his Amended Complaint upon all of the Defendants.

    3. Pursuant to Note to Subdivision (b), <u>see</u> supra, an amendment may be allowed "at any time in furtherance of justice." Compare to former Equity Rule 19 (Amendments Generally) and code provisions which allow an amendment "at any time in furtherance of justice," e.g., Ark. Civ. Code (Crawford, 1934) § 155; and which allow an amendment of pleadings to conform to the evidence, where the adverse party has not been misled and prejudiced, e.g., N.M. Stat. Ann. (Courtright, 1929) §§ 105-601, 105-602. Plaintiff's instant Amended Complaint should be allowed at this time because, inter alia, it is in furtherance of justice; it conforms to the evidence, <u>see</u> Exhibits A, B, C, and D, attached to Plaintiff's Amended Complaint; and none of the Defendants have been misled or prejudiced. See also <u>Benjamin v. Grosnick</u>, 999 F.2d 590, 595 (1st Cir. 1993), in which the First Circuit has decided:

> At any time in its discretion and upon such terms as it deems just, the court may allow any process or proof of service thereof to be amended, unless it clearly appears that material prejudice would result to the substantial rights of the party against whom the process issued.

None of the Defendants will be prejudiced in any way whatsoever by Plaintiff's Amended Complaint. <u>See</u> supra.

2

4.  And, Mass. G.L. c. 231, § 51 also supports the Plaintiff and his Amended Complaint. See e.g. Marshall v. Mulrenin, 508 F.2d 39, 41 (1st Cir. 1974), which quotes Mass. G.L. c. 231, § 51 as follows:

> The court may, at any time before final judgment, except as otherwise provided, allow amendments... changing the form of the action, and may allow any other amendment in matter or form or substance in any process, pleading or proceeding, which may enable the plaintiff to sustain the action for the cause for which it was intended to be brought...

Judgment is not yet final in this case, because Plaintiff has not received final judgment from the United States Supreme Court in his future Petition for Writ of Certiorari. Therefore, this Honorable district court now has current subject matter jurisdiction over this case (before it goes to the U.S. Supreme Court for Certiorari review), and Plaintiff's Amended Complaint will enable him to sustain the action for the cause for which it was intended to be brought.

5.  Plaintiff's Amended Complaint has merit and it states claims upon which relief should be granted by this Honorable Court.

6.  For these and other reasons this Honorable Court may find just, it is only right that this Court grant the Plaintiff leave to Amend his Complaint as already filed on August 10, 2007.

7.  WHEREFORE, ALL PREMISES CONSIDERED, Plaintiff Phillip Lacefield prays this Honorable Court will deny the Defendants' Motions to Strike his Amended Complaint, and will instead Order all Defendants to Answer his Amended Complaint.

Respectfully submitted,

*Phillip Lacefield*
———————————————
Phillip Lacefield, Pro Se
for Plaintiff PHILLIP LACEFIELD
P.O. Box 3000
Forrest City, Arkansas 72336-3000
870/630-6000

Dated:   August 23, 2007
         Forrest City, Arkansas

## CERTIFICATE OF SERVICE

I, Phillip Lacefield, Pro Se, hereby certify that a true and correct copy of the foregoing

   PLAINTIFF'S RESPONSE AND OPPOSITION TO DEFENDANTS
   LEASECOMM'S AND CIT GROUP'S AND OTHER DEFENDANTS'
   MOTIONS TO STRIKE PLAINTIFF'S AMENDED COMPLAINT

concerning Civil Action No. 05-11581-RCL, has been <u>filed</u>, delivered, and served, via U.S. Mail, first-class postage prepaid, deposited in the Legal Mail Mailroom, located at FCC Forrest City, Forrest City, Arkansas 72335, to the following persons and addresses:

   Attorneys of Record for all Defendants,

THIS, the <u>23rd</u> Day of August, 2007.

*Phillip Lacefield*
———————————————
Phillip Lacefield, Pro Se