UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PHILLIP LACEFIELD, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> LEASECOM, A.K.A. LEASECOM ) <br> CORPORATION and WWW. ) <br> LEASECOM.COM; CIT GROUP, A.K.A. ) <br> NEWCOURT FINANCIAL, LEASE ) <br> FINANCE GROUP, and WWW.CIT.COM, ) <br> WREG-TV, INC., A.K.A. WREG- ) <br> CHANNEL 3 and WWW.WREG. COM; ) <br> WORLDNOW, A.K.A. WWW. ) <br> WORLDNOW.COM; ANDY WISE, ) <br> A.K.A. STEVEN ANDREW WISE;  THE ) <br> NEW YORK TIMES, A.K.A. THE NEW ) <br> YORK TIMES COMPANY and ) <br> WWW.NYT.COM; ) <br> ) <br> Defendants. ) | **CIVIL NO. 05-11581 RCL** |

**MEMORANDUM IN SUPPORT OF WREG-TV, WORLDNOW,
ANDY WISE, AND THE NEW YORK TIMES'
MOTION TO STRIKE PLAINTIFF'S AMENDED COMPLAINT**

Defendants WREG-TV ("WREG-TV"), Gannaway Web Holdings LLC d/b/a WorldNow ("WorldNow"), Steven Andrew Wise ("Mr. Wise") and The New York Times Company ("The New York Times") (collectively "Defendants") submit this Memorandum of Law in Support of its Motion to Strike the Amended Complaint.  As reasons therefore, Defendants state that Mr. Lacefield's "Amended Complaint" should be stricken in its entirety because the case terminated upon the judgment of the Court of Appeals for the First Circuit, which affirmed this Court's judgment of dismissal, and Lacefield neither moved for relief from the Court's judgment

1

pursuant to Fed. R. Civ. P. 60(b), nor obtained leave of court to file the Amended Complaint as required by Fed. R. Civ. P. 15(a).[1]

Lacefield instituted this action on July 8, 2005 against Defendants, CIT Group Inc., and Leasecomm Corporation (collectively "Co-defendants"), alleging violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1962(c) and (d). Co-defendants moved to dismiss Lacefield's complaint.[2] The Court granted Co-defendants' motion to dismiss on May 11, 2006, concluding that the Court lacked jurisdiction over Lacefield's claims because essentially he sought review of his criminal conviction in another district. In addition, the Court concluded that the Complaint failed to state a claim because it did not set forth facts satisfying the elements of RICO claims against Co-defendants and did not plead fraud with particularity. The Court entered judgment in favor of Co-defendants and dismissed the action on May 15, 2006. On May 26, 2006, Lacefield filed a notice of appeal. Thereafter, Lacefield filed a motion for reconsideration, to set aside the judgment, and to file an amended complaint. The Court denied Lacefield's motion on the basis that the Court was without jurisdiction to grant the relief sought because Lacefield already had filed a notice of appeal.

On appeal to the Court of Appeals for the First Circuit, Lacefield argued that the Court improperly dismissed his complaint and improperly denied his motion to amend it. On June 11, 2007, the Court of Appeals summarily affirmed the Court's judgment because Lacefield is unable to demonstrate that the alleged RICO activity is the proximate cause of the injury of which he complains and further, because he cannot establish that Co-defendants' alleged conduct constituted a pattern. See Ex. A to Motion to Strike. The Court of Appeals also rejected

---

[1] Each of the other defendants in this action, apparently having received service of the "Amended Complaint" earlier, has already moved to strike Lacefield's latest pleading. Defendants WREG-TV, WorldNow, Mr. Wise, and The New York Times Company join and reiterate the arguments of their co-defendants.
[2] Defendants filed a motion to dismiss the complaint on September 29, 2006.

Lacefield's argument that he was entitled to an opportunity to conduct discovery so as to cure the defects in his complaint. Lacefield served Defendants with the Amended Complaint on September 4, 2007. See Ex. B to Motion to Strike.

Lacefield's action was dismissed more than one year ago and the judgment was affirmed on appeal. "Where, as here, a complaint is dismissed without leave to amend, the plaintiff can appeal the judgment, or alternatively, seek leave to amend under Rule 15(a) after having the judgment reopened under either Rule 59 or 60." Acevedo-Villalobos v. Hernandez, 22 F.3d 384, 389 (1st Cir. 1994). Because Lacefield chose to pursue an appeal, he may not now seek to amend the complaint after the Court of Appeals affirmed the judgment and terminated the case. Moreover, if Lacefield could seek leave to amend the complaint notwithstanding the decision of the Court of Appeals, Lacefield may not do so without first moving for relief from the judgment pursuant to Rule 60(b). See Acevedo-Villalobos, 22 F.3d at 389; Ondis v. Barrows, 538 F.2d 904, 909 (1st Cir. 1941); see also 6 Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1489, at 692-93 (1990) ("[O]nce judgment is entered the filing of an amendment cannot be allowed until the judgment is set aside or vacated under Rule 59 or 60."). Lacefield has neither moved for such relief nor sought leave from the Court to amend the complaint. Therefore, Lacefield's "Amended Complaint" was wrongfully filed and should be stricken.

## Conclusion

Accordingly, for each of the above stated reasons, the above referenced Defendants respectfully request that the Court strike Lacefield's "Amended Complaint" in its entirety.

> WREG-TV, WORLDNOW, ANDY WISE,
> AND THE NEW YORK TIMES COMPANY
>
> By their attorneys,
>
> /s/ John Miller
> Francis J. Sally, Esq. (BBO No. 439100)
> John Miller, Esq. (BBO No. 567563)
> SALLY & FITCH LLP
> One Beacon Street, 16th Floor
> Boston, Massachusetts  02108
> Telephone: (617) 542-5542

Dated: September 12, 2007

LOCAL RULE 7.1 CERTIFICATION

I, John Miller, hereby certify that I have been unable to confer with the Plaintiff regarding this Motion to Strike because he is in custody at the Federal Correctional Center in Forest City, Arkansas.

/s/ John Miller

CERTIFICATE OF SERVICE

I, John Miller, certify that I caused a copy of this document to be served on the Plaintiff by first class mail and on counsel for all other parties electronically through the ECF system on September 12, 2007.

/s/ John Miller