# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PHILLIP LACEFIELD,<br><br>               Plaintiff,<br>v.<br><br>LEASECOM, A.K.A. LEASECOM CORPORATION and WWW. LEASECOM.COM; CIT GROUP, A.K.A. NEWCOURT FINANCIAL, LEASE FINANCE GROUP, and WWW.CIT.COM, WREG-TV, INC., A.K.A. WREG-CHANNEL 3 and WWW.WREG. COM; WORLDNOW, A.K.A. WWW. WORLDNOW.COM; ANDY WISE, A.K.A. STEVEN ANDREW WISE; THE NEW YORK TIMES, A.K.A. THE NEW YORK TIMES COMPANY and WWW.NYT.COM;<br><br>               Defendants. | CIVIL NO. 05-11581 RCL |

### OPPOSITION OF WREG-TV, WORLDNOW, ANDY WISE, AND THE NEW YORK TIMES TO PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT

For the reasons set forth below, the motion for relief from judgment filed by the plaintiff Phillip Lacefield ("Mr. Lacefield") has no merit whatsoever, is frivolous, and should be denied.

### PROCEDURAL BACKGROUND

In his Complaint, Mr. Lacefield alleged that the above referenced defendants had all somehow engaged in a RICO conspiracy that resulted in the entry of a "bogus judgment" against him in a criminal matter in another jurisdiction (for which Mr. Lacefield remains incarcerated).[1] See Complaint ¶ 14. This Court dismissed the plaintiffs' Complaint for failure to state a claim and for lack of jurisdiction (over the underlying foreign criminal conviction) and entered

---
[1] *United States v. Philip Lacefield*, 02-20051-01-Ma and 02-20203-01-MA, W.D. Tenn.

1

judgment in favor of all defendants on May 15, 2006. Mr. Lacefield moved for reconsideration and this Court denied that motion. Mr. Lacefield then appealed the dismissal. On June 11, 2007, the United States Court of Appeals for the First Circuit affirmed this Court's judgment of dismissal. Thereafter, Mr. Lacefield purported to file an amended complaint. This Court allowed the defendants' motion to strike that pleading. Now, nearly two years after this Court's judgment of dismissal, Mr. Lacefield's costly and vexatious campaign continues. He now seeks to have the judgment reopened on the purported grounds that he has "newly discovered evidence" that the defendants violated *copyright* laws by publishing news accounts about Mr. Lacefield using Lacefield's purportedly copyright protected name. For a host of procedural and substantive reasons – including the legal reality that one cannot receive copyright protection for his or her name -- Mr. Lacefield's "Motion for Relief From Judgment, Pursuant to Fed. R. Civ. P. 60(b)(2), Newly-Discovered Evidence, and Fed. R. Civ. P. 60(b)(6), in the Interest of Justice Justifying Relief" (the "Rule 60(b) Motion") must be denied.

## DISCUSSION

### A.   PLAINTIFF'S RULE 60(b) MOTION IS UNTIMELY

Motions brought pursuant to Rule 60(b)(2) that seek relief from a judgment due to alleged "newly discovered evidence", must be made "no more than a year after the entry of the judgment" from which the moving party seeks relief. Fed. R. Civ. P. 60(c). Notwithstanding that one-year window, *any* motion under Rule 60(b) "must be made within a reasonable time." Fed. R. Civ. P. 60(c). Under either standard, the present motion is untimely and should be denied on that basis alone.

The one-year time limit to file a motion to vacate a judgment runs from the date the judgment was entered in the district court; it does not run from the date of an appellate decision reviewing that judgment, nor does the pendency of an appeal toll the one-year period. The Tool Box, Inc. v. Ogden City Corp., 419 F.3d. 1084, 1089 (10th Cir. 2005).

Because the entire thrust of Mr. Lacefield's motion is that he has "newly discovered evidence," and any such motion must have been presented before May 15, 2007 (which is one year from this Court's judgment dismissing the Complaint), the present motion is not timely and must be denied.

**B. THE COURT SHOULD NOT SET ASIDE A JUDGMENT BASED ON "NEWLY DISCOVERED EVIDENCE" THAT IS ENTIRELY IRRELEVANT TO THE PLAINTIFF'S CLAIMS AND WHICH CAME INTO EXISTENCE AFTER THE JUDGEMENT**

The "newly discovered evidence" that Mr. Lacefield offers in support of his motion to set aside this Court's judgment is that the defendants used Mr. Lacefield's name in news accounts and thereby allegedly violated copyright laws. Even if that evidence could support a cognizable legal claim (which it plainly cannot – see section "C" below), the evidence is not at all relevant to the RICO claims in the underlying Complaint. This Court should not set aside its judgment based on evidence relating to a new legal claim that was never articulated in the underlying Complaint.

Moreover, it is settled law in the First Circuit that to support a motion under Rule 60(b)(2), the allegedly newly discovered evidence must have been in existence before the judgment. See e.g. Rivera v. M/T Fosarina, 840 F.2d 152, 156 (1st Cir. 1988). Here, Mr. Lacefield contends that the newly discovered evidence was published on May 18, 2007 and on July 13, 2007. See Rule 60(b) Motion, p. 4. Because the judgment in the instant case was issued

3

in May of 2006, the purportedly "newly discovered evidence" is "evidence" that came into existence <u>after</u> the court's judgment.  As such the evidence is "not newly discovered evidence within the meaning of the rules."  <u>Id.</u> citing <u>Corex Corp. v. United States</u>, 638 F.2d 119, 121 (9th Cir.1981).  Accordingly, Mr. Lacefield's motion must be denied on that basis as well.

### C. PLAINTIFF'S NAME IS NOT ENTITLED TO COPYRIGHT PROTECTION

Finally, Mr. Lacefield's motion also necessarily fails because, as a legal matter, the alleged use of his name by these defendants cannot amount to a copyright violation.  Prisoners have frequently attempted this copyright ploy, making fraudulent UCC filings in connection with alleged copyright violations in order to harass government officials and others.  <u>See</u> e.g. <u>Williams v. Mich. Dept. of Corrections</u>, 2008 WL 607408, *4 – 6, slip copy, (W.D.Mich. Feb. 29, 2008); <u>Hudson v. Caruso</u>, 2007 WL 2363308 (W.D.Mich. Aug.16, 2007) (collecting similar cases).  Mr. Lacefield's present motion and purported copyright claims (supported by "evidence" of UCC filings) falls squarely within this same tradition, and should be rejected as the vexatious and utterly frivolous action that it is.

Clearly, there is no legal basis for Mr. Lacefield's new claim.  In order for a plaintiff to prevail on a claim for copyright infringement – a claim which was never asserted in this case -- , "Plaintiff must establish both:  (1) that it possesses a valid copyright and (2) that Defendants 'copied' protectable elements of the copyrighted work."  <u>Country Kids 'N City Slicks, Inc. v. Sheen</u>, 77 F.3d 1280, 1284 (10th Cir.1996).

In general, copyright protection does not extend to "[w]ords and short phrases such as names, titles, and slogans;  familiar symbols or designs;  [and] mere variation of typographic orientation, lettering, or coloring." 37 C.F.R. § 202.1; <u>see</u>, e.g., <u>Arvelo v. American Int'l Ins. Co.</u>,

4

875 F.Supp. 95, 100, 101 (D.P.R.), aff'd, 66 F.3d 306, 1995 WL 561530 (1st Cir.1995) (holding that two words in copyrighted advertising campaign did not receive full protection, were not a substantial portion of the advertising campaign, and could not be protected once removed from the advertising campaign's context); see also Fisher v. United Feature Syndicate, Inc., 37 F. Supp.2d. 1213, 1219 (D. Colo. 1999).

It is a basic proposition of copyright law that mere words and short phrases, even if they occur in a copyrighted work, do not themselves enjoy protection against copying. Arvelo v. American Intern. Ins. Co., 66 F.3d 306 (1st Cir. 1995), citing Arica Institute, Inc. v. Palmer, 970 F.2d 1067, 1072-73 (2d Cir.1992) (single words and short phrases in copyrighted text not copyrightable); Magic Marketing, Inc. v. Mailing Servs. of Pittsburgh, Inc., 634 F.Supp. 769, 771-72 (W.D.Pa.1986) (noting that even "colorful descriptions, such as advertising slogans, are not accorded copyright protection"). The non-copyrightability of *titles* in particular has been authoritatively established. See generally 1 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 2.16, at 185-86 (1995 ed.) ("It is clear, as a matter of statutory construction by the courts (as well as Copyright Office Regulations), that titles may not claim statutory copyright."(footnotes omitted)). The Copyright Office's own interpretive regulations explicitly embrace the rule of non-copyrightability for names and titles. See 37 C.F.R. § 202.1(a) (1994) (listing as an example of non-copyrightable material: "Words and short phrases such as names, titles, and slogans").

Of course, under the First Amendment, and the familiar doctrine of fair use, the defendants would be permitted to use Mr. Lacefield's name in their truthful news reports even if that name were entitled to copyright protection.

## CONCLUSION

For each of the above reasons, Mr. Lacefield's Rule 60(b) Motion must be denied.

                                              WREG-TV, WORLDNOW, ANDY WISE,
AND THE NEW YORK TIMES COMPANY

By their attorneys,

/s/ John Miller
Francis J. Sally, Esq. (BBO No. 439100)
John Miller, Esq. (BBO No. 567563)
SALLY & FITCH LLP
One Beacon Street, 16th Floor
Boston, Massachusetts 02108
Telephone: (617) 542-5542

Dated: April 3, 2008

## CERTIFICATE OF SERVICE

I, John Miller, certify that I caused a copy of this document to be served on the Plaintiff by first class mail and on counsel for all other parties electronically through the ECF system on April 3, 2008.

/s/ John Miller