UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| PHILLIP LACEFIELD,<br>   Plaintiff,<br><br>v.<br><br>LEASECOMM, et al.,<br>   Defendants. | )<br>)<br>)<br>)<br>) Civil Action No. 1:05-cv-11581-RCL<br>)<br>)<br>)<br>) |

### DEFENDANT LEASECOMM CORPORATION'S OPPOSITION
### TO PLAINTIFF PHILIP LACEFIELD'S MOTION FOR RELIEF FROM JUDGMENT

#### I.     PRELIMINARY STATEMENT

Defendant Leasecomm Corporation ("Leasecomm"), pursuant to Local Rule 7.1, respectfully submits this Opposition to Plaintiff Philip Lacefield's ("Lacefield") Motion for Relief from Judgment, Pursuant to Fed. R. Civ. P. 60(b)(2), Newly - Discovered Evidence, and Fed. R. Civ. P. 60(b)(6), In the Interest of Justice Justifying Relief (the "Rule 60(b) Motion").

#### A.     Background

In February and May 2002, Lacefield was indicted for fraud, among other crimes, in *United States v. Philip Lacefield*, 02-20051-01-Ma and 02-20203-01-MA, W.D. Tenn. ("Tennessee Criminal Actions"). (Defendant Leasecomm's Motion to Dismiss, Ex. A, at 21, 41). On February 5, 2003, Lacefield was found guilty of several counts, charged in the Tennessee Criminal Actions indictment. (Id. at 12). The United States District Court for the Western District of Tennessee ("Western District of Tennessee") ordered Lacefield to pay over $300,000 in restitution to Leasecomm and sentenced Lacefield to serve 108 months in prison. (Id. at 13, 16). Plaintiff Lacefield is currently a federal prisoner at the Federal Correctional Complex in Forrest City, Arkansas. See Rule 60(b) Motion, at 10.

BOS 617886.1

### B. Prior Proceedings in this Case

Plaintiff Lacefield commenced this action in July 2005 with the filing of a complaint in the United States District Court for the District of Massachusetts against Leasecomm, and others, alleging RICO violations. This Court granted Defendants' Motions to Dismiss, and judgment dismissing the complaint was entered in May 2006.

Plaintiff Lacefield appealed this Court's dismissal of the complaint. The United States Court of Appeals for the First Circuit summarily affirmed the District Court's dismissal of the complaint, agreeing with the District Court that the complaint failed to state a claim upon which relief can be granted. The Court reasoned, first, that Plaintiff Lacefield cannot demonstrate that the alleged RICO activity was the proximate cause of the injury about which he complains, and, second, that Plaintiff Lacefield never demonstrated that the Defendants' supposed predicate acts constituted a pattern. Mandate issued, the case was remanded to the District Court, and the case closed.

In August 2007, Plaintiff Lacefield filed an Amended Complaint, which each of the Defendants' moved be stricken. In January 2008, this Court entered an Order granting Defendants' Motions to Strike because the case was terminated on the judgment of the Court of Appeals for the First Circuit, which affirmed the District Court's judgment of dismissal, and because the Plaintiff did not move for relief from judgment pursuant to Fed. R. Civ. P. 60(b).

### C. The Rule 60(b) Motion

Plaintiff Lacefield has now moved for relief from judgment pursuant to Fed. R. Civ. P. 60(b). The Rule 60(b) Motion asserts newly discovered evidence, which purportedly would be the basis for a criminal copyright infringement remedy under 17 U.S.C. Sections 101 et seq., namely, an undated Notice of Copyright of Plaintiff Lacefield's name: "Phillip Anthony

Lacefield", and UCC filings incorporating said notice, all of which are attached as Exhibit A to the Rule 60(b) Motion. In addition, Rule 60(b) Motion Exhibits B, C and D purport to be WREG-TV Memphis news items reporting on Plaintiff Lacefield's arrest, trial, and convictions with respect to charges of identity theft, forgery, money laundering, mail fraud, wire fraud and lying to bank officials and federal officers. Because they publish Plaintiff Lacefield's name these news items are alleged to infringe criminally upon his copyrighted property. While these purported media statements are undated, from the nature of their subject matter they appear to have first been published at or about the time of Mr. Lacefield's conviction, and sentencing, which would be well before the filing of the Complaint in the above-entitled action. In fact, the Rule 60(b) Motions avers that defendants "clearly infringed upon the Plaintiff's copyrighted property thousands of times (over forty times per day) over a time period of several years (from well-documented dates of at least 2004 – 2007) - - i.e., OVER 14,600 TIMES - - when they COPIED AND PUBLISHED his copyrighted property without his proper and agreed upon authorization...." Rule 60(b) Motion, at 5. These news stories are alleged to have remained on the Internet and, because they use Plaintiff Lacefield's name without permission, are alleged to be criminal copyright violations which are new predicate acts under RICO.

There is no evidence proffered that defendant Leasecomm published any of these statements.

BOS 617886.1

## II. ARGUMENT

### A. THE RULE 60(b) MOTION SHOULD BE DENIED BECAUSE THE PURPORTED "EVIDENCE" IS NOT NEWLY DISCOVERED

Plaintiff's newly discovered evidence is a combination of a Copyright Notice, which he signed and filed, presumably years ago, and the continued presence on the Internet of news stories referencing Lacefield's name, and thereby allegedly criminally infringing his copyright, that necessarily are years old, dating back to at least 2004. This evidence is information either known to Plaintiff, or that was publicly available and reasonably should have been known by Plaintiff, prior to the dismissal of the Complaint in 2007. While the copied versions of the news stories (Rule 60(b) Motion, Ex. B-D) bear dates 5/18/07 and 7/13/07, reflecting the dates that they were copied from the Internet, as the Rule 60(b) Motion avers, at page 8, these stories were published since 2004 "over 14,600 times and over a period of at least four (4) years." Rule 60(b) Motion, at 5. Therefore, there is no newly discovered evidence which would permit relief from judgment pursuant to Rule 60(b).[1]

### B. THE RULE 60(b) MOTION SHOULD BE DENIED BECAUSE THERE WAS NO TRIAL IN THIS CASE

F. R. Civ. R. 60(b)(2) permits the Court to relieve a party from a final judgment; order or proceeding by reason of "(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." In this case there was no trial; the complaint was dismissed without a trial pursuant to F. R. Civ. P. 12(b). So F. R. Civ. P. 60(b)(2) is inapplicable here, and does not permit the filing of the Rule 60(b) Motion.

---

[1] In any event, the Rule 60(b) Motion is untimely. Rule 60(b)(2) requires that a motion seeking relief from a judgment due to newly discovered evidence must be filed no more than one year after the entry of the judgment from which the moving party seeks relief. In this case more than one year has elapsed between March 2008 (when the Rule 60(b) Motion was filed) and May 2006 (when this Court's judgment dismissing the complaint was entered).

### C. THE RULE 60(b) MOTION SHOULD BE DENIED BECAUSE THE PURPORTED NEWLY DISCOVERED EVIDENCE CANNOT BE THE BASIS FOR A MERITORIOUS CLAIM

While F. R. Civ. P. 60(b) permits the Court to relieve a party from a final judgment, order or proceeding, a precondition of relief from a judgment is that the movant show that he has a meritorious claim. Cotto v. United States, 993 F. 2d 274, 280 (1st Cir. 1993); Local 59 v. Superline Transp. Co., 953 F. 2d. 17, 20 (1st Cir. 1992). The complaint was dismissed because it failed to state a claim upon which relief can be granted. The First Circuit stated in its judgment of summary dismissal, among other reasons, that Lacefield could not demonstrate that the alleged RICO activity was the proximate cause of the injury about which he complains, and that he could not demonstrate that the defendants' supposed predicate acts constituted a pattern. Plaintiff's purported new evidence does not affect either of these grounds for dismissal.

Plaintiff's alleged additional predicate act cannot withstand minimal scrutiny as a predicate act, nor would an additional predicate act affect in any way the District Court and the First Circuit's reasons for dismissing the complaint. Plaintiff Lacefield essentially asserts that the publication of news stories about his criminal investigation, trial, conviction and sentencing by a local news station constitute a violation of law because the stories include mention of his name, infringing upon the purported copyright of his name. Mr. Lacefield is wrong for at least two reasons: (1) the First Amendment to the United States Constitution protects news reporting of public events, New York Co. v. Sullivan, 376 U.S. 254, 269-270 (1964); and (2) to the extent that there is any applicable copyright or trademark protection, that protection is limited to the commercial exploitation of a trademarked name used in connection with goods[2] and cannot be

---

[2] Copyright protection extends to original works of authorship, but does not extend to a name. 17 U.S.C. § 102. So the premise of the Rule 60(b) Motion, namely, that Plaintiff's name constitutes property subject to copyright protection, is false. Rule 60(b) Motion, at 5-6. An alternative, trademark protection, does not, and cannot, exist here. Federal trademark protection requires an application and registration process which Plaintiff Lacefield does

- 5 -

the basis for limiting a news organization's First Amendment freedom of expression rights. If this were not the case, news stories mentioning any trademarked name (e.g., Xerox or Polaroid) could not be published without the prior permission of the trademark owner.

Further, the Rule 60(b) Motion contains no news stories or statements by Leasecomm, so there are no alleged factors that can be the foundation for an assertion that Leasecomm infringed upon any protected rights.

Therefore, even if Mr. Lacefield's "evidence" met the newly discovered standard of Rule 60(b), it does not present a meritorious claim.

### D. RULE 60(b)(6) RELIEF IS NOT AVAILABLE DUE TO PLAINTIFF'S FAILURE TO OBTAIN RELIEF UNDER RULE 60(b)(2) AND DUE TO THE ABSENCE OF EXTRAORDINARY CIRCUMSTANCES

F. R. Civ. P. 60(b)(6) permits the Court to relieve a party from a final judgment, order, or proceeding for "(6) any other reason that justified relief." But relief is not available under F. R. Civ. P. 60(b)(6) if the reason offered for relief from judgment could be considered under one of the more specific clauses of Rule 60(b)(1)-(5). Cotto v. United States, supra, 993 F. 2d at 277-278. Here, the movant is seeking relief under Rule 60(b)(2), asserting newly discovered evidence, and so is not eligible for relief under Rule 60(b)(6). In addition, the reasons advanced for relief under Rule 60(b)(6) must amount to extraordinary circumstances. 12 Moore's Federal Practice, § 60.48 [3] (Matthew Bender 3d ed. 2007). No such circumstances exist here where movant proffers as newly discovered evidence information that was available before entry of final judgment and that information, in any event, makes no difference either to movant's claim or to the final judgment of dismissal affirmed on appeal.

---

not allege here, and such protection is only available to a mark which no other person has the right to use in commerce in connection with goods (but not in connection with a person, as averred here). 15 U.S.C. § 1051.

BOS 617886.1

### III.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Relief from Judgment, Pursuant to Fed. R. Civ. P. 60(b)(2) Newly - Discovered Evidence, and Fed .R. Civ. P. 60(b)(6), In the Interest of Justice Justifying Relief, should be denied in all respects.

Respectfully Submitted,

LEASECOMM CORPORATION,
Defendant,

By its attorneys,

Dated: April 3, 2008

/s/ Richard J. McCarthy
Richard J. McCarthy (BBO #528600)
Edwards Angell Palmer & Dodge LLP
111 Huntington Avenue
Boston, MA 02199
(617) 951-2230

### CERTIFICATE OF SERVICE

I, Richard J. McCarthy, certify that I caused a copy of this document to be served on the Plaintiff by first class mail and on counsel for all other parties electronically through the ECF system on April 3, 2008.

/s/ Richard J. McCarthy

BOS 617886.1