UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PHILLIP LACEFIELD,<br><br>　　　　Plaintiff,<br><br>v.<br><br>LEASECOMM CORP., et al.,<br><br>　　　　Defendants. | Civil Action No. 1:05-CV-11581-RCL |

## DEFENDANT CIT GROUP INC.'S OPPOSITION TO THE PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT

Defendant CIT Group Inc. ("CIT") submits this Opposition to the Motion for Relief from Judgment filed by the plaintiff, Philip Lacefield ("Lacefield").

The relief Lacefield seeks is absolutely barred because he filed his motion nearly two years after the Court's judgment dismissing this action and therefore fails to satisfy the one-year requirement for claims under Rule 60(b)(2). The Motion for Relief from Judgment should be denied for the additional reason that the extraordinary relief of Rule 60 is unwarranted in this case as Lacefield could have discovered the evidence upon which he now relies prior to the Court's judgment and further, he cannot show that such evidence would change the outcome in this case. As a result, he cannot satisfy the requirements of Rule 60(b)(2) for newly discovered evidence. Finally, because Lacefield's claim is grounded entirely on his "newly discovered" evidence, Rule 60(b)(6) does not apply as that provision only may be the basis for relief where no other provision of Rule 60 applies. Accordingly, Lacefield's motion should be denied.

### I.　　PROCEDURAL HISTORY

Lacefield instituted this action on July 8, 2005 against CIT, Leasecomm Corporation, WREG-TV, Inc., Worldnow, Andy Wise and The New York Times Company (collectively, the

"Defendants"), alleging violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c) and § 1962(d) on the basis of various fraud offenses. Lacefield complained of injuries he allegedly sustained as the result of his criminal conviction in another jurisdiction and a court order pursuant to which he forfeited $300,000. The Defendants each moved to dismiss Lacefield's complaint. On May 11, 2006, the Court granted the Defendants' motions to dismiss, concluding that the Court lacked jurisdiction over Lacefield's claims because he essentially sought review of his criminal conviction in another district. In addition, the Court concluded that the Complaint failed to state a claim because it did not set forth facts satisfying the elements of RICO claims against the Defendants and it did not plead fraud with particularity. The Court entered judgment in favor of the Defendants and dismissed the action on May 15, 2006. On May 26, 2006, Lacefield filed a notice of appeal. Thereafter, Lacefield filed a motion for reconsideration, to set aside the judgment and to file an amended complaint. The Court denied Lacefield's motion on the basis that the Court was without jurisdiction to grant the relief sought because Lacefield already had filed a notice of appeal.

On June 11, 2007, the Court of Appeals summarily affirmed the Court's judgment because Lacefield is unable to demonstrate that the alleged RICO activity is the proximate cause of the injury of which he complains and further, because he cannot establish that the Defendants' alleged conduct constituted a pattern.

Thereafter, Lacefield filed an Amended Complaint on August 10, 2007. The Defendants each moved to strike the Amended Complaint and on January 22, 2008, the Court granted the Defendants' motions to strike on the basis that this case terminated upon the judgment of the Court of Appeals for the First Circuit, which affirmed the Court's judgment of dismissal and Lacefield had not moved for relief from the judgment pursuant to Fed. R. Civ. P. 60(b).

Lacefield now seeks such relief and moves for an order setting aside the Court's judgment on the basis of newly discovered evidence pursuant to Rule 60(b)(2) or, alternatively, in the interest of justice pursuant to Rule 60(b)(6). The newly discovered evidence upon which he relies is a series of news articles that allegedly were posted on the website of WREG-TV, Inc. and several documents that Lacefield contends establish that he has copyrighted his name.[1] The news articles discuss Lacefield's arrest and conviction for identity theft and other fraud and repeatedly use his name. Taken together, Lacefield claims that this evidence demonstrates that the Defendants have infringed his copyright and establish the Defendants' liability for copyright infringement and RICO.

## II.   ARGUMENT

"[R]elief under Rule 60(b) is extraordinary in nature and . . . motions invoking [this] rule should be granted sparingly." González-Piña v. Rodríguez, 407 F.3d 425, 433 (1st Cir. 2005). To warrant this exceptional relief, the moving party bears the burden of satisfying one of six enumerated grounds set forth in the rule and must demonstrate that the motion is filed timely. See Fed. R. Civ. P. 60(b) & (c).

### A.   Lacefield's Motion Is Absolutely Barred By The One-Year Limit For Requests For Relief Under Rule 60(b)(2).

A motion under Rule 60 is not timely unless it is filed within a reasonable time and, if the motion is based on newly discovered evidence, it must be filed no more than one year after the entry of judgment. Fed. R. Civ. P. 60(c); see also Cotto v. United States, 993 F.2d 274, 278 (1st Cir. 1993). These time limits seek "to balance the importance of finality against the desirability of resolving disputes on the merits." Cotto, 993 F.2d at 277.

---

[1] Notwithstanding Lacefield's insistence that he has a copyright for his name, there is no protection under the copyright laws for one's name. See 37 C.F.R. § 202.1 ("The following are examples of works not subject to copyright and applications for registration of such works cannot be entertained: (a) Words and short phrases such as names . . . ").

3

Lacefield argues that he is entitled to relief from the Court's judgment dismissing his action because he has newly discovered evidence that would change the result of this matter. Lacefield served his motion on March 17, 2008, nearly two years after the Court's judgment dismissing this action and more than ten months after the one-year period elapsed. This is an absolute bar to relief from the judgment. United States v. Marin, 720 F.2d 229, 231 (1st Cir. 1983) (judgment for relief was absolutely barred where it was made twenty-eight months after the judgment was entered). Although Lacefield asserts that his motion is timely because he made it within one year from the Court of Appeals' judgment affirming the Court's dismissal, the time limit set forth in Rule 60 runs from the date of the appellate decision only if the Court of Appeals "'substantially altered' the earlier judgment." Simon v. Navon, 116 F.3d 1, 3 (1st Cir. 1997); Charles Alan Wright, et al., 11 Federal Practice & Procedure § 2866 (2d ed. 1995) (the one-year limit runs from the date of the judgment in the district court; only where an appeal results in a substantive change in the judgment does the time run from the entry of a new judgment entered on mandate of the appellate court). In Simon, the court explained that the test for determining whether an appellate court substantially altered the district court judgment "is a practical one. The question is whether the . . . court . . . has disturbed or revised legal rights and obligations which, by [the] prior judgment, had been plainly and properly settled with finality." Simon, 116 F.3d at 4 (quoting FTC v. Minneapolis-Honeywell Regulator Co., 344 U.S. 206, 212, (1952) (addressing the timeliness of a petition for certiorari)).

Far from substantially altering the judgment in this case, the Court of Appeals summarily affirmed the Court's dismissal finding that Lacefield failed to state a claim under Fed. R. Civ. P. 12(b)(6). The fact that the Court of Appeals provided additional reasons to support the dismissal of Lacefield's action did not disturb or revise the legal rights or obligations of the parties. Rather, after the appeal, the parties stood in exactly the same position as they did after the

4

Court's original judgment issued on May 11, 2006. See id. at 5. Accordingly, Lacefield's claim for relief on the basis of newly discovered evidence is time-barred and should be denied on this basis alone.

> **B.   If Lacefield's Motion Was Timely, He Is Not Entitled To Relief Under Rule 60(b)(2) Because He Could Have Discovered The Evidence Upon Which He Relies Prior To The Court's Judgment And The Evidence Would Not Change The Judgment.**

If he had complied with the one-year time limit for claims under Rule 60(b)(2), Lacefield nonetheless would not be entitled to the extraordinary relief provided by the Rule because he cannot demonstrate either that his "newly discovered" evidence actually is "new" or that it would lead to a different result in this case.

Relief from a judgment on the basis of newly discovered evidence is not warranted unless the moving party proves that "(1) the evidence has been discovered since the trial; (2) the evidence could not by due diligence have been discovered earlier by the movant; (3) the evidence is not merely cumulative or impeaching; and (4) the evidence is of such a nature that it would probably change the result were a new trial to be granted." González-Piña, 407 F.3d at 433. Moreover, "[b]ecause Rule 60(b)(2) is aimed at correcting erroneous judgments based on the unobtainability of evidence, the burden is on the party presenting the new evidence to demonstrate that the missing evidence was 'of such a material and controlling nature as [would] probably [have] change[d] the outcome.'" Hoult v. Hoult, 57 F.3d 1, 6 (1st Cir. 1995).

Lacefield asserts that the "new" evidence he has discovered, consisting of several news articles from the website of WREG-TV, establishes the Defendants' RICO liability because the news articles reference him by name, thereby infringing on the alleged copyright he has for his name. Lacefield argues that he could not have discovered the news articles prior to the Court's judgment on May 11, 2006 because the news articles were not "published in [their] present

5

form" until May, 2007 and July, 2007, as evidenced by the dates on the copies he has submitted with his motion. See Motion for Relief from Judgment, Exs. B & D.

These news articles were not unobtainable; indeed, Lacefield could have obtained them long before the Court's judgment. As his own motion suggests, these news articles, and the Defendants' alleged copyright infringement, occurred "over a period of at least four (4) years." Motion for Relief from Judgment, at p. 8. Even if this four year period is measured through the present time, this statement indicates that these articles apparently were available sometime in 2004 — well before the Court's judgment dismissing the Complaint. In fact, Exhibit C to Lacefield's motion identifies a list of results for articles on the WREG-TV website that include the term "Lacefield." See Motion for Relief from Judgment, Ex. C. Each of the news articles that he has attached to his motion are listed and each of them has a notation indicating that they were "last modified" in 2004.[2] Accordingly, there is no basis for relief from the Court's judgment because Lacefield cannot demonstrate that by due diligence he could not have discovered these news articles earlier.

Moreover, the argument itself is baseless as there is no copyright protection for a person's name. Copyright protection extends to "original works of authorship." 17 U.S.C. § 102(a). Words and short phrases, such as Lacefield's name, are not subject to protection by copyright because they do not satisfy the minimal level of creativity and originality to warrant copyright protection. 37 C.F.R. § 102.1; CMM Cable Rep, Inc. v. Ocean Coast Properties, Inc., 97 F.3d 1504, 1519-20 (1st Cir. 1996). As such, there is no merit to Lacefield's assertion that the news articles at issue constitute copyright infringement or that they may serve as the basis for

---

[2] Specifically, the search results indicate that the news article entitled "Phil Lacefield" was last modified on August 2, 2004; the news article entitled "Bartlett ID Thief Sentenced to a Decade in Prison" was last modified on June 10, 2004; and the news article entitled "Classified Ads: Between the Lines" was last modified on March 5, 2004. See Motion for Relief from Judgment, Exhibit C.

a RICO claim and, accordingly, there is no probability that his "discovery" of the news articles would change the Court's judgment.

In any event, Lacefield's motion does not set forth any basis for liability with respect to CIT. Lacefield broadly argues that the "newly-discovered evidence shows and proves that all of the defendants willfully participated in the Copyright Infringement of the Plaintiff's copyrighted property." Motion for Relief from Judgment, at p. 3 (emphasis in original). He further, and erroneously, asserts that the website on which the allegedly infringing news articles were posted, www.wreg.com, is "owned and operated by the defendants." Id. at p. 2. CIT does not own or operate the WREG-TV, Inc. website, nor does it prepare or post articles on the WREG-TV, Inc. website. Thus, putting aside the fact that there is no copyright protection for one's name, there is no basis to assert a copyright infringement claim against CIT, no basis for a RICO claim on the basis of a copyright infringement claim and, therefore, no probability that the news articles upon which Lacefield's motion is based would change the result of this action.

### C.   Rule 60(b)(6) Is Not Applicable Because Lacefield's Request Depends Entirely Upon The Purportedly "New" Evidence.

Lacefield also claims that he is entitled to relief from the Court's judgment on the basis of Rule 60(b)(6), which permits relief from judgment "for any other reason justifying relief." Though it sounds all-encompassing, relief under subsection (6) is only appropriate where the other subsections of Rule 60(b) do not apply. Claremont Flock Corp. v. Alm, 281 F.3d 297, 299 (1st Cir. 2002); Cotto, 993 F.2d at 278.

Lacefield's motion relies entirely on the news articles that he argues constitute newly discovered evidence of the RICO claims asserted in the Complaint. As discussed above, this theory of relief, however unfounded, falls squarely within the parameters of subsection (2). Lacefield cannot circumvent the one-year bar to such a claim or the requirements for relief under subsection (2) by trying to dress up his "newly discovered" evidence theory as an exceptional

7

circumstance warranting relief under the subsection (6) catchall. See Cotto, 993 F.2d at 278 (rejecting the plaintiffs' attempt to "garb their motion in the raiment of clause (6)" because their argument essentially was a claim for excusable neglect under Rule 60(b)(1)).

Assuming Lacefield could show that this theory was in some way different from his newly discovered evidence argument, which CIT disputes, his request for relief would suffer from the same timeliness issues as his Rule 60(b)(2) theory. Although not specifically limited by the one-year bar of subsection (2), a motion pursuant to Rule 60(b)(6) must be made within a reasonable time. Fed. R. Civ. P. 60(c). What is reasonable may be more or less than one year depending on the circumstances, see Cotto, 993 F.2d at 280, but where Lacefield waited nearly two years from the Court's judgment, more than ten months from the date when he printed at least one of the news articles of which he complains, see Motion for Relief from Judgment, Ex. B (noting a date of May 18, 2007), and more than nine months from the Court of Appeals' judgment, there is no excuse for having waited until March 25, 2008 to file his motion. The Defendants' interest in the finality of the Court's judgment, and the Court of Appeals' judgment affirming it, far outweighs Lacefield's continuing campaign to harass the Defendants with one filing after another nearly two years after this action was dismissed.

Finally, in addition to being filed within a reasonable time, Lacefield must be able to show that he has a meritorious claim to warrant relief under Rule 60(b)(6). Cotto, 993 F.2d at 280. For the same reasons that he cannot satisfy his burden of showing that the allegedly infringing news articles would change the result of this action to support his Rule 60(b)(2) theory, he also fails to demonstrate that he has set forth a meritorious claim that warrants the extraordinary relief of Rule 60(b)(6).

## CONCLUSION

For the foregoing reasons, CIT respectfully requests that Lacefield's Motion for Relief from Judgment be denied.

                                                  CIT GROUP INC.

                                                  By its attorneys,

                                                  /s/ Elizabeth A. Mulcahy
                                                  Ralph T. Lepore, III (BBO No. 294420)
                                                  Elizabeth A. Mulcahy (BBO No. 663787)
                                                  HOLLAND & KNIGHT LLP
                                                  10 St. James Avenue
                                                  Boston, Massachusetts 02116
Dated: April 3, 2008                      Telephone: (617) 523-2700

## CERTIFICATE OF SERVICE

I, Elizabeth A. Mulcahy, certify that I caused a copy of this document to be served on the plaintiff by first class-mail and on counsel for all other parties electronically through the ECF system on April 3, 2008.

                                                  /s/ Elizabeth A. Mulcahy

# 5240209_v1